IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>                     Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>                     Defendant. | Civil Action No. 2:17-cv-00457<br><br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") (together, "Uniloc"), as and for their complaint against defendant, Apple Inc. ("Apple"), allege as follows:

### THE PARTIES

1.  Uniloc USA is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.  Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.  Uniloc Luxembourg is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.  Upon information and belief, Apple is a California corporation having a principal place of business in Cupertino, California and regular and established places of business at 2601

1

Preston Road, Frisco, Texas and 6121 West Park Boulevard, Plano, Texas. Apple offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in the judicial Eastern District of Texas. Apple may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4.  Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Apple is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in Texas and this judicial district.

6.  Apple is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and soliciting business in Frisco and Plano, Texas and/or (C) engaging in persistent conduct and deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,092,671)

7.  Uniloc incorporates paragraphs 1-6 above by reference.

8.  Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,092,671 ("the '671 Patent"), entitled METHOD AND SYSTEM FOR WIRELESSLY AUTODIALING A TELEPHONE NUMBER FROM A RECORD STORED ON A PERSONAL INFORMATION

DEVICE that issued on August 15, 2006.  A true and correct copy of the '671 Patent is attached as Exhibit A hereto.

9. Uniloc USA is the exclusive licensee of the '671 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10. Apple makes, uses and sells computing devices such as iPhones and iPads.

11. iPhones and iPads incorporate one or more wireless communication ports and have the capability of transmitting wirelessly between such devices via Wi-Fi and Bluetooth.

12. iPads incorporate software that allows for a display of stored contact telephone numbers on the iPad screen.

13. iPads incorporate software that causes an iPad, in response to a user's selection, to transfer a telephone number wirelessly to a nearby iPhone which dials the selected number.

14. Apple has directly infringed, and continues to directly infringe one or more claims of the '671 Patent in the United States during the pendency of the '671 Patent, including at least claims 1-11 and 13-31 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale and/or selling, *inter alia*, software and devices such as iPhones and iPads that operate as described above.

15. In addition, should use of the accused software and devices be found to not literally infringe the asserted claims of the '671 Patent, use of the iPads and iPhones as described in this Count would nevertheless infringe the asserted claims of the '671 Patent.  More specifically, iPads and iPhones perform substantially the same function (remote autodialing), in substantially the same way (via wireless direction of an iPhone by an iPad), to yield substantially the same result (a

call requested on an iPad and made by an iPhone). Apple would thus be liable for direct infringement under the doctrine of equivalents.

16.   Apple has indirectly infringed and continues to indirectly infringe at least claims 1-11 and 13-31 of the '203 Patent in the United States by, among other things, actively inducing the using, offering for sale and/or selling iPads and iPhones having the functionality described in this Count. Apple's customers who use such devices in accordance with Apple's instructions directly infringe claims 1-11 and 13-31 of the '671 Patent in violation of 35 U.S.C. § 271. Apple directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.apple.com
- https://support.apple.com
- https://appleid.apple.com
- https://itunes.apple.com
- www.youtube.com

Apple is thereby liable for infringement of the '671 Patent under 35 U.S.C. § 271(b).

17.   Apple has indirectly infringed and continues to indirectly infringe at least claims 1-11 and 13-31 of the '671 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using iPads and iPhones to make telephone calls as described above, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be

especially made or especially adapted for use in infringing the '671 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

18.     For example, the software in iPads and iPhones that allows their operation as described in this Count is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process.  Furthermore, the software is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Apple is, therefore, liable for infringement under 35 U.S.C. § 271(c).

19.     Apple will have been on notice of the '671 Patent since, at the latest, the service of this complaint upon Apple.  By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1-11 and 13-31 of the '671 Patent.

20.     Apple may have infringed the '671 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the accused software and devices.  Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

21.     Uniloc has been damaged by Apple's infringement of the '671 Patent.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Apple as follows:

(A)     declaring that Apple has infringed the '671 Patent;

(B)     awarding Uniloc its damages suffered as a result of Apple's infringement of the '671 Patent;

(C)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)     granting Uniloc such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: May 26, 2017                                        Respectfully submitted,

*/s/ Edward R. Nelson III*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: pjhayes@princelobel.com
Email: jjfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com
Email: dmcgonagle@princelobel.com


Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300

Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**