UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al., | ) |
| | ) |
| Plaintiff(s), | ) Case No. 3:18-cv-00358-WHA |
| | ) Case No. 3:18-cv-00359-WHA |
| | ) Case No. 3:18-cv-00360-WHA |
| | ) Case No. 3:18-cv-00363-WHA |
| vs. | ) Case No. 3:18-cv-00365-WHA |
| | ) Case No. 3:18-cv-00572-WHA |
| APPLE INC., | ) |
| Defendant(s). | ) **JOINT CASE MANAGEMENT** |
| | ) **STATEMENT & [PROPOSED] ORDER** |
| | ) |
| | ) |
| | ) |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

All six above-captioned actions are patent infringement cases under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367. An earlier case against Logitech, Inc. ("Logitech"), Case No. 3:17-cv-06733-WHA, was previously filed in this District. The cases against Apple Inc. ("Apple")

were collectively transferred into this District from the Eastern District of Texas pursuant to a motion brought by Defendant Apple Inc. ("Apple"). The Apple cases were transferred to this Court's docket pursuant to this Court's March 1, 2018, Related Case Order. *See* Case No. 3:17-cv-06733, Dkt. No. 23. The above-captioned cases—along with the earlier case involving Logitech—were deemed related, but not consolidated. There remain no disputes regarding jurisdiction and venue.

The parties are not aware of any other parties that remain to be served.

The parties propose a deadline of May 31, 2018, as the deadline to serve additional parties.

2. <u>Facts</u>
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

### A. ***Plaintiffs' Statement***

To date, in Case No. 3:18-cv-00358, Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc") allege that Apple infringes U.S. Patent No. 6,661,203 ("the '203 patent"), by way of at least Apple smartphones (e.g., iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4s, iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone SE, and iPhone X) running iOS 6 or later, Apple tablets (e.g., iPad 9.7, iPad Air 2, iPad mini 2, iPad Pro 10.5, iPad mini 4, iPad Air, iPad Pro 9.7, iPad Pro 12.9, iPad mini Wi-Fi, iPad 2 Wi-Fi + 3G, iPad 4 Wi-Fi + Cellular, iPad mini 3, iPad 3 Wi-Fi, iPad mini Wi-Fi + Cellular, iPad Pro 12.9, iPad 3 Wi-Fi + Cellular, iPad 4 Wi-Fi, iPad 2 Wi-Fi, iPad Wi-Fi + 3G, iPad Wi-Fi, and iPad 2 CDMA) running iOS 6 or later, Apple portable media players (e.g., iPod Touch 4th Generation or later) running iOS 6 or later, and Apple smartwatches (e.g., Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3 or later) running watchOS 1 or later.

2

To date, in Case No. 3:18-cv-00359, Uniloc alleges that Apple infringes U.S. Patent No. 6,580,422 ("the '422 patent"), by way of at least Apple mobile devices (e.g., iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4 CDMA, iPhone 4s, iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone SE, and iPhone X running iOS 4.2 or later; iPad 9.7, iPad Air 2, iPad mini 2, iPad Pro 10.5, iPad mini 4, iPad Air, iPad Pro 9.7, iPad Pro 12.9, iPad mini Wi-Fi, iPad 2 Wi-Fi + 3G, iPad 4 Wi-Fi + Cellular, iPad mini 3, iPad 3 Wi-Fi, iPad mini Wi-Fi + Cellular, iPad Pro 12.9, iPad 3 Wi-Fi + Cellular, iPad 4 Wi-Fi, iPad 2 Wi-Fi, iPad Wi-Fi + 3G, iPad Wi-Fi, and iPad 2 CDMA running iOS 4.2 or later; iPod Touch 6th Generation running iOS 4.2 or later; and MacBook, MacBook (Retina), MacBook Air, or MacBook Pro laptops, running macOS X 10.8 or newer) and the Apple TV (2nd generation or later).

To date, in Case No. 3:18-cv-00360, Uniloc alleges that Apple infringes U.S. Patent No. 7,092,671 ("the '671 patent"), by way of at least Apple smartphones (e.g., iPhone 4s, iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone SE, and iPhone X) running iOS 5 or later, paired with Apple tablets (e.g., iPad 9.7, iPad Air 2, iPad mini 2, iPad Pro 10.5, iPad mini 4, iPad Air, iPad Pro 9.7, iPad Pro 12.9, iPad mini Wi-Fi, iPad 2 Wi-Fi + 3G, iPad 4 Wi-Fi + Cellular, iPad mini 3, iPad 3 Wi-Fi, iPad mini Wi-Fi + Cellular, iPad Pro 12.9, iPad 3 Wi-Fi + Cellular, iPad 4 Wi-Fi, iPad 2 Wi-Fi, iPad Wi-Fi + 3G, iPad Wi-Fi, and iPad 2 CDMA) running iOS 5 or later; Apple portable media players (e.g., iPod Touch 4th Generation or later) running iOS 5 or later; and Apple smart watches (e.g., Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3) running watchOS 1 or later.

To date, in Case No. 3:18-cv-00363, Uniloc alleges that Apple infringes U.S. Patent No. 6,622,018 ("the '018 patent"), by way of at least Apple smartphones (e.g., iPhone 4 [not paired

with Apple AirPods], iPhone 4s [not paired with Apple AirPods], iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone SE, and iPhone X) running iOS 7 or later or running iOS 10 or later if paired with Apple AirPods; Apple tablets (e.g., iPad 2, iPad 3rd Gen, iPad 4th Gen, iPad Air, iPad mini, iPad 9.7, iPad Air 2, iPad mini 2, iPad Pro 10.5, iPad mini 4, iPad Pro 9.7, iPad Pro 12.9, iPad mini 3, and iPad Pro 12.9 running iOS 7 or later or running iOS 10 or later if paired with Apple AirPods; Apple portable media players (e.g., iPod Touch 5th Gen running iOS 7 or later or iPod Touch 6th Gen running iOS 10 or later if paired with Apple AirPods; Apple Watches (e.g., Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3) running watchOS 3 or later; and Apple Mac computers (e.g., MacBook, MacBook Air, MacBook Pro, iMac, iMac Pro, Mac Pro, Mac mini) running OS X Mountain Lion v10.8 or later with the Apple TV (2nd Generation or later) with the AirPlay application.

To date, in Case No. 3:18-cv-00365, Uniloc alleges that Apple infringes U.S. Patent No. 6,216,158 ("the '158 patent"), by way of at least Apple mobile devices (e.g., iPhone 4s, iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone SE, and iPhone X running iOS 9.3.2 or later; iPad 9.7, iPad Air 2, iPad mini 2, iPad Pro 10.5, iPad mini 4, iPad Air, iPad Pro 9.7, iPad Pro 12.9, iPad mini Wi-Fi, iPad 2 Wi-Fi + 3G, iPad 4 Wi-Fi + Cellular, iPad mini 3, iPad 3 Wi-Fi, iPad mini Wi-Fi + Cellular, iPad Pro 12.9, iPad 3 Wi-Fi + Cellular, iPad 4 Wi-Fi, iPad 2 Wi-Fi, iPad Wi-Fi + 3G, iPad Wi-Fi, and iPad 2 CDMA running iOS 9.3.2 or later; and iPod Touch 5th generation and iPod Touch 6th generation running iOS 9.3.2 or later) and the Apple TV (e.g., Apple TV 2nd generation running Apple TV software 6.2.1 or later, Apple TV 3rd generation running Apple TV software 7.2.1 or later, and Apple TV 4th generation running tvOS 9.2.1 or later).

4

To date, in Case No. 3:18-cv-00572, Uniloc alleges that Apple infringes U.S. Patent No. 6,161,134 ("the '134 patent"), by way of Apple tablets (e.g., iPad 9.7, iPad Air 2, iPad mini 2, iPad Pro 10.5, iPad mini 4, iPad Air, iPad Pro 9.7, iPad Pro 12.9, iPad mini Wi-Fi, iPad 2 Wi-Fi + 3G, iPad 4 Wi-Fi + Cellular, iPad mini 3, iPad 3 Wi-Fi, iPad mini Wi-Fi + Cellular, iPad Pro 12.9, iPad 3 Wi-Fi + Cellular, iPad 4 Wi-Fi, iPad 2 Wi-Fi, iPad Wi-Fi + 3G, iPad Wi-Fi, and iPad 2 CDMA) running iOS 9 or later; Apple portable media players (e.g., iPod Touch 5th Generation or later) running iOS 9 or later; Apple Mac computers (e.g., MacBook, MacBook Air, MacBook Pro, iMac, Mac mini) running OS X El Capitan or later; and Apple smart watches (e.g., Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3) running watchOS 1 or later, paired with Apple smartphones (e.g., iPhone 4s, iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone SE, and iPhone X) running iOS 8 or later.  Uniloc also alleges that Apple infringes U.S. Patent No. 6,446,127 ("the '127 patent"), by way of at least Apple tablets (e.g., iPad 9.7, iPad Air 2, iPad mini 2, iPad Pro 10.5, iPad mini 4, iPad Air, iPad Pro 9.7, iPad Pro 12.9, iPad mini Wi-Fi, iPad 2 Wi-Fi + 3G, iPad 4 Wi-Fi + Cellular, iPad mini 3, iPad 3 Wi-Fi, iPad mini Wi-Fi + Cellular, iPad Pro 12.9, iPad 3 Wi-Fi + Cellular, iPad 4 Wi-Fi, iPad 2 Wi-Fi, iPad Wi-Fi + 3G, iPad Wi-Fi, and iPad 2 CDMA) running iOS 8 or later; Apple portable media players (e.g., iPod Touch 5th Generation or later) running iOS 8 or later; Apple Mac computers (e.g., MacBook, MacBook Air, MacBook Pro, iMac, Mac mini) running OS X El Capitan or later; and Apple smart watches (e.g., Apple Watch, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3) running watchOS 1 or later, paired with Apple smartphones (e.g., iPhone 4s, iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone SE, and iPhone X) running iOS 8 or later.

**B.** ***Defendant Apple Inc.'s Statement***

5

The six cases at issue here involve seven patents, two of which are related, that originated with eighteen named inventors, and were originally assigned to Hewlett-Packard or 3Com.  Uniloc first filed these cases in the Eastern District of Texas, before Judge Rodney Gilstrap.  After permitting Apple to take venue discovery, and upon Apple's motion, Judge Gilstrap transferred these cases to this District in January 2018.  Judge Gilstrap found that Uniloc had made "contradictory representations" that the Court found "troubling, particularly because they are not isolated exceptions."  Shortly thereafter, Uniloc moved the Joint Panel for Multidistrict Litigation to transfer the cases from this Court to the Northern District of Texas for pretrial purposes.  The JPML denied that motion on April 5.  The lists of accused products found in Plaintiffs' Statement are not an accurate list of products Uniloc accused in its infringement contentions or complaints; Plaintiffs include above products that have not been previously accused in its pleadings.

Apple believes that the principal factual issues in dispute will relate to (a) the non-infringement of the patents in suit; (b) the invalidity of the asserted claims, including how the supposed "inventions" were anticipated by or obvious over the prior art; and (c) whether Uniloc conducted a reasonable pre-filing investigation and whether it has or had a good-faith basis for bringing or maintaining its claims against Apple.

3.  <u>Legal Issues</u>
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

    **A.**    ***Plaintiffs' Statement***

        Uniloc alleges that the above-identified products infringe one or more claims of the above-identified patents.

    **B.**    ***Defendant Apple Inc.'s Statement***

Apple asserts that the disputed points of law include:

- The proper construction of the asserted claims of the patents in suit;

- Whether Apple is liable for infringement of the patents in suit pursuant to 35 U.S.C.§§ 271(a) and (b);

- Whether the asserted claims of the patents in suit are directed to unpatentable abstract ideas under 35 U.S.C. § 101;

- Whether the asserted claims of the patents in suit are invalid and/or unenforceable under one or more of 35 U.S.C.§§ 102, 103, and/or 112;

- Whether Uniloc's claims are barred or limited based on any affirmative defense;

- The amount of damages and other monetary relief, if any, for which Apple is liable, assuming liability is proven, including costs, reasonable attorneys' fees, and interest; and

- Whether Apple is entitled to its costs, disbursements, and reasonable attorneys' fees incurred in this action.

*4.* Motions
*All prior and pending motions, their current status, and any anticipated motions.*

### A. ***Defendant Apple Inc.'s Statement***

Apple has filed a Motion to Dismiss in Case 3:18-cv-00359-WHA, which alleges that Uniloc's complaint in that action does not state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6), because it alleges that Apple uses a technology that the patent states is different than what is claimed. Apple has also filed a Motion for a Judgement on the Pleadings (12(c)) in Case 3:18-cv-00358-WHA, which alleges that the claims of U.S. Patent No. 6,661,203 are directed to abstract ideas and therefore unpatentable under 35 U.S.C. § 101. Both motions are fully briefed and set for hearing in this Court on April 26, 2018. Apple anticipates filing motions to stay some or all of the above-captioned cases pending *inter partes* review of the patents-in-suit, filing additional 12(c) motions, and filing motions for summary judgment in some or all cases, as the Court may permit.

*5.* Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

### A. **_Plaintiffs' Statement_**

The time for the parties to amend, without leave of court, has passed.  *See* Case No. 18-cv-00362, Dkt. No. 42.

### B. **_Defendant Apple Inc.'s Statement_**

Apple does not agree that the time for the parties to amend pleadings has passed, as this Court has not set such a date.  Further, this Court's Standing Order regarding Contents of Joint Case Management Statement directs the parties to provide "a proposed deadline for amending the pleadings."  Apple proposes that this date be set two months after the CMC: June 26, 2018.

*6.* Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and are in the process of agreeing to an ESI Order.  Apple anticipates that the ESI Order may seek to modify certain default rules of this Court, including this Court's standing order on e-mail discovery.

7. Disclosures
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

Uniloc and Apple have exchanged initial disclosures.

*8.* Discovery
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The above-captioned cases against Apple were consolidated by the Eastern District of Texas with three other patent cases brought by Uniloc against Apple on other, unrelated patents.

In the context of that single, consolidated action, the parties agreed to a single Discovery Order. *See* Case No. 18-00362, Dkt. No. 62. Although the other three cases were also transferred to this Court, they were separately transferred to the docket of Judge Hamilton. That said, Uniloc and Apple believe that the limits of the existing Discovery Order should still be applicable across the cases to which it originally applied.

### A. *Plaintiff's Statement*

Limited discovery has taken place to date. Uniloc requested the depositions of ten Apple employees identified by Apple as having knowledge in Apple's Initial Disclosures. In particular, Uniloc offered to take any of their depositions, in any order selected by Apple, during any of five weeks in June and July 2018, provided Apple reasonably groups these witnesses by topic (technical and damages-related) to avoid excessive and overlapping cross-country trips for Uniloc's counsel.

Apple produced some source code for its products, for review on a standalone computer. That production was intended to encompass not just code relevant to these six actions, but also code relevant to the four other actions between Uniloc and Apple pending in this District. The code was not presorted by action or patent. Uniloc discovered, upon initial review, that large sections of the code were not present on the computer, and requested missing code be produced. When Apple refused, counsel for the parties conferred, but did not reach agreement. After discussion between the parties, as to which of the three judges presiding over the Uniloc-Apple actions should first be approached to resolve this dispute, Uniloc filed a motion to compel with Judge Hamilton in 4:18-cv-00362-PJH, who then referred the motion to Magistrate Judge Beeler. On April 19, the parties filed with Judge Beeler a joint letter brief addressing this issue.

### B. *Defendant Apple Inc.'s Statement*

Apple agrees that the Discovery Order entered by the Eastern District of Texas (2:17-cv-00470-JRG, Dkt. No. 49) should continue to govern discovery limits in all cases in which the Order originally applied. Apple has produced documents, including documents relating to the sales and operation of the accused products and documents that relate to prior art. Further, Apple has made the source code for the accused functionalities available for Uniloc's inspection.

Uniloc's description of Apple's source code production to date is not accurate. Apple's prior productions of source code related only to the functionalities at issue in four other cases between the parties that are pending in this District. These prior productions do not include code relevant to the six actions related before this Court, nor did the parties intend for them to include such code. Apple recently made code available for inspections in these six actions, which Uniloc has yet to inspect. Uniloc has not raised previously any disputes regarding source code in these six related actions.

In discovery, Apple will seek discovery related to at least the following issues:

- The Asserted Patents, including ownership, licensing, inventorship, conception, and reduction to practice of the alleged inventions claimed in the Asserted Patents;

- The filing and prosecution of the applications for the Asserted Patents (and any related U.S. patents and any foreign counterpart or related foreign patent);

- Any inequitable conduct that may have occurred relating to the Asserted Patents;

- Defense to claims based on the Asserted Patents (e.g., non-infringement, invalidity, unenforceability, etc.), including any alleged prior art to the Asserted Patents and the applicant's knowledge, awareness, or possession of the same;

- Information relating to potential damages, including any attempted licensing or other attempts at monetization relating to the Asserted Patents, and any unmarked patented articles;

- Whether Uniloc has or had a good-faith basis for alleging that Apple infringes the Asserted Patents, including its pre-suit investigation;

- Uniloc's acquisition of the Asserted Patents; and

- Alternatives to the alleged inventions claimed in the Asserted Patents.

*9.* Class Actions
*If a class action, a proposal for how and when the class will be certified.*

   Not applicable.

*10.* Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

   Uniloc asserted the '134 patent in the following cases:

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. LG Electronics U.S.A., Inc., LG Electronics Mobilecomm U.S.A., Inc. and LG Electronics, Inc.*, No. 4:17-cv-00826-O (N.D. Tex.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Motorola Mobility, LLC*, No. 1:17-cv-01658-GMS (D. Del.).

   Uniloc asserted the '158 patent in the following cases:

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. LG Electronics U.S.A., Inc., LG Electronics Mobilecomm U.S.A., Inc. and LG Electronics, Inc.*, No. 4:17-cv-00827-O (N.D. Tex.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Exclusive Group LLC d/b/a Binatone North America*, No. 1:17-cv-03962-SEB-MJD (S. D. Ind.).

   Uniloc asserted the '422 patent in the following cases:

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. LG Electronics U.S.A., Inc., LG Electronics Mobilecomm U.S.A., Inc. and LG Electronics, Inc.*, No. 4:17-cv-00858-O (N.D. Tex.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. HTC America, Inc.*, No. 2:17-cv-01562-RAJ (W.D. Wash.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Huawei Device USA, Inc. and Huawei Device Co. Ltd.*, No. 2:17-cv-00714-JRG-RSP (E.D. Tex.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Motorola Mobility, LLC*, No. 1:17-cv-01527-JFB-SRF (D. Del.).

Uniloc asserted the '018 patent in the following cases:

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Logitech, Inc. and Logitech Europe, S.A.*, No. 3:17-cv-06733-WHA (N.D. Cal.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. LG Electronics U.S.A., Inc., LG Electronics Mobilecomm U.S.A., Inc. and LG Electronics, Inc.*, No. 4:17-cv-00825-O (N.D. Tex.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. HTC America, Inc.*, No. 2:17-cv-01558-JLR (W.D. Wash.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Huawei Device USA, Inc. and Huawei Device Co. Ltd.*, No. 2:17-cv-00707-JRG-RSP (E.D. Tex.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Motorola Mobility, LLC*, No. 1:17-cv-01657-GMS (D. Del.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Peel Technologies, Inc.*, No. 1:17-cv-01552-GMS (D. Del.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Wink Labs, Inc.*, No. 1:17-cv-01656-GMS (D. Del.).

Uniloc asserted the '203 patent in the following cases:

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. LG Electronics U.S.A., Inc., LG Electronics Mobilecomm U.S.A., Inc. and LG Electronics, Inc.*, No. 4:17-cv-00828-O (N.D. Tex.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. HTC America, Inc.*, No. 2:17-cv-01561-RAJ (W.D. Wash.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Huawei Device USA, Inc. and Huawei Device Co. Ltd.*, No. 2:17-cv-00722-JRG-RSP (E.D. Tex.).

- *Uniloc, USA, Inc. and Uniloc Luxembourg, S.A., v. Motorola Mobility, LLC*, No. 1:17-cv-01526-JFB-SRF (D. Del.).

Apple has filed petitions for *inter partes* review as follows:

- IPR2018-00523 for U.S. Patent No. 6,661,203

- IPR2018-00282 for U.S. Patent No. 7,092,671

- IPR2018-00394, 00395 for U.S. Patent No. 6,622,018

- IPR2018-00420 for U.S. Patent No. 6,161,134

- IPR2018-00456 for U.S. Patent No. 6,446,127

- IPR2018-00361 for U.S. Patent No. 6,216,158

In addition, Unified Patents has filed petition IPR2018-00199 for *inter partes* review of U.S. Patent No. 7,092,671.

*11.* Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**A.** ***Plaintiff's Statement***

Uniloc seeks damages for patent infringement of at least a reasonable royalty in an amount to be determined.

**B.** ***Defendant Apple Inc.'s Statement***

Apple seeks an award of reasonable attorneys' fees, costs, and expenses, and any other relief as the Court may deem just and proper. It is not possible for Apple to provide a calculation of these damages at this time, as the attorneys' fees, costs, and expenses will continue to accrue until the case is resolved.

*12.* Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

**A.** ***Plaintiffs' Statement***

The parties originally agreed to mediate this matter before The Honorable Edward Infante (Ret.) on February 5, 2018. On January 11, 2018, Apple requested a change at the last minute due to the schedule of its in-house counsel, to which Uniloc agreed. The mediation was rescheduled

for April 11, 2018. But, on March 20, 2018, Apple unilaterally withdrew from the mediation. Given Apple's repeated withdrawal from mediations—and the fact that these cases were filed nearly a year ago—Uniloc believes that the mediation should happen sooner, rather than later. Towards that end, Uniloc proposes to mediate all matters between Uniloc and Apple by June 6, 2018.

     **B.**     ***Defendant Apple Inc.'s Statement***

     In response to Plaintiffs' Statement above Apple notes that, after the present cases were voluntarily transferred to this Court, there was no mediation deadline in place. In the weeks leading to the previously scheduled mediation, Apple requested and Uniloc refused to provide to counsel and Apple the basic information needed for a productive mediation, such as damages contentions for the patents in these cases. Uniloc's actions demonstrated that mediation would not be productive. In response, Apple postponed the mediation until after the parties had the benefit of some guidance from this and other Courts regarding the merits of the claims, as well as from Inter Partes Review (IPR) proceedings. The Patent Trial and Appeal Board is set to issue decisions whether to institute those IPRs by dates ranging from June 12 to August 8, and Apple submits that mediation is more likely to position the parties to negotiate a resolution at least after those milestones.

*13.* Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*    ____ YES   __X__ NO

14. Other References
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

14

Uniloc believes this matter is suitable for reference to the Judicial Panel on Multidistrict Litigation. Towards that end, Uniloc moved to centralize all of the cases involving the asserted patents. However, the Panel denied Uniloc's motion. *See* Case No. 17-cv-06733, Dkt No. 32.

Apple does not believe the cases are suitable for reference to binding arbitration, a special master, or the Joint Panel on Multidistrict Litigation.

*15.* Narrowing of Issues
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Apple has filed a Motion to Dismiss (Rule 12(b)(6)) in Case 3:18-cv-00359-WHA, and a Motion for a Judgement on the Pleadings (12(c)) in Case 3:18-cv-00358-WHA. Both motions are fully briefed and set for hearing in this Court on April 26, 2018. Apple anticipates filing additional 12(c) motions in other cases and filing motions for summary judgment in all cases.

Apple also believes that, if permitted by the Court, limited early summary judgment motions as to several of the individual cases would also narrow the issues between the parties and facilitate the parties' discussions regarding the merits of their claims.

*16.* Expedited Trial Procedure
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

These cases are not appropriate for the expedited trial procedure.

*17.* Scheduling
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

**A.** ***Plaintiff's Statement***

Please see Attachment A for Uniloc's proposed schedule.

These cases were originally filed against Apple between May through August of 2017 in the Eastern District of Texas. As noted above, these cases were consolidated with other, unrelated cases. *See* Case No. 18-cv-00362, Dkt. No. 24. The parties negotiated a Docket Control Order, which the court entered on October 5, 2017. Pursuant to that Docket Control Order and the Patent Local Rules of the Eastern District of Texas, in each case:

- Uniloc served its Infringement Contentions pursuant to Patent Local Rule 3-1.

- Uniloc produced the documents enumerated by Patent Local Rule 3-2.

- The parties filed a Notice of Mediator, identified Retired Judge Infante.

- The deadline to join additional parties passed.

- The parties filed a Proposed Discovery Order, which the court issued.

- The parties filed a Proposed Protective Order, which the court issued.

- The parties exchanged Initial and Additional Disclosures.

- Apple served its Invalidity Contentions pursuant to Patent Local Rule 3-3.

- Apple produced the documents and (some of) the source code enumerated by Patent Local Rule 3-4.

- The parties exchanged proposed claim terms for construction.

Uniloc believes that the schedule in this Court should reflect the fact that this case has already gone through these important waypoints.

Uniloc proposes to track the above-captioned cases with the other cases against Apple that were transferred to this Court. And, in fact, Apple appears to agree with this concept—it wants all of the cases against it on the same schedule. However, Apple then proposes to slow down all ten of the cases against it back by nearly one year, in order to track them with the single, later-filed case against Logitech (on Judge Alsup's docket), because one of the patents—out of eleven total asserted against Apple—is also asserted against Logitech. This is neither reasonable nor sensible. Apple seeks to delay the three cases in front of this Court because one case against Apple in front

of Judge Alsup is related to a case in front of Judge Alsup that happens to be further behind than any of the cases against Apple:

| Defendant | Patent | Furthest Event |
|---|---|---|
| Apple | '203 patent (3:18-cv-00358-WHA)<br>'422 patent (3:18-cv-00359-WHA)<br>'671 patent (3:18-cv-00360-WHA)<br>'018 patent (3:18-cv-00363-WHA)<br>'158 patent (3:18-cv-00365-WHA)<br>'134 and '127 patents (3:18-cv-00572-WHA) | Exchanged claim terms to construe |
| Apple | '646 patent (4:18-cv-00361-PJH)<br>'556 patent (4:18-cv-00362-PJH)<br>'508, '723 and '902 patents (4:18-cv-00364-PJH) | Exchanged claim terms to construe |
| Logitech | '018 patent (3:17-cv-06733-WHA) | Answered complaint |

Apple suggests that Uniloc's proposed schedule "does not follow this Court's Patent Local Rules. The Local Rules require the exchange of infringement and invalidity contentions before the claim construction begins . . . ." This ignores the fact that the parties already exchanged contentions and began the claim construction process before these cases even appeared on this Court's docket. There is simply no good reason to reset the cases all the way back to the beginning.

To the extent the Court is concerned that this would leave Logitech by itself on a patent that will have already passed through claim construction, Uniloc suggests that the Court could track that one case against Apple, No. 3:18-cv-00363, with the Logitech case, while leaving the other five cases against Apple on the advanced schedule.

**B.** ***Defendant Apple Inc.'s Statement***

Uniloc's proposed schedule with respect to Apple neither follows this Court's Patent Local Rules nor matches the schedule that Uniloc has proposed for the related *Logitech* matter. The Local Rules require the exchange of infringement and invalidity contentions before the claim-construction process begins, to allow those contentions to narrow and inform the issues presented. Uniloc's schedule, in contrast, places invalidity contentions in the middle of claim construction. Apple proposes that the parties should follow the default schedule found in this Court's Local Patent Rules. Uniloc has proposed a similar schedule for Defendant Logitech in Case No. 3:17-cv-06733-WHA that is based on the Local Patent Rules' default schedule, and Apple proposes that all parties in these related cases be on the same schedule. Although Uniloc has provided infringement contentions while these cases were pending in the Eastern District of Texas, Uniloc has not provided contentions that comply with this Court's Patent Local Rules. Uniloc acknowledges this by including a due date for serving infringement contentions under Patent L.R. 3-1 in its proposed schedule. And while Uniloc states that the parties have already served disclosures under the Patent Local Rules in the Eastern District of Texas, Uniloc acknowledges that new deadlines are needed for this District's counterpart to those rules. Because Uniloc itself recognizes that the parties will need to comply with this District's Patent Local Rules, the schedule should follow those Rules and not seek to re-arrange the order of events previously established by those Rules, as Uniloc would propose. And based on Uniloc's listing of accused products above that are not found in its pleadings filed in Texas, it is clear that it is Uniloc – not Apple – that intends to relitigate these cases from the start. As such, it is appropriate for Apple to have the full opportunity afforded to it by the Patent Local rules to respond to Uniloc's expanded assertions.

Furthermore, Uniloc's proposal is inefficient. The *Logitech* matter (Case No. 3:17-cv-06733-WHA) involves one of the same patents as the Apple cases (U.S. Patent No. 6,622,018). Uniloc's current proposal would require (among other things) the Court to review separate sets of

*Markman* briefing on this patent at different times, and to hear dispositive motions on this patent several months apart.  In fact, Uniloc itself has, in its motion to relate the present cases before this Court, argued that the *Logitech* and *Apple* cases involving the '018 Patent were related.  Moreover, motions to transfer to this District were filed and remain pending by two other defendants who were sued by Uniloc for infringement of some of the same patents at issue here.  Uniloc has previously suggested that any new defendants would join its proposed *Logitech* schedule, but this only adds to the inefficiency Uniloc would create by having two different schedules in cases involving some of the same patents.

Apple proposals the following schedule:

| Event | Rule | Deadline Proposed by Apple <u>for All Parties</u> | Deadline Proposed by Uniloc <u>for only *Apple*</u> |
|---|---|---|---|
| Initial Case Management Conference | | April 26, 2018 | April 26, 2018 |
| Deadline for the Parties to Submit a Proposed Protective Order | | May 3, 2018 | May 3, 2018 |
| Deadline for the Parties to Submit a Proposed ESI Order | | May 3, 2018 | May 3, 2018 |
| Deadline for the Parties to Submit a Proposed Discovery Order | | May 3, 2018 | May 3, 2018 |
| Plaintiff's Disclosure of Asserted Claims and Infringement Contentions | Patent L.R.3-1 | May 10, 2018 (14 days after Initial CMC) | May 10, 2018 |
| Plaintiff's Production | Patent L.R. 3-2 | May 10, 2018 (14 days after Initial CMC) | May 10, 2018 |
| Last day for plaintiff to withdraw any asserted claims | | May 10, 2018 | |

| Event | Rule | Deadline Proposed by Apple for All Parties | Deadline Proposed by Uniloc for only *Apple* |
|---|---|---|---|
| Defendant's Invalidity Contentions | Patent L.R. 3-3 | June 25, 2018 (45 days after Patent L.R. 3-1 disclosures) | June 25, 2018 |
| Defendant's Production | Patent L.R. 3-4 | June 25, 2018 (45 days after Patent L.R. 3-1 disclosures) | June 24, 2018 |
| Exchange Proposed Claim Terms | Patent L.R. 4-1 | July 9, 2018 (14 days after L.R. 3-3) | May 17, 2018 |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2 | July 30, 2018 (21 days after L.R. 4-1) | May 24, 2018 |
| Damages Contentions | Patent L.R. 3-8 | August 13, 2018 (50 days after Patent L.R. 3-3 disclosures) | August 14, 2018 |
| Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 | August 23, 2018 (60 days after Patent L.R. 3-3 disclosures) | June 18, 2018 |
| Exchange Expert Declarations in Support of Claim Construction, if Any | Patent L.R. 4-3 | August 23, 2018 (60 days after Patent L.R. 3-3 disclosures) | June 18, 2018 |
| Responsive Damages Contentions | Patent L.R. 3-9 | September 12, 2018 (30 days after Patent L.R. 3-8 disclosures) | September 13, 2018 |
| Complete Claim Construction Discovery | Patent L.R. 4-4 | September 22, 2018 (30 days after Patent L.R. 4-3 Statement) | July 18, 2018 |
| Submit Opening Claim Construction Brief | Patent L.R. 4-5(a) | October 8, 2018 (45 days after Joint Claim Construction and Prehearing Statement) | August 2, 2018 |
| Submit Responsive Claim Construction Brief | Patent L.R. 4-5(b) | October 22, 2018 (14 days after Opening Claim Construction Brief) | August 16, 2018 |
| Submit Reply Claim Construction Brief | Patent L.R. 4-5(c) | October 29, 2018 (7 days after Responsive Claim Construction Brief) | August 23, 2018 |
| Submit Technology Tutorials (if any) | | October 29, 2018 | August 23, 2018 |

| Event | Rule | Deadline Proposed by Apple for All Parties | Deadline Proposed by Uniloc for only *Apple* |
|---|---|---|---|
| Claim Construction Hearing | Patent L.R. 4-6 | Apple understands that this Court typically does not schedule such a hearing. To the extent the Court decides that a claim construction hearing is appropriate, Apple proposes November 2018 | Within 14 days of the Reply Claim Construction Brief, subject to the court's convenience |
| Deadline to Disclose Advice of Counsel Defenses | Patent L.R. 3-7 | January 8, 2019 | 30 days after Claim Construction Ruling |
| Complete Fact Discovery | | February 4, 2019 | October 12, 2018 |
| Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof | | February 11, 2019 | October 19, 2018 |
| Serve Rebuttal Disclosures for Expert Witnesses | | March 11, 2019 | November 16, 2018 |
| Complete Expert Discovery | | April 1, 2019 | December 7, 2018 |
| File Dispositive Motions | | April 11, 2019 | December 14, 2018 |
| File Motions to Strike Expert Testimony | | April 11, 2019 | December 14, 2018 |
| Opposition to Dispositive Motions | | May 2, 2019 | January 7, 2019 |
| Opposition to Motions to Strike Expert Testimony | | May 2, 2019 | January 7, 2019 |
| Reply in Support of Dispositive Motions | | May 14, 2019 | January 14, 2019 |
| Reply in Support of Motions to Strike Expert Testimony | | May 14, 2019 | January 14, 2019 |
| Hearing on Dispositive Motions and Motions and | | At the Court's Convenience | At the Court's convenience |

| Event | Rule | Deadline Proposed by Apple for All Parties | Deadline Proposed by Uniloc for only Apple |
|-------|------|--------------------------------------------|---------------------------------------------|
| Motions to Strike Expert Testimony | | | |
| Serve Pretrial Disclosures (witness lists, deposition designations and exhibit lists) by the Party with the Burden of Proof | | June 6, 2019 | January 25, 2019 |
| Serve Objections to Pretrial Disclosures | | June 20, 2019 | February 8, 2019 |
| Serve Rebuttal Pretrial Disclosures | | June 20, 2019 | February 8, 2019 |
| File Motions in Limine | | June 27, 2019 | February 15, 2019 |
| Serve Objections to Rebuttal Pretrial Disclosures | | June 27, 2019 | February 15, 2019 |
| File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions in Limine, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations | | July 18, 2019 | March 1, 2019 |
| Final Pretrial Conference | | Summer 2019 | Early Spring 2019 |
| Trial | | Fall 2019 | Late Spring 2019 |

*18.* Trial
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

    **A.** *__Plaintiffs' Statement__*

       The cases will be separately tried to juries. Each trial is expected to last between five to eight days or, if tried together, between eight to ten days.

    **B.** *__Defendant Apple's Inc. Statement__*

22

Apple requests that these cases be tried by jury. Apple anticipates that each trial will last approximately five days of evidentiary presentation.

*19. Disclosure of Non-party Interested Entities or Persons*
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

**A.** ***Plaintiffs' Statement***

Fortress Credit Co. Ltd. has a security interest in the asserted patents.

**B.** ***Defendant Apple Inc.'s Statement***

Pursuant to Civil Local Rule 3-15 and Federal Rule 7.1, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report. Apple has no parent corporation and no publicly held corporation owns 10 percent or more of its stock.

*20. Professional Conduct*
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines.

*21. Other*
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Pursuant to Patent L.R. 2-1(b), the parties further address the following topics:

*(1) Proposed modification of the obligations or deadlines set forth in these Patent Local Rules to ensure that they are suitable for the circumstances of the particular case (see Patent L.R. 1-3);*

**A.** ***Plaintiff's Statement***

Uniloc and Apple served disclosures as required by the Patent Local Rules of the Eastern District of Texas. The requirements of the Eastern District of Texas are different from those in this

District, and so Uniloc proposes that the parties replace their earlier disclosures as appropriate on the dates identified in Attachment A, pursuant to the Patent Local Rules of this District.

### B.    *Defendant Apple Inc.'s Statement*

Uniloc has <u>not</u> provided disclosures that are compliant with this Court's Local Rules. Apple thus proposes that the parties serve their Patent Local Rules disclosures pursuant to the default dates found in those Rules. Apple proposes that all parties follow the same schedule according to the default schedule set in the Local Rules. Apple's proposed schedule is found above in Section 17(B).

*(2) The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the court) and damages discovery;*

### A.    *Plaintiff's Statement*

Uniloc proposes to follow the schedule found in Attachment A for all matters. Uniloc proposes that damages discovery take place in parallel with liability discovery.

### B.    *Defendant Apple Inc.'s Statement*

Apple proposes the schedule it provided in Section 17(B).

*(3) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing; and*

### A.    *Plaintiff's Statement*

Uniloc does not believe that live testimony will be needed for the claim construction hearing. If the Court holds a claim construction hearing, Uniloc proposes that the hearing take no more than a half-day.

### B.    *Defendant Apple Inc.'s Statement*

Apple understands that the Court generally does not hold claim construction hearings, but should the Court decide to hold such a hearing, Apple agrees that live testimony is unlikely to be required.

*(4) How the parties intend to educate the court on the technology at issue.*

**A.**   ***Plaintiff's Statement***

Uniloc proposes to provide a summary of the technology in the course of the first hearing at which the technology of the given patent(s) is relevant.

**B.**   ***Defendant Apple Inc.'s Statement***

Apple understands that the Court generally does not hold Claim Construction hearings. Unless the Court prefers otherwise, Apple proposes to provide a non-argumentative written or multimedia presentation to the Court describing the technology relevant to the patents-in-suit.

*(5) The parties shall provide the court with a non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates. If either party is unable to provide such information, that party shall explain why it cannot and what specific information is needed before it can do so. Such party shall also state the time by which it should be in a position to provide that estimate and explanation.*

**A.**   ***Plaintiff's Statement***

Uniloc has ten patent infringement litigations pending against Apple in this District, and nine in other districts. The accused products (iPhone, iPad, Apple Watch) are largely the same across all the actions, with some minor variations. Based upon the advice of licensing experts, if Apple and Uniloc were to negotiate a royalty (in the hypothetical negotiation the law posits) to license the patents involved in those actions, that royalty would approximate 70 cents per unit.

**B.**   ***Defendant Apple Inc.'s Statement***

Apple seeks an award of reasonable attorneys' fees, costs, and expenses, and any other relief as the Court may deem just and proper. It is not possible for Apple to provide a calculation of these damages at this time, as any attorneys' fees, costs, and expenses to which Apple is entitled will depend on future rulings of this Court and will continue to accrue until the case is resolved.

Dated:                     April 19, 2018

Counsel for plaintiffs

*/s/ Aaron S. Jacobs*
James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000


Dated:                     April 19, 2018

Counsel for defendant

*/s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice* to be filed)
Jennifer Greenblatt (*pro hac vice* to be filed)
Doug Winnard (CA Bar No. 275420)
Andrew J. Rima (*pro hac vice* to be filed)
Emma C. Neff, M.D., J.D. (*pro hac vice* to be filed)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eneff@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

**Attachment A: Proposed Schedule for the *Apple* cases**

| Event | Rule | Deadline |
|-------|------|----------|
| Initial Case Management Conference | | April 26, 2018 |
| Parties to Submit a Proposed Protective Order | | May 3, 2018 |
| Parties to Submit a Proposed ESI Order | | May 3, 2018 |
| Parties to Submit a Proposed Discovery Order | | May 3, 2018 |
| Parties to Serve Initial Disclosures | Fed. R. Civ. P. 26(a)(1) | May 10, 2018 |
| Plaintiff's Disclosure of Asserted Claims and Infringement Contentions | Patent L.R.3-1 | May 10, 2018 |
| Plaintiff's Production | Patent L.R. 3-2 | May 10, 2018 |
| Parties to Exchange Proposed Claim Terms | Patent L.R. 4-1 | May 17, 2018 |
| Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2 | May 24, 2018 |
| Parties to File Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 | June 18, 2018 |
| Parties to Exchange Expert Declarations in Support of Claim Construction, if Any | Patent L.R. 4-3 | June 18, 2018 |
| Defendant's Production | Patent L.R. 3-4 | June 24, 2018 |
| Defendant's Invalidity Contentions | Patent L.R. 3-3 | June 25, 2018 |
| Parties to Complete Claim Construction Discovery | Patent L.R. 4-4 | July 18, 2018 |
| Plaintiff to Submit Opening Claim Construction Brief | Patent L.R. 4-5(a) | August 2, 2018 |
| Damages Contentions | Patent L.R. 3-8 | August 14, 2018 |
| Defendant to Submit Responsive Claim Construction Brief | Patent L.R. 4-5(b) | August 16, 2018 |
| Plaintiff to Submit Reply Claim Construction Brief | Patent L.R. 4-5(c) | August 23, 2018 |

| Event | Rule | Deadline |
|-------|------|----------|
| Claim Construction Hearing | Patent L.R. 4-6 | By September 7, 2018, subject to the Court's convenience |
| Responsive Damages Contentions | Patent L.R. 3-9 | September 13, 2018 |
| Disclose Advice of Counsel Defenses | Patent L.R. 3-7 | 30 days after Claim Construction Ruling |
| Complete Fact Discovery | | October 12, 2018 |
| Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof | | October 19, 2018 |
| Serve Rebuttal Disclosures for Expert Witnesses | | November 16, 2018 |
| Complete Expert Discovery | | December 7, 2019 |
| File Dispositive Motions | | December 14, 2019 |
| File Motions to Strike Expert Testimony | | December 14, 2019 |
| Opposition to Dispositive Motions | | January 7, 2019 |
| Opposition to Motions to Strike Expert Testimony | | January 7, 2019 |
| Reply in Support of Dispositive Motions | | January 14, 2019 |
| Reply in Support of Motions to Strike Expert Testimony | | January 14, 2019 |
| Hearing on Dispositive Motions and Motions and Motions to Strike Expert Testimony | | At the Court's convenience |
| Serve Pretrial Disclosures (witness lists, deposition designations and exhibit lists) by the Party with the Burden of Proof | | January 25, 2019 |
| Serve Objections to Pretrial Disclosures | | February 8, 2019 |
| Serve Rebuttal Pretrial Disclosures | | February 8, 2019 |
| File Motions *in Limine* | | February 15, 2019 |
| Serve Objections to Rebuttal Pretrial Disclosures | | February 15, 2019 |
| File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions in | | March 1, 2019 |

| Event | Rule | Deadline |
|---|---|---|
| Limine, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations | | |
| Final Pretrial Conference | | Early Spring 2019 |
| Trial | | Late Spring 2019 |