IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC USA, INC.; and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | No. C 18-00360 WHA <br> No. C 18-00363 WHA <br> No. C 18-00365 WHA <br> No. C 18-00572 WHA <br><br> **ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** |

## INTRODUCTION

In this patent infringement action, defendant moves to strike patent owner's infringement contentions for failure to comply with Patent Local Rule 3-1. For the reasons stated below, defendant's motion to strike is **GRANTED**.

## STATEMENT

These patent disputes originated in the Eastern District of Texas in May 2017, when patent owner Uniloc filed the first two of multiple actions against defendant Apple. In August 2017, the Eastern District of Texas consolidated these actions. In January 2018, the cases were transferred to our district. Six of the cases against Apple were reassigned to the undersigned judge. Four of the cases, now related, are relevant for the purposes of this order.[1] These cases

---

[1] The case involving the '422 patent was dismissed on June 28, 2018 (Case No. 18-cv-00359-WHA, Dkt. No. 129).

involve the following patents: 7,092,671 ('671 patent); 6,662,018 ('018 patent); 6,161,134 ('134 patent); 6,446,127 ('127 patent); and 6,216,158 ('158 patent).

On May 10, 2018, Uniloc served its disclosures of asserted claims and infringement contentions and infringement charts on Apple pursuant to Patent Local Rule 3-1 (*see* Dkt. No. 81-2 ¶¶ 3–13).[2]

On May 23, 2018, Apple moved to strike Uniloc's infringement contentions and requested a partial stay of discovery. The motion was denied in part on May 30.[3] Apple argues that Uniloc's disclosures under PLR 3-1 are non-compliant. Specifically, Apple contends that Uniloc's infringement contentions violate PLR 3-1 by (1) offering boilerplate recitation of claim language, using improper cross-references, and mixing multiple different products and features into a single claim chart; (2) failing to identify the accused instrumentalities with specificity; (3) failing to adequately disclose Uniloc's indirect infringement theory; and (4) failing to adequately disclose Uniloc's doctrine of equivalents theory.

Uniloc opposes Apple's motion to strike, arguing that the infringement contentions for the '158, '671, and '134 patents were adequately disclosed.[4] Uniloc, however, effectively concedes that its disclosure for the '127 patent was deficient (Dkt. No. 104 at 10–11).

This order follows full briefing and oral argument.

**ANALYSIS**

**1.  CLAIM CHART DEFICIENCIES.**

"[A]ll courts agree that the degree of specificity under Local Rule 3–1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.' " *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). PLR 3-1(c) requires "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality,

---

[2] Docket numbers in this order refer to Case No. 18-cv-00360-WHA.

[3] Apple's request for partial stay of discovery was denied on May 30, 2018 (Dkt. No. 87).

[4] Uniloc no longer asserts the '018 patent against Apple (Dkt. No. 104 at 15).

2

including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function."

Apple moves to strike Uniloc's infringement contentions on all claims of the '127, '134, and '158 patents and claims 5, 6, 13, and 14 of the '671 patent. It argues that contentions for these claims are deficient by "offering only boilerplate recitation of the claim language, unexplained screenshots, and a brief statement about Apple's products" as well as "baseless cross-references" (Dkt. No. 81 at 4). This order agrees. Uniloc's infringement contentions "are largely comprised of generic marketing literature and screenshots of the type routinely rejected by courts in this District." *Finjan, Inc. v. Proofpoint, Inc.*, No. C 13–05808 HSG, 2015 WL 1517920, at *6 (N.D. Cal. Apr. 2, 2015) (Judge Haywood Gilliam, Jr.). Uniloc's infringement contentions are thus insufficient under PLR 3-1(c).

### A.     '158 Patent.

Apple argues that Uniloc's chart for the '158 patent is self-contradictory and thus failed to provide reasonable notice as to Uniloc's infringement theory (Dkt. No. 81 at 11). For example, Uniloc's chart stated for the claim 1 preamble that "Apple provides the App store for downloading *applications (services)* from Apple servers. These applications include Apple TV Remote app, iMovie, etc." (Dkt. No. 81-13 at 1) (emphasis added). This seemingly identified applications such as the Apple TV Remote app as the pertinent "service" Uniloc further repeatedly refered to the Apple TV Remote app as the "service" (*see, e.g.*, Dkt. No. 81-13 at 4, 6, 10). Uniloc next cryptically stated for the claim 1 preamble that "The Apple TV Remote app executing on the iPhone, controlling *the media content playback on Apple TV* from the iPhone" (Dkt. No. 81-13 at 2) (emphasis added). For the last step of claim 1, however, Uniloc then seemingly identified the Apple TV device (or the tvOS operating system) as the "service" (Dkt. No. 81-13 at 12).

Uniloc now argues that the pertinent exemplar "service" is not the Apple TV Remote app, which it now purports exemplified "the program code for controlling the service," but rather "the media content playback of Apple TV" (Dkt. No. 104 at 6). This flies in the face of

3

the above. As such, Uniloc's disclosure for the '158 patent did not readily put Apple on notice of Uniloc's infringement theories.

### B. '134 Patent.

Apple contends that for the '134 patent, Uniloc failed to show where and how the claims' limitations are found in the accused products. This order agrees. Uniloc counters that the four-minute video cited in the chart "explains in detail" how the accused product works (Dkt. No. 81-11 at 8–9). This misses the mark. The cited video, which explains how the accused feature operates at a high level, did not by itself specify where and how Uniloc believes the infringing elements lie in the accused products. "[D]irecting Defendant to a video, without describing the content of the video or explaining how the content of the video supports its infringement contention, is inadequate to satisfy Rule 3–1(c)." *GN Resound A/S v. Callpod, Inc.*, No. C 11–04673 SBA, 2013 WL 1190651, at *4 (N.D. Cal. Mar. 21, 2013) (Judge Saundra Armstrong).

### C. '671 Patent.

Apple argues that for claims 5, 6, 13 and 14 of the '671 patent, Uniloc improperly made bare-bones cross-references to other claims involving different limitations. This order agrees. For example, claim 5 includes a "management program" limitation. Yet Uniloc merely cross-references claim 5 to claim 3, which does not involve the "management program" limitation. Uniloc raises in its opposition that the limitation is met by the "Contacts" application on the iPad, which is referenced (in passing in a video) in claim 1, which claim 2 depends on, which in turn claim 3 depends on (Dkt. No. 104 at 8). Uniloc asserts this limitation "should have been perfectly clear" (*ibid.*) Far from it. PLR 3-1 demands more than this.

### 2. FAILING TO IDENTIFY THE ACCUSED INSTRUMENTALITIES WITH SPECIFICITY.

Apple contends that Uniloc failed to comply with PLR 3-1 by (1) improperly using a "representative" product to chart all accused products for each patent; (2) using open-ended language in its lists of accused products; and (3) offering inconsistent product identifications for certain patents (Dkt. No. 81 at 16–17).

4

*First*, PLR 3-1(c) does not necessarily require a separate claim chart for each accused product. "[R]epresentative infringement contentions may suffice" when "supported by adequate analysis showing that the accused products share the same critical characteristics." *Network Protection Sciences, LLC v. Fortinet, Inc.*, No. C 12–01106 WHA, 2013 WL 5402089, at *3 (N.D. Cal. Sept. 26, 2013). Here, however, Uniloc merely asserts in a footnote for each claim chart that the dozens of accused products "operate in substantially the same manner with respect to the accused functionality" (*see, e.g.*, Dkt. No. 81-4 at 1). This conclusory assertion is insufficient. "[I]n order to rely on a claim that one accused product represents another for purposes of Rule 3–1(c), a patentee must do more than state as much. A patentee must state *how*." *Silicon Labs. Inc. v. Cresta Tech. Corp.*, No. C 14–03227 PSG, 2015 WL 846679, at *2 (N.D. Cal. Feb. 25, 2015) (Judge Paul Grewal) (emphasis in original). Uniloc must explain *how* its laundry list of accused products operate in the same manner for infringement purposes.

*Second*, each of Uniloc's claim charts includes a section called "Accused Products," which contains a list of categorical products (such as "Apple tablets") followed by dozens of exemplar products ("e.g. iPad 9.7, iPad Air 2, . . . running on iOS 9 or later"). Apple argues that "Uniloc's broad categorical identifications and improper use of open-ended language ("e.g.") should be stricken, and Uniloc's allegations should be limited to the products specifically identified" (Dkt. No. 81 at 17). This order agrees.

Uniloc contends that the open-ended language is proper, as the list of accused products "will have to be updated to include later identified products, such as new Apple devices that are released after contentions are served" (Dkt. No. 104 at 12). Such use of strategic open-ended language is improper under PLR 3-1. Uniloc will be limited to the accused products actually listed in its infringement contentions. *See Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, No. 16–cv–06180 WHA, 2017 WL 2630088, at *4 (N.D. Cal. June 19, 2017). If Uniloc believes that products released by Apple in the future infringe, it may move for leave to amend its infringement contentions.

*Third*, Apple argues that certain infringement charts offer inconsistent product identifications. This order agrees (as does Uniloc, it seems) (*see* Dkt. No. 104 at 12). Taking

the '158 patent for example, Uniloc's cover statement identifies Apple's MacBook laptop models but not any Apple TV model (Dkt. No. 81-12 at 2). The corresponding claim chart, however, identifies Apple TV models but not any Apple MacBook model (*see generally* Dkt. No. 81-13). To comply with PLR 3-1(b), Uniloc must provide consistent product identifications.

### 3. GENERIC INDIRECT INFRINGEMENT THEORIES.

Apple argues that Uniloc gave only insufficient bare-bones recitation of indirect infringement under PLR 3-1(d), which requires disclosure for each claim "any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." Uniloc does not dispute this. Rather, Uniloc insists that its complaints, which Uniloc alleges describe Apple's acts of alleged indirect infringement in more detail, put Apple on adequate notice of its indirect infringement theory (Dkt. No. 104 at 12–13).

*First*, Uniloc failed to incorporate its complaints in its disclosures. What Apple allegedly knows from the complaints are irrelevant to the question of the sufficiency of Uniloc's infringement contentions. *See GeoVector Corp. v. Samsung Electronics Co. Ltd.*, No. C 16–02463 WHO, 2017 WL 76950, at *5, 7 (N.D. Cal. Jan. 9, 2017) (Judge William Orrick). *Second*, Uniloc's allegations of indirect infringement in the complaints are still deficient under PLR 3-1(d). The complaints include lists of websites — while most are generic (*e.g.* www.apple.com), a few are directed to Apple support for certain accused features (*see, e.g.*, Dkt. No. 24 at 4). Uniloc's indirect infringement allegations, however, are still insufficient. "[C]ourts in this District have upheld indirect infringement contentions so long as the plaintiff discloses sufficient information to set forth its theory of infringement, identifies a particular product line that was sold to customers, and contends that the indirect infringement occurs when the customer uses the technology." *Blue Spike, LLC v. Adobe Sys., Inc.*, No. C 14–01647 YGR(JSC), 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015) (Judge Jacqueline Corley). Here, Uniloc's contentions did not adequately disclose sufficient information to set forth its infringement theory, as explained above. Nor did Uniloc identify the particular product lines

6

Apple sold to customers that allegedly led to indirect infringement. PLR 3-1(d) requires more specificity.

### 4. DOCTRINE OF EQUIVALENTS PLACEHOLDER.

Apple further argues that Uniloc's infringement contentions did not adequately disclose the asserted theory of infringement under the doctrine of equivalents under PLR 3-1(e) (Dkt. No. 81 at 18). "It is improper to assert the doctrine of equivalents with generic 'placeholder' language on the hope that future discovery might support such an assertion." *Finjan, Inc. v. Proofpoint, Inc.*, No. C 13–05808 HSG, 2015 WL 1517920, at *10 (N.D. Cal. Apr. 2, 2015).

Uniloc's contentions merely stated that Uniloc "may . . . revise these contentions to identify an element as present under the doctrine of equivalents" based on the Court's claim construction or subsequent discovery (*see, e.g.*, Dkt. No. 81-5 at 3). Contrary to Uniloc's protests, this is clearly an impermissible placeholder. If future claim construction or discovery prompts a basis for a doctrine of equivalents claim, Uniloc may move to amend its infringement contentions.

### 5. PREJUDICE.

Apple argues that Uniloc's infringement contentions should be stricken with prejudice. Apple contends that it is prejudiced by Uniloc's non-compliant contentions particularly with respect to the '127 and '158 patents because Uniloc and Apple have chosen claims from those patents, respectively, for the early summary judgment motion procedure. Allowing Uniloc to amend its contentions and thus introduce new infringement theories and accused products well into, and potentially after, the early summary judgment procedure prejudices Apple.

Nevertheless, Apple is in its best position to know how its own products work and to explain why they do not infringe. Although knowing Uniloc's infringement theory would be of material assistance, that information is not essential if non-infringement is clear-cut. Again, Apple has long known how its own products work and has long been able to lay the claims alongside them and, using conventional claim construction, explain why they don't infringe. As such, Apple has exaggerated the degree of prejudice. Striking Uniloc's infringement contentions with prejudice is thus unwarranted, at least at this stage.

**CONCLUSION**

For the foregoing reasons, Apple's motion to strike is **GRANTED**. As stated at oral argument, Uniloc must serve amended infringement contentions as stated herein by **JULY 27 AT NOON**. Further leave to amend infringement contentions will not be granted (except to add, upon showing good cause, allegedly infringing newly released Apple products or a viable doctrine of equivalents claim). Uniloc must set forth its best infringement contentions.

**IT IS SO ORDERED.**

Dated: July 2, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE