IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNILOC USA, INC.; and UNILOC LUXEMBOURG, S.A.,

Plaintiffs,

v.

APPLE INC.,

Defendant.

No. C 18-00360 WHA
No. C 18-00363 WHA
No. C 18-00365 WHA
No. C 18-00572 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ENTRY OF PROTECTIVE ORDER**

## INTRODUCTION

In this patent infringement action, defendant moves to enter a protective order. The parties dispute over defendant's proposed patent acquisition and prosecution bar. For the reasons stated below, defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

These patent disputes originated in the Eastern District of Texas in May 2017, when plaintiff Uniloc filed the first two of multiple actions against Apple. In August 2017, the Eastern District of Texas consolidated these cases. In January 2018, the cases were transferred to our district. Six of the cases were reassigned to the undersigned judge. Four of the cases, now related, are relevant for the purposes of this order.[1]

---

[1] The case involving the '422 patent was dismissed on June 28, 2018 (Case No. 18-cv-00359-WHA, Dkt. No. 129).

While in Texas, the parties agreed on a protective order that applied to that set of cases. For administrative reasons, however, the parties filed the protective order only on the "lead" case's docket. When the cases were later transferred to our district, they were transferred individually.[2] As such, the protective order does not appear on the present cases' dockets (Dkt. No. 84 at 1).[3]

Apple now moves to enter the protective order in each docket. The parties agree that entry of the protective order is warranted. The parties, however, now wish to modify the previously-agreed protective order. Apple seeks to add a patent acquisition bar provision, which Uniloc opposes. Uniloc seeks to modify the previously-agreed patent prosecution bar, which Apple opposes (Dkt. Nos. 84 at 1, 89 at 1).

This order follows full briefing and oral argument.

## ANALYSIS

### 1. PATENT ACQUISITION BAR.

The parties dispute whether or not a patent acquisition bar should apply to Uniloc's counsel. Apple now seeks to include a patent acquisition bar provision, which would prohibit any of Uniloc's counsel who actually review Apple's highly sensitive technical material from participating in patent acquisitions relating to those materials' subject matter until one year after the case ends (Dkt. No. 84 at 1). Apple argues that while the original protective order protects against *intentional* misuse of Apple's confidential materials, it does not currently protect against "counsel's *subconscious* use of or reliance on those materials in advising Uniloc (or others) on patent acquisitions" (Dkt. No. 84 at 12). This order agrees.

Apple proposes the following provision:

> Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any of Defendant's materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE

---

[2] The former lead case was assigned to Judge Phyllis Hamilton (now No. 18-cv-00362-PJH).

[3] Docket numbers in this order refer to Case No. 18-cv-00360-WHA.

2

> TECHNICAL MATERIAL"), in accordance with this Order, shall not
> advise, counsel, participate, or assist in the acquisition of any patents or
> patent applications that (1) relate to the subject matter of the asserted
> patent in this case; or (2) relate to the subject matter of the HIGHLY
> SENSITIVE TECHNICAL MATERIAL that such individual reviewed.
> For the avoidance of doubt, the "acquisition" of patents under this section
> includes any analysis or evaluation of patents for the purposes of
> evaluating whether, or for what price, to acquire them. These prohibitions
> shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS
> are first received by the affected individual, and shall end one (1) year
> after the settlement or dismissal of the Producing Party Defendant from
> this action or the final non-appealable termination of this action.

Apple's proposed patent acquisition bar reasonably prevents counsel from inadvertently relying on confidential information when advising parties anticipating litigation against Apple. "The disclosure of confidential, 'crown jewel' technology to opposing counsel is a burden to which parties must submit. . . . The patent acquisition bar requested by [the defendant] adds an additional layer of protection by prohibiting not just disclosure and use, but also advising." *Catch a Wave Technologies, Inc. v. Sirius XM Radio, Inc.*, No. C 12–05791 WHA, 2013 WL 9868422, at *1 (N.D. Cal. Aug. 6, 2013) (holding "such a *quid pro quo*" to be reasonable).

Uniloc argues that the patent acquisition bar is unnecessary given the already-existing bar on using confidential information. Yet this misses Apple's point — the bar is meant to prevent the *inadvertent* use of confidential information. It is difficult "for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010); *see also Catch a Wave*, 2013 WL 9868422, at *1. The one-year patent acquisition bar helps mitigate this risk. This order accordingly adopts Apple's proposed patent acquisition bar.

### 2. PATENT PROSECUTION BAR.

Uniloc now wishes to modify the previously-agreed upon prosecution bar. Specifically, it wants to (1) limit the scope of the prosecution bar based on which documents counsel actually reviewed; (2) limit the bar to the duration of the litigation itself; and (3) exclude *inter partes* review proceedings from the bar.

Apple and Uniloc's competing proposed prosecution bar provisions are, in relevant part, as follows (Dkt. No. 97-2):

3

| | |
|---|---|
| Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any of Defendant's materials designated . . . "HIGHLY SENSITIVE TECHNICAL MATERIAL" . . . shall not, on behalf of Plaintiffs . . . prepare, prosecute, or assist in the preparation or prosecution of any patent application relating to the subject matter of the asserted patent(s) corresponding to the ***received*** technical information . . . before any foreign or domestic agency, including the United States Patent and Trademark Office during the pendency of this Action ***and for one year after a final judgment has been entered***. . . . These prohibitions shall not preclude Plaintiffs' litigation counsel from participating in any inter partes review proceedings, ***provided there is no attempt to amend any claims in the proceedings by any counsel for a patent owner during the course of the proceedings***. These prohibitions shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end ***one (1) year*** after the settlement and/or dismissal of the Producing Party Defendant from this action or the final non-appealable termination of this action. | Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any of Defendant's materials designated . . . "HIGHLY SENSITIVE TECHNICAL MATERIAL" . . . shall not, on behalf of Plaintiffs . . . prepare, prosecute, or assist in the preparation or prosecution of any patent application relating to the subject matter of the asserted patent(s) ***and*** corresponding to the ***produced*** technical information . . . before any foreign or domestic agency, including the United States Patent and Trademark Office during the pendency of this Action ***and for one year after a final judgment has been entered***. . . . These prohibitions shall not preclude Plaintiffs' litigation counsel from participating in any inter partes review proceedings, ***provided there is no attempt to amend any claims in the proceedings by any counsel for a patent owner during the course of the proceedings***. These prohibitions shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end ***one (1) year*** after the settlement and/or dismissal of the Producing Party Defendant from this action or the final non-appealable termination of this action. |

*First*, Uniloc now wishes to vary the scope of the prosecution bar from counsel to counsel based on which documents that attorney actually reviewed (Dkt. No. 89 at 5). This order agrees with Apple that Uniloc's proposal is unworkable. Additionally, as stated at oral argument, Apple is prohibited from abusing the use of "highly sensitive technical material" designations under this protective order.

*Second*, Uniloc argues there is "no good reason to limit the livelihood of patent attorneys after the close of" litigation because of "the speed of technological change and the fact that the average patent prosecution is more than two years" (Dkt. No. 89 at 5). This order disagrees. The point of the prosecution bar is to mitigate the risk to Apple of inadvertent or indirect use of confidential information — a risk that does not evaporate at the close of litigation.

*Third*, the previously-agreed prosecution bar applies to IPR proceedings involving claim amendments (Dkt. No. 97 at 5). Uniloc argues against this application because amendments in IPRs cannot broaden or enlarge the scope of a claim. Claims, however, "may still be restructured . . . in a way that would undoubtedly benefit from access to an alleged infringer's propriety information." *Grobler v. Apple Inc.*, 2013 WL 3359274, at *1 (N.D. Cal. May 7, 2013) (Judge Paul Grewal). This order agrees with Uniloc, however, that a blanket prohibition on IPR participation if claims might be amended may unduly burden Uniloc's ability to choose counsel. As such, this order holds that Uniloc's counsel may participate in IPR proceedings up until the point that amendments are considered. At that point, Uniloc's counsel must either end their involvement in the IPR proceeding or ask the Court for leave to continue their participation.

**CONCLUSION**

For the foregoing reasons, Apple's motion for entry of protective order is **GRANTED IN PART** and **DENIED IN PART**. The parties shall **MEET AND CONFER** and submit a proposed protective order that comports with this order by **JULY 13 AT NOON**. The newly proposed protective order must also amend Section 21(c) to limit the Court's jurisdiction to 90 days after the termination of the matter.

**IT IS SO ORDERED.**

Dated: July 2, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5