# Goldman Ismail Tomaselli Brennan & Baum LLP

Michael T. Pieja
mpieja@goldmanismail.com
312.881.5954

August 21, 2018

Hon. William Alsup
United States District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom 12 – 19th Floor
San Francisco, CA 94102

    Re:    *Uniloc USA, Inc. et al. v. Apple Inc.*
             **(Case Nos. 3:18-cv-00360-WHA; -363-WHA; -365-WHA; -572-WHA)**

Your Honor:

Pursuant to Paragraph 34 of the Court's Supplemental Civil Case Management Order, Apple respectfully submits this letter brief to address Plaintiffs' failure to provide full discovery regarding a foundational dispute in this patent case: who the proper parties are and whether Plaintiffs have Article III standing.

This issue is new to Apple, but seemingly something Plaintiffs have known of for months. From the outset, Plaintiffs represented to the Court and Apple that ***Uniloc Luxembourg, S.A.*** owns the patents-in-suit, with ***Uniloc USA, Inc.*** as its exclusive licensee. Yet within the last few weeks, Apple learned from public records that Plaintiffs had transferred the patents-in-suit to a new company, ***Uniloc 2017, LLC***. Apple served discovery on ownership and standing six months ago. Yet Plaintiffs provided no documents on the transfer of the patents-in-suit until Apple raised the issue last week. Even now, Plaintiffs' production—two documents—is woefully incomplete. With the early summary-judgment hearing approaching, this issue is urgent. Because the requested discovery is relevant to standing and damages, Apple respectfully asks that Plaintiffs be compelled to fully respond, within three days, to the discovery requests below.

**Plaintiffs Have Not Responded To Apple's Ownership-Related Discovery**

By February 2018, Apple had served discovery covering who owned what rights in the patents-in-suit:

- **Interrogatory No. 2:** Describe with particularity all occasions on which You [Plaintiffs] or any prior owner, assignee, or exclusive licensee offered, were offered, or agreed to license, convey, or acquire any rights in or to any of the Patents-in-Suit. (Ex. A.)[1]

---

[1] Relevant pages from exhibits cited herein have been excerpted, for brevity.

564 WEST RANDOLPH STREET · SUITE 400    3131 TURTLE CREEK, SUITE 1210    500 SANTA MONICA BOULEVARD · SUITE 217
CHICAGO ILLINOIS 60661    DALLAS TEXAS 75219    SANTA MONICA CALIFORNIA 90401
312.681-6000 · 312.881-5191 FAX    214.880.9900 · 214.880.9901 FAX    310.576.6900 · 312.629.8107 FAX

w w w . g o l d m a n i s m a i l . c o m

## Goldman Ismail Tomaselli Brennan & Baum llp

August 21, 2018
Page 2

- **Request for Production No. 14:** Documents and Communications Relating to Any assignment, or acquisition or transfer of ownership or other rights in the Patent-in-Suit, including Any Documents and Communications Relating to Any agreement between Any inventor(s) or predecessor-in-interest and [Plaintiffs]. (Ex. B.)

- **Request for Production No. 16:** Documents Relating to Any and All agreements between [Plaintiffs] and Any other Person, Relating to or concerning ownership, development, reduction to practice, conception, inventorship, or design of the inventions claimed in the Patent-in-Suit, including without limitation All ownership interests, non-disclosure agreements, confidentiality agreements, development agreements, license agreements, technology transfer agreements, consulting agreements, assignments, invention assignments, and employment or consulting agreements. (*Id.*)

Plaintiffs' deficient responses to these three discovery requests are at issue here. In mid-August, Apple learned from public records that Uniloc Luxembourg no longer owned the patents-in-suit—and had not for months. According to an assignment filed in the Patent Office in mid-July, by May 3, Uniloc Luxembourg had assigned its rights to the patents-in-suit to an entity called "Uniloc 2017 LLC." (*See* Ex. C, 5/3/18 Assignment.) The assignment refers to a separate, non-public, "Asset Purchase Agreement" that provides additional information about the transfer. (*Id.* at UNILOC_APPLE_2017_16301.)

Until August 19—well over three months after title was transferred—Plaintiffs produced no documents relating to the change in ownership. Only after Apple raised the matter on August 13 did Plaintiffs even acknowledge the issue. (Ex. D, 8/13/18 Letter from Winnard to Foster.) After several false starts, Plaintiffs finally committed to a full production of a "collection of documents" on August 20. That production was woefully inadequate. It consisted, in its entirety, of the public patent assignment and one document regarding a license between Uniloc 2017 and Uniloc USA.

The gaps in Plaintiffs' production are particularly glaring because Apple identified specific categories of responsive documents—and even specific documents—that were due to be produced. Apple explained that the public assignment document referenced an Asset Purchase Agreement to further define its terms, and asked Plaintiffs to produce it; Plaintiffs did not. (Ex. E, Pieja 8/17/18 Email to Foster.) Apple asked Plaintiffs to produce all other documents referred to in the assignment and license agreements. (*Id.*) Although the Uniloc-2017-to-Uniloc-USA license refers to communications setting forth monetary terms of the license, Plaintiffs did not produce those either. And while Apple specifically noted that its requests covered other communications relating to the transfer of title to the patents-in-suit and asked Plaintiffs to produce them, Plaintiffs did not. (Ex. E.) Similarly, despite an obligation to do so, Plaintiffs never updated their initial disclosures, corporate-interest statement, or interrogatory responses to reflect the change in ownership. *See* Fed. R. Civ. P. 26(e).

**Plaintiffs Should Be Compelled To Respond To Apple's Ownership-Related Discovery**

Plaintiffs should be compelled to respond to Apple's Requests for Production Nos. 14 and 16 and Interrogatory No. 2 because this discovery relates to foundational issues in this case. Plaintiffs have already broken several promises regarding their production—first, a promise to produce the documents by August 16, and later a promise to produce a complete "collection of documents." Counsel for Apple

## Goldman Ismail Tomaselli Brennan & Baum llp

August 21, 2018
Page 3

and Uniloc met and conferred on August 21, and Plaintiffs could not commit to what additional documents they might produce or when. Plaintiffs also stated in writing that they believed that they need not produce some of the requested discovery until after the Court's early summary-judgment procedure. Apple should not have been forced to uncover this issue in the first instance; Plaintiffs were required to make a full production months ago, and their continued failure to do so warrants Court intervention.

Further, the discovery at issue is relevant to several fundamental issues here. First, the discovery is relevant to who owns the patents and which parties must (and must not) be joined to this case. Uniloc Luxembourg assigned all its rights to the patents-in-suit to Uniloc 2017 on May 3. (*See* Ex. C.) So, from that day forward, Uniloc Luxembourg appears to have had no right even to participate in the lawsuit, let alone to seek relief. *See In re Lone Star Silicon Innovations LLC*, 2018 WL 500258, at *3 (N.D. Cal. Jan. 20, 2018) ("[A] party that holds 'less than all substantial rights to the patent' and lacks exclusionary rights thereunder cannot sue or even participate alongside the patent owner as a party to an infringement action." (quoting *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339–41 (Fed. Cir. 2007))).

Second, the discovery sought is relevant to whether Uniloc 2017 (or another entity) is an indispensable party to the case that must be joined under Fed. R. Civ. P. 19(a). The assignment produced to date indicates that Uniloc USA does not have "all substantial rights" to the patents, and therefore cannot move forward unless the patents' new owner is joined in the suit. *Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1349–50, n.3 (Fed. Cir. 2016) (in such instances, joinder is needed as a prudential matter to "protect[] the alleged infringer from facing multiple lawsuits on the same patent") (citations omitted).

Apple is not required to assess these fundamental questions based on only the two documents Plaintiffs have chosen to produce. The patent assignment agreement illustrates why: the assignment itself refers to at least one other document—the Asset Purchase Agreement—that supplements or clarifies its terms, and which Plaintiffs have not produced. Further, Plaintiffs recently disclosed the existence of a host of other entities—such as "Uniloc Corporation Pty. Ltd." and "CF Uniloc Holdings LLC," that Plaintiffs describe as "parent corporations" of Plaintiffs. Apple cannot assess what interest those entities may have in the patents, and whether they too may need to be joined here, absent a full production of documents.

Finally, the discovery sought is potentially relevant to damages. Patent damages are often assessed through a "hypothetical negotiation" in which the accused infringer negotiates the value of a license at arms' length from the patent owner. *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). If patent rights were transferred to Uniloc 2017 (or another entity) in an arms-length transaction, any documents discussing the financial terms of that transaction are potentially relevant to the value of the patents-in-suit, and thus to the terms of a "hypothetical negotiation" of rights to Apple.

Plaintiffs have known about the transfer of ownership for over three months, yet they decided to neither notify the Court nor provide the discovery covered by Apple's requests. Apple needs this discovery, now, so it can address the threshold question of who the right parties to the case are ahead of the early summary-judgment hearing on September 27. Further, Plaintiffs have suggested they will file a motion to substitute parties shortly; Apple needs full discovery to meaningfully assess and respond to that motion. Accordingly, Apple respectfully requests that the Court compel Plaintiffs to produce, within three days, all information responsive to the discovery requests set forth above.

# Goldman Ismail Tomaselli Brennan & Baum llp

August 21, 2018
Page 4

        Sincerely,

      /s/ *Michael T. Pieja*

      Michael T. Pieja
      Counsel for Defendant Apple Inc.