Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Jennifer Greenblatt (*pro hac vice*)
Doug Winnard (CA Bar No. 275420)
Andrew J. Rima (*pro hac vice*)
Emma C. Neff (*pro hac vice*)
Lauren Abendshien (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eneff@goldmanismail.com
labendshien@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

(Additional counsel listed in signature block)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | Case Nos. 3:18-cv-00360-WHA<br>3:18-cv-00363-WHA<br>3:18-cv-00365-WHA<br>3:18-cv-00572-WHA<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO THE COURT'S SEPTEMBER 11, 2018 NOTICE REGARDING RELATED *INTER PARTES* REVIEW PROCEEDINGS** |

Defendant Apple Inc. ("Apple") respectfully submits the following response to the Court's September 11, 2018 Notice, which requested the parties to inform the Court as to whether the above-captioned actions should be stayed pending resolution of *Inter Partes* Review ("IPR") proceedings before the Patent Trial and Appeal Board involving three of the four remaining patents-in-suit.

Apple does not believe that these actions should be stayed under the exceptional and specific circumstances present here. As an initial matter, Apple's ongoing discovery, pursuant to the Court's orders at the September 4, 2018 hearing, suggests that there is a substantial likelihood that Plaintiffs' licensing arrangements have deprived the Court of subject matter jurisdiction and that this issue may not be curable. This jurisdictional issue is a threshold question that warrants prompt resolution. Further, the progress of the particular "showdown" procedure the Court implemented in this case is poised to provide the parties with guidance, regarding the merits of their claims, in a way that will likely streamline any remaining issues. Under these particular circumstances, Apple respectfully requests that the Court proceed with the showdown hearing and, if necessary, a trial, rather than staying the cases.

With respect to the specific questions raised in the Court's September 11 Order, Apple states as follows:

**(1) Impact of a Stay on the Court's "Showdown" Procedure:** The impact of a stay on the showdown procedure would depend on the scope of the stay. A stay that encompassed all claims, including those subject to the showdown procedure, would bring that procedure to a halt. The parties have taken written discovery and conducted multiple fact and expert depositions, on the showdown issues. Briefing is practically complete on each party's chosen showdown claim (subject to a short supplemental submission on one patent that the parties are currently discussing). The hearing on the parties' showdown motions is two weeks away (on September 27), and the Court indicated that a showdown trial on any remaining issues could be held as soon as approximately six weeks after the hearing.

The patent claims involved in the showdown are also involved in the pending IPRs. However, in the unique circumstances here, the briefs filed in the showdown proceeding do not duplicate the issues raised in the -00361 and -00456 IPRs. With respect to invalidity, Apple has asserted in its

APPLE'S RESPONSE TO THE COURT'S
SEPTEMBER 11, 2018 NOTICE

1

CASE NOS. 3:18-CV-00358-WHA; -00363-WHA;
-00365-WHA; -00572-WHA

showdown motions that both claims involved in the procedure (claim 21 of U.S. Patent No. 6,446,127 and claim 9 of U.S. Patent No. 6,216,158) are invalid under 35 U.S.C § 101 because they are directed to patent-ineligible abstract ideas. This issue is not part of the IPR proceedings, because questions of patentability under 35 U.S.C. § 101 are not eligible for inclusion in an IPR. Further, the prior art at issue in the showdown motions is different from the prior art in the IPRs. For claim 9 of the '158 Patent, for example, Apple's invalidity case involves categories of prior art (public knowledge or use under pre-AIA 35 U.S.C. § 102(a), and physical systems under pre-AIA 35 U.S.C. § 102(g)(2)) that are not eligible for inclusion in an IPR. The Patent Trial and Appeal Board has also declined, at this time, to construe any claim term in the relevant IPRs.

**2) Issues Regarding U.S. Patent No. 6,161,134:** While Apple does not believe a stay is appropriate in this particular case, if the Court is inclined to stay proceedings relating to the '127 Patent, it should do so with respect to the '134 Patent as well. The '127 Patent is formally related to and a continuation of the '134 Patent; both relate to technology for connecting certain portable computing devices with telephones. The accused products for the two patents also overlap substantially, and include iPhones and Apple Watches. Accordingly, it is likely that discovery from Apple, including deposition discovery, would overlap substantially between these two patents. The same is true regarding third-party discovery; one of the two named inventors of the '134 Patent, Ismail Dalgic, is also a named inventor on the '127 Patent. Further, given the technical overlap between the '127 and '134 Patents, the PTAB's expert opinion regarding the invalidity issues Apple has raised as to the '127 Patent will likely provide guidance to this Court with respect to the '134 Patent as well. In fact, Uniloc itself has argued that the '134 Patent is related to the other patents asserted against Apple, for instance in seeking to relate the above-captioned actions before this Court. For these reasons, proceeding on only one of the '127 and '134 Patents would be inefficient and potentially result in duplicative discovery if any stay is eventually lifted. Courts routinely stay cases involving multiple related patents in their entirety, even where only some of those patents are subject to an instituted IPR. This is exactly what occurred recently in two other litigations between Uniloc and Apple. *Uniloc USA, Inc. v. Apple Inc.*, No. 18-cv-00361-PJH, 2018 WL 2387855 at *3 (N.D. Cal.

May 25, 2018); *Uniloc USA, Inc. v. Samsung Electronics America, Inc. et al*, No. 2:16-cv-642-JRG, 2017 WL 9885168 at *1 (E.D. Tex. June 13, 2017).

Finally, if the Court is inclined to stay these cases, Apple respectfully requests that the stay exclude at least the standing and subject-matter jurisdiction issues that are the subject of the discovery ordered at the September 4 hearing. Jurisdiction is a threshold issue; if the Court does not have subject-matter jurisdiction, Apple submits that the proper course would be to dismiss the actions rather than to stay them. Further, the issue of standing will need to be resolved regardless of the outcome of the IPRs because one of the patents-in-suit (the '134 Patent) is not subject to an IPR. Therefore, there would be no potential for duplication or inefficiency from addressing the threshold standing issue now.

DATED:  September 13, 2018

Respectfully submitted,

 */s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Jennifer Greenblatt (*pro hac vice*)
Doug Winnard (CA Bar No. 275420)
Andrew J. Rima (*pro hac vice*)
Emma C. Neff, M.D., J.D. (*pro hac vice*)
Lauren Abendshien (*pro hac* vice)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eneff@goldmanismail.com
labendshien@goldmanismail.com

Kenneth Baum (CA Bar No. 250719)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP

429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S RESPONSE TO THE COURT'S SEPTEMBER 11, 2018 NOTICE RELATED *INTER PARTES* REVIEW PROCEEDINGS** has been served on September 13, 2018, to all counsel of record who are deemed to have consented to electronic service.

*/s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)