**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Jennifer Greenblatt (*pro hac vice*)
Doug Winnard (CA Bar No. 275420)
Andrew J. Rima (*pro hac vice*)
Emma C. Neff (*pro hac vice*)
Lauren Abendshien (*pro hac vice*)
Shaun Zhang (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eneff@goldmanismail.com
labendshien@goldmanismail.com
szhang@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

(Additional counsel listed in signature block)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al., <br><br>     Plaintiffs, <br><br>     v. <br><br> APPLE INC., <br><br>     Defendant. | Case Nos.   3:18-cv-00360-WHA <br>                3:18-cv-00363-WHA <br>                3:18-cv-00365-WHA <br>                3:18-cv-00572-WHA <br><br> **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** <br><br> DATE: Thursday, November 29, 2018 <br> TIME: 8:00 a.m. <br> COURTROOM: 12, 19th Floor <br> JUDGE: Hon. William Alsup |

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................iii

NOTICE OF MOTION ...................................................................................................................1

STATEMENT OF RELIEF REQUESTED ......................................................................................1

I.      INTRODUCTION ...............................................................................................................1

II.     BACKGROUND .................................................................................................................2

       ■     ████████████████████████████████████████ .........3

       ■     ████████████████████████████████████████ .........4

       ■     ████████████████████████████ ....................6

       ■     ████████████████ ................................6

       ■     ██████████████████████████████████ .................7

       ■     ███████████████████████████████ .........................8

       G.     Plaintiffs' Failures to Produce Discovery Relating to Standing .................................8

III.    LEGAL STANDARDS ......................................................................................................10

IV.    ARGUMENT ....................................................................................................................11

       A.     Plaintiffs Lacked Article III Standing at the Time They Filed Suit...........................11

       B.     The Court Currently Lacks Subject-Matter Jurisdiction Because the Named
              Plaintiffs Lack Article III Standing............................................................................14

         ■     ████████████████████████████ ....................15

         ■     ██████████████████████████ ........................16

         ■     ████████████████████████████ .......................17

       C.     Uniloc 2017 Cannot Join the Litigation Because It, Too, Lacks Standing................17

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

███ ███████████████████████████████████████
██████...................................................................... 18

███ ████████████████████████████████████.................... 19

  3)  Rule 25(c) Does Not and Cannot Cure the Uniloc Entities' Current
Lack of Standing........................................................................21

 D.  These Actions Should be Dismissed with Prejudice..............................22

███ ████████████████████████████████
██████...................................................................... 22

  2)  Plaintiffs Misrepresented and Concealed Their Standing Problems for
Months................................................................................24

  3)  Plaintiffs Had Multiple Opportunities to Cure Their Current Standing
Problem and Failed to Do So....................................................24

V.   CONCLUSION............................................................................25

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

# TABLE OF AUTHORITIES

**CASES**

*Abbott Labs. v. Diamedix Corp.*,
   47 F.3d 1128 (Fed. Cir. 1995)..................................................................20

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
   2017 WL 3668597 (D. Del. Aug. 24, 2017) .............................................13

*Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*,
   604 F.3d 1354 (Fed. Cir. 2010)................................................................20

*Azure Networks, LLC v. CSR PLC*,
   771 F.3d 1336 (Fed. Cir. 2014),
   *vacated on other grounds*, 135 S. Ct. 1846 (2015)...........................10, 19

*Crown Die & Tool Co. v. Nye Tool & Mach. Works*,
   261 U.S. 24 (1923)....................................................................................15

*Enhanced Security Research, LLC v. Juniper Networks, Inc.*,
   2010 WL 2898298 (D. Del. July 20, 2010) ...............................................21

*Enviro Noise Control Corp. v. Stealth Acoustical & Emission Control Corp.*,
   2008 WL 11363360 (D. Colo. July 9, 2008) .............................................19

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
   630 F. Supp. 2d 365 (D. Del. 2007).......................................11, 18, 19, 21

*In re Lone Star Silicon Innovations LLC*,
   2018 WL 500258 (N.D. Cal. Jan. 20, 2018) ........................10, 13, 14, 16

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
   814 F.3d 1343 (Fed. Cir. 2016)..........................................................12, 13

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007)..........................................................passim

*Ortho Pharm. Corp. v. Genetics Inst., Inc.*,
   52 F.3d 1026 (Fed. Cir. 1995)..................................................................15

*Pi-Net Int'l, Inc. v. Focus Bus. Bank*,
   2015 WL 1538259 (N.D. Cal. Apr. 6, 2015) ...........................................17

*Prima Tek II, L.L.C. v. A-Roo Co.*,
   222 F.3d 1372 (Fed. Cir. 2000)..........................................................14, 16

*Propat Int'l Corp. v. Rpost, Inc.*,
   473 F.3d 1187 (Fed. Cir. 2007)..........................................................15, 20

*Rite-Hite Corp. v. Kelly Co., Inc.*,
   56 F.3d 1538 (Fed. Cir. 1995)..............................................................................14

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
   402 F.3d 1198 (Fed. Cir. 2005)......................................................................15, 17

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
   427 F.3d 971 (Fed. Cir. 2005)......................................................................10, 25

*SPH Am., LLC v. Huawei Techs.*, Co.,
   2017 WL 1331920 (S.D. Cal. Apr. 10, 2017)........................................................16

*Textile Prods., Inc. v. Mead Corp.*,
   134 F.3d 1481 (Fed. Cir. 1998).............................................................................15

*Trend Micro Corp. v. Whitecell Software, Inc.*,
   2010 WL 4722504 (N.D. Cal. Nov. 15, 2010) .....................................................22

*WiAV Solutions v. Motorola, Inc.*,
   631 F.3d 1257 (Fed. Cir. 2010)..........................................................10, 11, 13, 14

*Wittman v. Personhuballah*,
   136 S. Ct. 1732 (2016) .........................................................................................10

**RULES**

Fed R. Civ. P. 12(h)(3)...................................................................................................10

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Thursday, November 29, 2018, at 8:00 am, in Courtroom 12 of the United States District Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable William Alsup, Defendant Apple Inc. ("Apple") will and hereby does respectfully move this Court for an order granting Apple's Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

### STATEMENT OF RELIEF REQUESTED

Through this motion, Defendant Apple requests an order dismissing with prejudice the above-captioned actions brought by Plaintiffs Uniloc Luxembourg, S.A. ("Uniloc Lux") and Uniloc USA, LLC ("Uniloc USA") for lack of subject-matter jurisdiction.[1] Apple further requests that the Court deny as futile Plaintiffs' Motion to Join New Patent Owner Uniloc 2017. (Dkt. No. 119.)[2]

## I.   INTRODUCTION

When analyzing standing in patent cases, courts often analogize patent rights to a "bundle of sticks" and ask how much of that bundle the plaintiffs hold. Here, Plaintiffs took their "bundle of sticks," stuffed them into a wood chipper, and scattered the chips. Plaintiffs' decision may satisfy their business needs, but it does not satisfy Article III. Plaintiffs lacked standing to sue when they filed these actions, and they lack standing today. The Court thus lacks subject-matter jurisdiction.

Plaintiffs lacked standing from the day these cases were filed. A patent plaintiff has standing only if it has a right to exclude the defendant from practicing the patents. So if a third party has the right to license the defendant's activities, the plaintiff lacks the needed exclusionary rights. ████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ As a result, Plaintiffs lacked the right to exclude Apple from using the patents and could not claim an injury-in-fact. And because injury-in-fact is a required element for Article III standing, Plaintiffs never had standing.

---

[1] This Court stayed these actions on September 14, 2018. (Dkt. No. 131.) Despite the stay, however, the Court authorized Apple to file this motion regarding subject-matter jurisdiction. (*Id.* at 2.)

[2] Documents referenced herein are to case number 3:18-cv-00360-WHA, unless noted otherwise.

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1      Even assuming that Plaintiffs had standing at the time they filed suit, they assuredly do not

2 have it now. As of May 3, 2018, Uniloc Lux assigned away all its rights in the patents-in-suit,

3 including the right to sue for past damages. It thus has no standing to sue, even as a co-plaintiff. ██

4 ████████████████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████████████

12 ██████████████████████████████

13      Plaintiffs' lack of standing is a fatal problem. Both Uniloc Lux and Uniloc USA lacked

14 Article III standing at the time they filed suit. And it is black-letter law that a standing defect that

15 existed at the outset of a case cannot be cured. Even if Plaintiffs had had standing when they filed

16 suit, they have since lost it. In either case, these actions should be dismissed. Further, Plaintiffs

17 have repeatedly withheld or misrepresented information regarding how the rights in the patents-in-

18 suit are divided. This behavior has already caused the Court to enter final judgment in one suit

19 despite a lack of standing. And it has caused the parties to invest significant resources in merits

20 discovery and briefing in these actions, where Plaintiffs also lack standing. Plaintiffs' pattern of

21 misconduct warrants dismissal with prejudice.

22 **II.      BACKGROUND**

23      The history of the rights and interests in the patents-in-suit is far thornier than Plaintiffs let

24 on in their two-page "Detailed History of Ownership" (Dkt. No. 120) and two-paragraph motion to

25 add Uniloc 2017 pursuant to Federal Rule of Civil Procedure 25 (Dkt. No. 119). Uniloc Lux

26 acquired the patents-in-suit from Hewlett Packard Enterprise Development LP and Hewlett Packard

27 Enterprise Company on May 16, 2017. (Dkt. No. 120.) Both before and after Uniloc Lux acquired

28 the patents-in-suit, however, it entered into multiple agreements that split up the rights to those

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1  patents in several ways. These rights are described below and summarized in Appendix A.

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

### G.     Plaintiffs' Failures to Produce Discovery Relating to Standing

Although the transactions described above had all been completed by May 3, 2018, Plaintiffs withheld documents and information relating to them for months. By February 2018, Apple had served numerous discovery requests regarding ownership and licensing of the patents-in-suit. Responses to these requests had been due for months when the May 3 transactions occurred.

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1   Yet by late August, Plaintiffs had produced **none** of the above-cited documents. (Dkt. No. 117.) In

2   early August, the May 3, 2018 assignment of the patents-in-suit first became available in the public

3   record. Once Apple learned of this assignment, it immediately asked Plaintiffs to produce all

4   materials regarding the transfer of ownership of or interests in the patents. (Ex. T, Winnard 8/13/18

5   Letter.) When Plaintiffs failed to make a complete production, Apple sought the Court's

6   intervention. (Ex. U, Pieja 8/21/18 Email to Foster; Dkt. No. 117.) On August 22, the Court ordered

7   Plaintiffs to "provide the Court and defendant with a detailed account setting forth the exact history

8   of ownership of the patents-in-suit by Uniloc Luxembourg, S.A. and Uniloc USA, Inc. and the

9   exact history of any ownership interest by Uniloc 2017, LLC." (Dkt. No. 118 at p. 1.) The Court

10  also ordered Plaintiffs "to supply complete details about ownership (including licensing) of the

11  patents-in-suit." (*Id.* at p. 2.)

12      The next day, Plaintiffs filed a motion to add Uniloc 2017 as a party to the litigation. (Dkt.

13  119.) In that motion, Plaintiffs represented that "Uniloc Luxembourg, S.A. assigned all of its rights,

14  interest, and title in the patents-in-suit, including the right to all causes of action, to Uniloc 2017

15  LLC." (*Id.* at pp. 1–2.) ███████████████████████████████

16  ████████████████████████████████████████████████

17  ███████████████████████████

18      On August 29, Plaintiffs filed a "Detailed Account of Patent Ownership History" as ordered

19  by the Court. (Dkt. No. 120.) ████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████████

22  ████████████████████████████████████████████████

23  ████████

24      On September 4, 2018, the Court ordered Uniloc to produce, by September 11, all

25  documents—"[e]verything[, n]ot just 99 percent"—responsive to Apple's requests regarding the

26  ownership of the Patents-in-Suit. (Ex. V, Hearing Tr. 18:21–24.) Those documents included

27  agreements between Uniloc Lux and Fortress. (*Id.* at 11:12–21.) █████████████

28  ████████████████████████████████████████████████

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1  ██████████████████████████████████████████████████████████████

2  ████████████████████████████████████████████

3  ### III.   LEGAL STANDARDS

4       Standing is a jurisdictional issue that arises from the "case or controversy" requirement of

5  Article III. "The party bringing the action bears the burden of establishing it has standing." *In re*

6  *Lone Star Silicon Innovations LLC*, No. C 17-03980 WHA, 2018 WL 500258, at \*3 (N.D. Cal. Jan.

7  20, 2018). "A party has standing only if he shows that he has suffered an 'injury in fact' . . .."

8  *Wittman v. Personhuballah*, 136 S. Ct. 1732, 1736 (2016) ("The need to satisfy [this] requirement[]

9  persists throughout the life of the lawsuit.") (citations omitted). A lack of constitutional standing at

10  the time of filing is fatal to the action and requires dismissal. *Sicom Sys., Ltd. v. Agilent Techs., Inc.*,

11  427 F.3d 971, 975–76 (Fed. Cir. 2005); *see also* Fed R. Civ. P. 12(h)(3) ("If the court determines at

12  any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To have

13  constitutional standing to sue for patent infringement, an entity must suffer an injury-in-fact from a

14  violation of its exclusionary rights in the patent. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340–

15  41 (Fed. Cir. 2007). The right to exclude the accused infringer is dispositive; it distinguishes the

16  entities that can sue, whether in their own name or with another, from those that cannot. *Id.; see In*

17  *re Lone Star*, 2018 WL 500258, at \*3.

18       Critically, the right to exclude can be nullified by licensing rights held by a third party. If an

19  accused infringer "has the ability to obtain . . . a license from another party with the right to grant

20  it," then the putative plaintiff "does not have an exclusionary right with respect to the alleged

21  infringer and thus is not injured by that alleged infringer." *WiAV Solutions v. Motorola, Inc.*, 631

22  F.3d 1257, 1266 (Fed. Cir. 2010). Without the right to exclude, neither a patent owner nor a

23  licensee has standing to sue, no matter what other rights each may hold. *Morrow*, 499 F.3d at 1340–

24  41*; see Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1344 (Fed. Cir. 2014) ("[A]

25  nonexclusive . . . licensee does not have a legally protected interest conferred by the Patent Act.

26  That same logic applies even if it is the patent owner holding the nonexclusive right . . . ."),

27  *vacated on other grounds*, 135 S. Ct. 1846 (2015). Similarly, a licensee that holds a bare right to

28  sue, separate from exclusionary rights in a patent, lacks Article III standing. *Morrow*, 499 F.3d at

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1342. Conversely, a patent owner that divests itself of the right to sue also lacks standing. *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 630 F. Supp. 2d 365, 372 (D. Del. 2007).

## IV.   ARGUMENT

### A.   Plaintiffs Lacked Article III Standing at the Time They Filed Suit

Article III standing in a patent case requires that the plaintiff have the "exclusive" right to control the use of the patents-in-suit. If a third party has the right to license the defendant's allegedly infringing activities, the plaintiff has no such exclusionary rights. *See WiAV*, 631 F.3d at 1266. In such a case, the plaintiff suffers no injury-in-fact from the defendant's acts because it lacks the right to exclude the defendants from using the patents to begin with.

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**B.**    **The Court Currently Lacks Subject-Matter Jurisdiction Because the Named Plaintiffs Lack Article III Standing**

      Even if Plaintiffs could somehow show that they had constitutional standing at the time suit was filed, they do not have standing now. Uniloc Lux no longer has standing because it divested

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

itself of all rights in the patents-in-suit when it assigned them to Uniloc 2017 on May 3, 2018. (Ex. N, § 1(a)); *see Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1202–03 (Fed. Cir. 2005) ("[W]hen Schreiber transferred the '860 patent and became a mere non-exclusive licensee, Schreiber lost standing to sue for infringement and the case became moot."). To Apple's understanding, Plaintiffs do not appear to dispute that Uniloc Lux currently lacks standing.

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**C.**     **Uniloc 2017 Cannot Join the Litigation Because It, Too, Lacks Standing**

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***



**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

3) <u>Rule 25(c) Does Not and Cannot Cure the Uniloc Entities' Current Lack of Standing</u>

Perhaps recognizing the current defect in standing for the named Plaintiffs, Plaintiffs have tried to restore subject-matter jurisdiction by moving to add Uniloc 2017 pursuant to Federal Rule of Civil Procedure 25(c). (Dkt. No. 119.) Rule 25(c) is irrelevant.[5] That rule relates to the "transfer" of interests in an action. Fed. R. Civ. P. 25(c). But the lack of standing as to all Uniloc entities did not arise because Uniloc Lux "transferred" an interest to Uniloc 2017.

---

[5] If the Court determines that Plaintiffs lacked standing at the outset of the case, Rule 25(c) is also irrelevant because an initial lack of standing cannot be cured by later amendment.

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1   ████████████████████████████████████████████████████████████████████

2   ████████████████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████████████████

4   ██████████████████████████████████████████████████. It is this fragmentation of

5   rights that divests the Court of subject-matter jurisdiction. Lastly, Rule 25(c) does not and cannot

6   permit Plaintiffs to side-step the threshold "case or controversy" requirement of Article III. *See*

7   *Trend Micro Corp. v. Whitecell Software, Inc.*, No. C 10-02248 WHA, 2010 WL 4722504, at \*4

8   (N.D. Cal. Nov. 15, 2010). Uniloc's motion to add Uniloc 2017 is both improper and moot.

9        **D.       These Actions Should be Dismissed with Prejudice**

10       As set forth above, these actions should be dismissed for lack of subject-matter jurisdiction.

11   And, because Plaintiffs concealed the relevant facts for months, even leading the Court to enter

12   final judgment in a case in which it lacked jurisdiction, that dismissal should be with prejudice.

13   ████████████████████████████████████████████████████████████████

14       Early in this litigation, Apple served interrogatories and requests for production seeking

15   discovery on who owned the various rights and interests in the patents-in-suit. For instance, Apple

16   served its first set of interrogatories on Plaintiffs on December 19, 2017. Interrogatory No. 2, in

17   relevant part, asked Plaintiffs to "[d]escribe with particularity all occasions on which You or any

18   prior owner . . . offered, or agreed to license, convey, or acquire any rights in or to any of the

19   Patents-in-Suit." (Ex. X, 12/19/17 Common Rogs.) The interrogatory further asked Plaintiffs to

20   "identify any Third Party involved in the offer[], the patents involved, the dates of any relevant

21   communications, the [proposed or actual] terms or conditions," and all individuals and documents

22   related to the offer. (*Id.*)

23       Plaintiffs' response to this interrogatory was, and remains, woefully incomplete.  In January

24   2018, Uniloc stated that it "ha[d] no information, as yet, responsive to this interrogatory." (Ex. Y,

25   1/18/18 Response to Common Rogs at p. 2.) ██████████████████████████████████

26   ████████████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████████████████

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1 ██████████████████████████████████████████████████████████████

2      Uniloc also stymied Apple's attempts to obtain documentary evidence regarding the

3 distribution of patent rights. Apple served Requests for Production on February 8, 2018. (Ex. Z,

4 Apple First Common RFPs Nos. 1–41.) Apple's Request No. 16 sought the production of

5 "Documents Relating to Any and All agreements between Uniloc and Any other Person, Relating to

6 or concerning ownership . . . of the inventions claimed in the Patent[s]-in-Suit, including . . . license

7 agreements." (*Id.*) ████████████████████████████████████████████

8 ██████████████████████████████████████████████████████████████

9 ██████████████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████████████

11 ██████████████

12      Plaintiffs' failure to comply with their discovery obligations wasted the Court's and the

13 parties' resources. Most glaringly, Plaintiffs caused final judgment to be entered in a case where

14 they lacked standing. On May 18, 2018, this Court entered judgment in favor of Apple in the -358

15 action after holding that the asserted patent (U.S. Patent No. 6,661,203) was invalid under § 101.

16 (3:18-cv-00358-WHA, Dkt. Nos. 99, 100.) As of May 18, however, Uniloc Lux had assigned away

17 all of its interest in the '203 Patent, ████████████████████████████████ .

18 Thus, by the time the Court prepared its opinion and entered judgment, Plaintiffs' licensing scheme

19 had divested the Court of subject-matter jurisdiction. Plaintiffs knew or should have known this.

20 The Court and Apple, on the other hand, were kept in the dark because of Plaintiffs' discovery

21 misconduct. Further, Plaintiffs' discovery failures caused the Court and Apple to expend substantial

22 resources on motion practice, depositions, and briefing for the Court's showdown proceeding in the

23 above-captioned cases—all while Plaintiffs lacked standing.

24      At no time did Plaintiffs ever voluntarily take action to bring any information regarding the

25 ownership of the patents-in-suit to Apple's or the Court's attention. Indeed, the issue became clear

26 only when, in early August, Apple independently learned of the May 3, 2018 assignment of the

27 patents-in-suit from newly-available public records. Apple then asked Plaintiffs to produce all

28 materials regarding the transfer of ownership of or interests in the patents—the same materials

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

Apple had requested a half-year earlier in discovery. (Ex. T.) Plaintiffs still did not produce the requested documents until the Court ordered them to do so. Absent Apple's and the Court's efforts, then, Plaintiffs apparently planned to induce the Court to proceed full steam ahead into summary judgment or trial. This misconduct warrants dismissal with prejudice.

    2)  <u>Plaintiffs Misrepresented and Concealed Their Standing Problems for Months</u>

Plaintiffs also repeatedly misrepresented the rights and interests in the patents-in-suit. On May 16, 2018, Plaintiffs moved for leave to file a second amended complaint in the -359 action. (3:18-cv-00359-WHA, Dkt. No. 97.) The proposed amended complaint asserted that Uniloc Lux was the owner of the patent-in-suit and that Uniloc USA was an exclusive licensee with the "right to grant sublicenses" and the right to "exclude others." (*Id.* at Ex. A, ¶¶ 5–6.) These allegations were false, as Plaintiffs should have known. By May 16, Uniloc Lux had assigned away all rights in the patent-in-suit, ███████████████████████████████████.

Plaintiffs also failed to comply with the Court's August 22 Order, which ordered Plaintiffs "to supply complete details about ownership (including licensing) of the patents-in-suit." (Dkt. No. 118 at p. 2.) ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████ Uniloc's discovery misconduct warrants dismissal with prejudice.

    3)  <u>Plaintiffs Had Multiple Opportunities to Cure Their Current Standing Problem and Failed to Do So</u>

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1 ███████████████████████████████████████████████

2 ███████████████████████████████████████████████

3 ███████████████████████████████████████████████

4 ███████████████████████████████████████████████

5 ██████████████████████████████████

6 **V.     CONCLUSION**

7        Uniloc Lux and Uniloc USA lacked constitutional standing when they filed suit, and that

8 lack of standing continues. ████████████████████████████████████

9 ███████ Not one of these Uniloc entities has standing to sue, and thus the actions against Apple

10 should be dismissed with prejudice for lack of subject-matter jurisdiction.

11

12

13 DATED:  October 25, 2018                          Respectfully submitted,

14                                                   _/s/ Michael T. Pieja_
15                                                   Michael T. Pieja (CA Bar No. 250351)
                                                     Alan E. Littmann (*pro hac vice*)
16                                                   Jennifer Greenblatt (*pro hac vice*)
                                                     Doug Winnard (CA Bar No. 275420)
17                                                   Andrew J. Rima (*pro hac vice*)
                                                     Emma C. Neff (*pro hac vice*)
18                                                   Lauren Abendshien (*pro hac vice*)
                                                     Shaun Zhang (*pro hac vice*)
19                                                   GOLDMAN ISMAIL TOMASELLI
20                                                   BRENNAN & BAUM LLP
                                                     564 W. Randolph St., Suite 400
21                                                   Chicago, IL 60661
                                                     Tel: (312) 681-6000
22                                                   Fax: (312) 881-5191
                                                     mpieja@goldmanismail.com
23                                                   alittmann@goldmanismail.com
                                                     jgreenblatt@goldmanismail.com
24                                                   dwinnard@goldmanismail.com
                                                     arima@goldmanismail.com
25                                                   eneff@goldmanismail.com
                                                     labendshien@goldmanismail.com
26                                                   szhang@goldmanismail.com
27

28                                                   Kenneth Baum (CA Bar No. 250719)
                                                     GOLDMAN ISMAIL TOMASELLI

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** has been served on October 25, 2018, to all counsel of record who are deemed to have consented to electronic service.


*/s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)