# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> E-MDS, INC., <br><br> Defendant. | § § § § § § § § § § | **Case No. 6:14-cv-00625** <br> **(consolidated case)** |
| UNILOC USA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> EPIC SYSTEMS CORPORATION <br><br> Defendant. | § § § § § § § § § § § | Case No. 6:14-cv-00626 <br><br> **JURY TRIAL DEMANDED** |
| UNILOC USA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MEDHOST, INC., <br><br> Defendant. | § § § § § § § § § § § | Case No. 6:14-cv-00630 <br><br> **JURY TRIAL DEMANDED** |
| UNILOC USA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CERNER CORPORATION, <br><br> Defendant. | § § § § § § § § § § § | Case No. 6:14-cv-00632 <br><br> **JURY TRIAL DEMANDED** |

| | | |
|---|---|---|
| UNILOC USA, INC., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 6:14-cv-00633 |
| | § § | **JURY TRIAL DEMANDED** |
| COMPUTER PROGRAMS and SYSTEMS, INC. | § § § | |
| Defendant. | § § | |
| UNILOC USA, INC., et al., | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Case No. 6:14-cv-00692 |
| | § § | **JURY TRIAL DEMANDED** |
| E-MDS, INC. (a Texas Corporation) | § § § | |
| Defendant. | § § | |

**DEFENDANTS EPIC SYSTEMS, MEDHOST, CERNER, CPSI, AND E-MDS'S JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER RULE 12(b)(6) FOR FAILURE TO ALLEGE INFRINGEMENT OF A PATENTABLE CLAIM UNDER 35 U.S.C. § 101**

Defendants Epic Systems Corporation ("Epic"), Medhost, Inc. ("Medhost"), Cerner Corporation ("Cerner"), Computer Programs and Systems, Inc. ("CPSI"), and E-MDS, Inc. ("E-MDS")(collectively, "Defendants") hereby move this Court to dismiss the Complaint filed by Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc" or "Plaintiffs") in the above-captioned case under Federal Rule of Civil Procedure 12(b)(6) because the Asserted Patents attempt to cover abstract ideas which, as a matter of law, are ineligible as patentable subject matter under 35 U.S.C. § 101. More specifically, Plaintiffs' Complaint alleges infringement of patents that cover nothing more than (1) organizing medical information data and (2) storing user-defined formulas for medical data using general purpose computers. The Complaint therefore fails to state a claim upon which relief can be granted, and should be dismissed.

## I. INTRODUCTION

On July 18, 2014, Plaintiffs filed the above-captioned lawsuit against Defendants alleging infringement of U.S. Patents Nos. 5,682,526 ("the '526 Patent")[1], and 5,715,451 ("the '451 Patent").[2] The '526 and '451 Patents are collectively referred to herein as the "Asserted Patents."

The Supreme Court has ruled time and again that "abstract ideas" may not be removed from the public domain and owned as private property under our patent laws. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012); *Bilski v. Kappos*, 130 S. Ct. 3218 (2010). Such fundamental truths are "part of the storehouse of knowledge of all men ... free to all men and reserved exclusively to none." *Bilski*, 130 S. Ct. at 3225 (quoting *Funk Brothers Seed Co. v. Kalo Inoculant Co.*, 333

---

[1] The '526 Patent was attached to the filed Complaint as Exhibit A.
[2] The '451 Patent was attached to the filed Complaint as Exhibit B.