# EXHIBIT N

EXECUTION VERSION

## PATENT ASSIGNMENT

THIS PATENT ASSIGNMENT ("Patent Assignment") is made as of May 3, 2018 by Uniloc Luxembourg S.A., a *société anonyme* organized under the laws of the Grand Duchy of Luxembourg, having its registered office at 14, rue Edward Steichen, L-2540 Luxembourg, registered with the Register of Commerce and Companies (R.C.S. Luxembourg) under number B 159161 ("Assignor"), and Uniloc 2017 LLC, a Delaware limited liability company ("Assignee"). Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Purchase Agreement (as defined below).

WHEREAS, Assignor and Assignee are party to that certain Asset Purchase Agreement, dated as of March 28, 2018 (the "Purchase Agreement"), pursuant to which Assignee has agreed to purchase, and Assignor has agreed to sell, convey, assign, transfer and deliver to Assignee, all of Assignor's right, title and interest in, to and under the Seller Intellectual Property on the terms and conditions set forth in the Purchase Agreement; and

WHEREAS, pursuant to the Purchase Agreement, Assignor has agreed to execute and deliver this Patent Assignment by which the Patents set forth in Exhibit A hereto (the "Transferred Patents") are assigned and conveyed by Assignor to Assignee at the Closing.

NOW, THEREFORE, in consideration of the foregoing premises and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, upon the terms and subject to the conditions set forth in the Purchase Agreement, it is hereby agreed that:

1. Patent Conveyance. Assignor does hereby irrevocable and unconditionally:

    (a) sell, transfer, convey, assign and deliver to Assignee all of Assignor's right, title and interest in, to and under, free and clear of all Encumbrances (other than Permitted Encumbrances) and liabilities (other than Assumed Liabilities): (i) the Transferred Patents and the inventions disclosed therein, including any patents issuing on any applications included in the Transferred Patents and all reissues, reexaminations, extensions, continuations, continuations in part, continuing prosecution applications, requests for continuing examinations and divisionals of any of the Transferred Patents and all foreign patents, foreign patent applications, and foreign counterparts relating to any of the foregoing, including, without limitation, certificates of invention, utility models and other governmental grants or issuances and any patents and patent applications that claim priority from any of the foregoing; (ii) all causes of action (whether known or unknown or whether currently pending, filed, or otherwise) and other enforcement rights under, or on account of, the Transferred Patents, including, without limitation, all causes of action and other enforcement rights for (A) damages, (B) injunctive relief and (C) any other remedies of any kind for past, current and future infringement; and (iii) all rights to collect royalties or other payments under or on account of the Transferred Patents, the same to be held by Assignee for Assignee's own use and enjoyment, and for the use and enjoyment of Assignee's successors, assigns and other legal representatives, as fully and entirely as the same would have been held and enjoyed by Assignor if this Assignment had not been made, including all rights therein provided by international conventions and treaties. This assignment includes assignment to Assignee of the right to make application in its own behalf for protection of the Transferred Patents and any patents

issued on the Transferred Patents, in the United States and countries foreign to the United States, and to claim under the Patent Cooperation Treaty, the International Convention and/or other international arrangement for any such application the date of any earlier application to gain priority with respect to other applications.

(b)  agree, without charge to Assignee, to assist Assignee in perfecting Assignee's right, title and interest throughout the world in all Transferred Patents assigned to Assignee hereunder, include executing applications, assignments, declarations, affidavits, and any other papers in connection therewith reasonably necessary to perfect such right, title and interest in Assignee. In the event Assignee is unable for any reason, after reasonable effort, to secure Assignor's signature on any document needed to perfect the transfer of ownership of the Transferred Patents, Assignor hereby irrevocably designates and appoints Assignee and its duly authorized officers and agents as Assignor's agent and attorney-in-fact, which appointment is coupled with an interest, to act for and on Assignor's behalf to execute and file such documents, with the same legal force and effect as if executed by Assignor. Assignor agree to provide such assistance and cooperation as Assignee may reasonably request in connection with Assignee's prosecution of any patent applications included in the Transferred Patents (including appeals in connection therewith), including providing documents and materials in the possession or control of Assignor and making the named inventors in any of the patent applications reasonably available to Assignee upon reasonable prior notice if such inventors remain employed by Assignor or any of its Affiliates at the time of Assignor's receipt of such written notice from Assignee.

2.  Terms of the Purchase Agreement. This Patent Assignment is being delivered pursuant to the Purchase Agreement, and is subject to the representations, warranties, conditions, limitations, covenants and agreements set forth in the Purchase Agreement. Assignor and Assignee acknowledge and agree that the representations, warranties, conditions, limitations, covenants and agreements contained in the Purchase Agreement shall not be superseded hereby, but shall remain in full force and effect to the full extent provided therein. The rights and remedies of Assignee, Assignor or Parent under the Purchase Agreement shall not be deemed to be enlarged, modified, or in any way altered by the terms of this Patent Assignment. In the event of any conflict between the terms of the Purchase Agreement and the terms of this Patent Assignment, the terms of the Purchase Agreement shall prevail.

3.  Governing Law. This Patent Assignment and all disputes or controversies arising out of or relating to this Assignment or the transactions contemplated hereby shall be governed by, and construed in accordance with, the internal laws of the State of Delaware, without regard to the laws of any other jurisdiction that might be applied because of the conflicts of laws principles of the State of Delaware.

4.  Counterparts; Facsimile or .pdf Signature. This Patent Assignment may be executed in two or more counterparts, all of which shall be considered one and the same instrument and shall become effective when one or more counterparts have been signed by each of the parties and delivered to the other party. This Patent Assignment may be executed by facsimile or .pdf signature and a facsimile or .pdf signature shall constitute an original for all purposes.

*Remainder of page left intentionally blank; signature page follows.*

| Application Number | Patent Number | Country | Title |
|---|---|---|---|
| 09/590,859 | 7197144 | US | METHOD AND APPARATUS TO AUTHENTICATE A USER'S SYSTEM TO PREVENT UNAUTHORIZED USE OF SOFTWARE PRODUCTS DISTRIBUTED TO USERS |
| 11/644455 | 7653508 | US | HUMAN ACTIVITY MONITORING DEVICE |
| 11/698633 | 7690556 | US | STEP COUNTER ACCOUNTING FOR INCLINE |
| 12/694135 | 7881902 | US | HUMAN ACTIVITY MONITORING DEVICE |
| 13/018321 | 8712723 | US | HUMAN ACTIVITY MONITORING DEVICE |
| 09/727727 | 7092671 | US | METHOD AND SYSTEM FOR WIRELESSLY AUTODIALING A TELEPHONE NUMBER FROM A RECORD STORED ON A PERSONAL INFORMATION DEVICE |
| 10/712451 | 7330013 | US | APPARATUS AND METHOD FOR CHARGING AND DISCHARGING A BATTERY |
| 08/430943 | 6580422 | US | REMOTE COMPUTER DISPLAY USING GRAPHICS PRIMITIVES SENT OVER A WIRELESS LINK |
| 10/011140 | 6661203 | US | BATTERY CHARGING AND DISCHARGING SYSTEM OPTIMIZED FOR HIGH TEMPERATURE ENVIRONMENTS |
| 09/181431 | 6161134 | US | METHOD, APPARATUS AND COMMUNICATIONS SYSTEM FOR COMPANION INFORMATION AND NETWORK APPLIANCES |
| 09/451388 | 6446127 | US | SYSTEM AND METHOD FOR PROVIDING USER MOBILITY SERVICES ON A TELEPHONY NETWORK |
| 09/237609 | 6216158 | US | SYSTEM AND METHOD USING A PALM SIZED COMPUTER TO CONTROL NETWORK DEVICES |
| 09/558413 | 6622018 | US | PORTABLE DEVICE CONTROL CONSOLE WITH WIRELESS CONNECTION |
| 09/246606 | 6363053 | US | METHOD AND APPARATUS FOR MEASUREMENT-BASED CONFORMANCE TESTING OF SERVICE LEVEL AGREEMENTS IN NETWORKS |
| 10/671375 | 8539552 | US | SYSTEM AND METHOD FOR NETWORK BASED POLICY ENFORCEMENT OF INTELLIGENT-CLIENT FEATURES |
| 09/303832 | 6731642 | US | ` |
| 10/834418 | 7573873 | US | INTERNET TELEPHONY USING NETWORK ADDRESS TRANSLATION |
| 09/728833 | 6856616 | US | SYSTEM AND METHOD FOR PROVIDING SERVICE PROVIDER CONFIGURATIONS FOR TELEPHONES USING A CENTRAL SERVER IN A DATA NETWORK TELEPHONY SYSTEM |
| 10/259542 | 7240200 | US | SYSTEM AND METHOD FOR GUARANTEEING SOFTWARE INTEGRITY VIA COMBINED HARDWARE AND SOFTWARE AUTHENTICATION |

Exhibit A-2