# EXHIBIT T

# GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

WRITER'S DIRECT DIAL
312.881.5944
dwinnard@goldmanismail.com

**VIA E-MAIL**

August 13, 2018

Jim Foster
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Email: jfoster@princelobel.com

Re:   *Uniloc USA, Inc. et al. v. Apple Inc.* **(N.D. Cal. Case Nos. 3:18-cv-00360-WHA; -363; -365; 572)**
      **Uniloc's Assignment of the Patents-in-Suit and Standing to Sue**

Counsel:

I write to raise concerns that have recently arisen regarding Plaintiffs' representations to the Court that they own the patents-in-suit in the above-captioned actions, and regarding Plaintiffs' potential lack of standing to sue. Plaintiffs alleged in their Complaints that Uniloc Luxembourg, S.A., is the owner of U.S. Patent No. 6,216,158 (the '158 Patent) and that Uniloc USA, Inc., is the exclusive licensee. (*E.g.*, -365 Dkt. 64 at ¶¶ 5, 6.) Uniloc made similar representations regarding the ownership interests of Uniloc Luxembourg, S.A. and Uniloc USA, Inc. in U.S. Patent Nos. 6,161,134, 6,446,127, and 7,092,671 (together with the '158 Patent, "the patents-in-suit"). But these allegations are false, and have been false for months. No later than May 3, 2018, Uniloc Luxembourg assigned ***all*** of its rights in the patents-in-suit to another entity, Uniloc 2017 LLC, including the right to sue for "past, current, and future infringement." Under the terms of this assignment as recorded with the U.S. Patent and Trademark Office (PTO), Uniloc Luxembourg has no rights in the patents-in-suit—and has had none since at least May 3.

The assignment of the patents-in-suit to Uniloc 2017 appears to deprive the named Uniloc entities of standing—a predicate jurisdictional issue on which Plaintiffs bear the burden of proof. *See In re Lone Star Silicon Innovations LLC*, No. C 17-03980 WHA, 2018 WL 500258, at *3 (N.D. Cal. Jan. 20, 2018). Uniloc Luxembourg assigned all rights to the '158 Patent on May 3, 2018; from that date forward, Uniloc Luxembourg had no right to even participate—let alone seek relief—in this case. *See id.* at *3 ("[A] party that holds 'less than all substantial rights to the patent' and lacks exclusionary rights thereunder cannot sue or even participate alongside the patent owner as a party to an infringement action." (citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339-41 (Fed. Cir. 2007))). Moreover, Uniloc Luxembourg purported to assign its rights in

564 WEST RANDOLPH STREET · SUITE 400        3131 TURTLE CREEK · SUITE 1210        429 SANTA MONICA BOULEVARD · SUITE 710
CHICAGO ILLINOIS 60661                      DALLAS TEXAS 75219                    SANTA MONICA CALIFORNIA 90401
312.681-6000 · 312.881-5191 FAX             214.880.9900 · 214.880.9901 FAX       310.576.6900 · 312.629.8107 FAX

w w w . g o l d m a n i s m a i l . c o m

GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

August 13, 2018
Page 2

the '158 Patent "free and clear of all Encumbrances (other than Permitted Encumbrances)." This language suggests that Uniloc USA's rights to the patents-in-suit may have been extinguished, or at least modified, in connection with the assignment to Uniloc 2017. At a minimum, it appears that Uniloc USA cannot proceed with this case without joining Uniloc 2017 because Uniloc USA does not have the "sole and exclusive" right to sue for infringement. Federal law "require[s] joinder of the patentee if it has retained the right to sue for infringement." *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1350 (Fed. Cir. 2016). And while plaintiff Uniloc Luxembourg may have originally had a right to sue on the patents-in-suit, it seems that Uniloc Luxembourg assigned that right to Uniloc 2017 in the assignment recorded with the PTO. Thus, Uniloc 2017 appears to be a necessary party to this case.

Plaintiffs' failure to disclose this change in ownership to Apple or to the Court, despite having had multiple opportunities to do so, is troubling. Plaintiffs did not mention their conveyance of rights to Uniloc 2017 in their Rule 7.1 corporate disclosure statement or their Rule 26 initial disclosures, both of which Plaintiffs were under a duty to timely update. *See* Fed. R. Civ. P. 26(e). Further, the Court's deadline to amend the pleadings or add new parties passed on June 26. And by that time, Plaintiffs had known of the change in ownership for months, but did and said nothing. Also, counsel for Apple in the actions pending in the Western District of Texas sent Uniloc a letter on this same issue on August 2. Uniloc has still not replied to that letter.

Plaintiffs should have produced evidence months ago from which Apple could evaluate the existence and impact on the litigation of Uniloc's transfer of rights to the patents-in-suit, but never did. Apple's Interrogatory No. 2, served in December 2017, and Requests for Production Nos. 14 and 16, served on February 8, 2018, call for the production of all evidence regarding any transfer of ownership or rights in the patents-in-suit:

- **Interrogatory No. 2:** Describe with particularity all occasions on which You [Uniloc USA and Uniloc Luxembourg, S.A.] or any prior owner, assignee, or exclusive licensee offered, were offered, or agreed to license, convey, or acquire any rights in or to any of the Patents-in-Suit.

- **Request No. 14:** Documents and Communications Relating to Any assignment, or acquisition or transfer of ownership or other rights in the Patent-in-Suit, including Any Documents and Communications Relating to Any agreement between Any inventor(s) or predecessor-in-interest and Uniloc.

- **Request No. 16:** Documents Relating to Any and All agreements between Uniloc and Any other Person, Relating to or concerning ownership, development, reduction to practice, conception, inventorship, or design of the inventions claimed in the Patent-in-Suit, including without limitation All ownership interests, non-disclosure agreements, confidentiality agreements, development agreements,

## Goldman Ismail Tomaselli Brennan & Baum LLP

WRITER'S DIRECT DIAL
312.881.5944
dwinnard@goldmanismail.com

    license agreements, technology transfer agreements, consulting agreements, assignments, invention assignments, and employment or consulting agreements.

Plaintiffs have produced no documents in response to these requests. The assignment recorded with the PTO establishes that Plaintiffs have had documents responsive to RFP Nos. 14 and 16 in its possession for months. This includes at least the March 28 Purchase Agreement between Uniloc 2017 and Uniloc Luxembourg (which is referenced in the recorded assignment), as well as all communications regarding the Purchase Agreement and the recorded assignment. Plaintiffs have no excuse for withholding production of these documents and concealing their existence.

For Apple to evaluate the impact of Plaintiffs' sale of the patents-in-suit on Plaintiffs' standing, Plaintiffs must immediately produce all documents relating to the transfer of the patents-in-suit to Uniloc 2017, LLC. Plaintiffs must also produce all documents regarding all interests or rights owned by any entity in any of the patents-in-suit or in any other Uniloc entity, including the rights or interests of at least Uniloc 2017 LLC, CF Uniloc Holdings LLC, Uniloc Licensing USA LLC, Uniloc USA, Inc., Uniloc Corporation Pty., Ltd., and Uniloc Luxembourg, S.A. And Plaintiffs must immediately update their response to Interrogatory No. 2.

Given the status of the Court's "shootout" procedure and the numerous upcoming deadlines, it is imperative that this threshold jurisdictional issue be resolved promptly. Therefore, if Apple does not receive the documents set forth above by close of business on Wednesday, August 15, it will file a letter with the Court seeking an order compelling their immediate production.

    Sincerely,

    Doug Winnard

564 WEST RANDOLPH STREET · SUITE 400   3131 TURTLE CREEK · SUITE 1210   429 SANTA MONICA BOULEVARD · SUITE 710
CHICAGO ILLINOIS 60661   DALLAS TEXAS 75219   SANTA MONICA CALIFORNIA 90401
312.681-6000 · 312.881-5191 FAX   214.880.9900 · 214.880.9901 FAX   310.576.6900 · 312.629.8107 FAX

www.goldmanismail.com