# EXHIBIT U

| | |
|---|---|
| **From:** | Michael Pieja |
| **Sent:** | Tuesday, August 21, 2018 10:37 AM |
| **To:** | Foster, James J.; Doug Winnard |
| **Cc:** | Apple-uniloc; uniloc; Bostock, Dean |
| **Subject:** | Re: Uniloc v. Apple (HPE) - Patent Assignment and Standing to Sue |

Jim,

Despite Apple's repeated correspondence on this issue, and our explanation, both in my August 17 email and Mr. Winnard's August 13 letter, of what documents were due to be produced, Uniloc did not respond. Although you committed to producing a "collection of documents," Uniloc produced yesterday only one new document: a license between Uniloc 2017 and Uniloc USA. To take just one example, although we specifically called out the Asset Purchase Agreement referenced in the publicly-filed patent assignment Uniloc did not produce that, nor did it produce the documents referenced in the Uniloc 2017 license relating to the financial terms of that license. These documents are plainly responsive to RFPs 14 and 16, which I reproduced for you below in my email of Friday.

Since Uniloc has repeatedly promised to make a production on this issue, we understand Uniloc's position to be that it will not produce documents beyond what we received yesterday. As I've mentioned previously, we will need to raise this issue with the Court. When is Uniloc available today to meet and confer?

Michael T. Pieja
**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
564 West Randolph Street · Suite 400 · Chicago · IL · 60661
direct: 312.881.5954 fax: 312.881.5197 cell: 415.420.8963
mpieja@goldmanismail.com ·  www.goldmanismail.com

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of
Goldman Ismail Tomaselli Brennan & Baum LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note
that any distribution or copying of this message is prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of
avoiding any penalties that may be imposed under federal tax laws.

**From:** Michael Pieja <MPIEJA@goldmanismail.com>
**Date:** Friday, August 17, 2018 at 12:05 PM
**To:** "Foster, James J." <jfoster@princelobel.com>, Doug Winnard <dwinnard@goldmanismail.com>
**Cc:** Apple-uniloc <Apple-uniloc@goldmanismail.com>, uniloc <uniloc@princelobel.com>, "Bostock, Dean" <DBostock@princelobel.com>
**Subject:** Re: Uniloc v. Apple (HPE) - Patent Assignment and Standing to Sue

Thanks, Jim. To be clear, we expect, by close of business Monday, that Uniloc will provide a complete and fulsome production of all documents relating to an assignment of rights in or to the patents-in-suit to any Uniloc entity, including Uniloc USA, Uniloc Luxembourg, Uniloc 2017, Uniloc 2018, CF Uniloc Holdings, Uniloc Corporation Pty, or any other entity that may hold rights in or to the patents-in-suit. We specifically expect a complete and fulsome response to each of the following discovery requests, which have been pending since February:

- **Interrogatory No. 2:** Describe with particularity all occasions on which You or any prior owner, assignee, or exclusive licensee offered, were offered, or agreed to license, convey, or acquire any rights in or to any of the Patents-in-Suit.

- **Request for Production No. 14:** Documents and Communications Relating to Any assignment, or acquisition or transfer of ownership or other rights in the Patent-in-Suit, including Any Documents and Communications Relating to Any agreement between Any inventor(s) or predecessor-in-interest and Uniloc.

- **Request for Production No. 16:** Documents Relating to Any and All agreements between Uniloc and Any other Person, Relating to or concerning ownership, development, reduction to practice, conception, inventorship, or design of the inventions claimed in the Patent-in-Suit, including without limitation All ownership interests, non-disclosure agreements, confidentiality agreements, development agreements, license agreements, technology transfer agreements, consulting agreements, assignments, invention assignments, and employment or consulting agreements.

Note that, in addition to whatever cross-case document production Uniloc intends to make, we do have a specific interrogatory outstanding (Interrogatory 2) on this issue and Uniloc needs to supplement its response to that interrogatory. Without limitation, we expect Uniloc to produce complete and unredacted copies of the assignment agreement for the patents-in-suit, the Asset Purchase Agreement referenced therein, any documents referenced in the foregoing, any license agreements in or to the patents-in-suit that were granted between any Uniloc entities, and any exhibits or appendices to any of these documents.

In view of the upcoming deadlines in the Court's summary-judgment procedure, it is important that we resolve these issues promptly. If we do not receive the materials described above by 5pm on Monday, we will seek a Court order compelling Uniloc to provide them.

Michael T. Pieja
**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
564 West Randolph Street · Suite 400 · Chicago · IL · 60661
direct: 312.881.5954 fax: 312.881.5197 cell: 415.420.8963
mpieja@goldmanismail.com ·  www.goldmanismail.com

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of
Goldman Ismail Tomaselli Brennan & Baum LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note
that any distribution or copying of this message is prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of
avoiding any penalties that may be imposed under federal tax laws.

**From:** "Foster, James J." <jfoster@princelobel.com>
**Date:** Friday, August 17, 2018 at 8:51 AM
**To:** Michael Pieja <MPIEJA@goldmanismail.com>, Doug Winnard <dwinnard@goldmanismail.com>
**Cc:** Apple-uniloc <Apple-uniloc@goldmanismail.com>, uniloc <uniloc@princelobel.com>, "Bostock, Dean" <DBostock@princelobel.com>
**Subject:** RE: Uniloc v. Apple (HPE) - Patent Assignment and Standing to Sue

Maybe today. We are preparing a collection of documents to be served in all Uniloc cases (not just Apple) filed before the transfer, as well as motions to add Uniloc 2017 as a plaintiff in those cases. If we do not get that done today, it will happen Monday.

JJF

**From:** Michael Pieja [mailto:MPIEJA@goldmanismail.com]
**Sent:** Thursday, August 16, 2018 7:22 PM
**To:** Foster, James J.; Doug Winnard
**Cc:** Apple-uniloc; uniloc; Bostock, Dean
**Subject:** Re: Uniloc v. Apple (HPE) - Patent Assignment and Standing to Sue

Jim,

We haven't yet received the documents you referenced.  When will Uniloc be sending them?

Michael T. Pieja
**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
564 West Randolph Street · Suite 400 · Chicago · IL · 60661
direct: 312.881.5954 fax: 312.881.5197 cell: 415.420.8963
mpieja@goldmanismail.com ·  www.goldmanismail.com

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of
Goldman Ismail Tomaselli Brennan & Baum LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note
that any distribution or copying of this message is prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of
avoiding any penalties that may be imposed under federal tax laws.

**From:** "Foster, James J." <jfoster@princelobel.com>
**Date:** Wednesday, August 15, 2018 at 2:33 PM
**To:** Doug Winnard <dwinnard@goldmanismail.com>
**Cc:** Apple-uniloc <Apple-uniloc@goldmanismail.com>, uniloc <uniloc@princelobel.com>, "Bostock, Dean" <DBostock@princelobel.com>
**Subject:** RE: Uniloc v. Apple (HPE) - Patent Assignment and Standing to Sue

The attorney handling those issues has been out, but returns tomorrow, and will send you what we have. Will Apple oppose a motion to substitute?

JJF

**From:** Doug Winnard [mailto:dwinnard@goldmanismail.com]
**Sent:** Tuesday, August 14, 2018 5:50 PM
**To:** Foster, James J.
**Cc:** Apple-uniloc; uniloc
**Subject:** RE: Uniloc v. Apple (HPE) - Patent Assignment and Standing to Sue

Jim,

We understand Uniloc's position on Rule 25(c). Will Uniloc produce the requested documents by tomorrow?

Thanks,
Doug

Doug Winnard

3

**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
564 W. Randolph St., Suite 400
Chicago, IL 60661
312.881.5944

**From:** Foster, James J. [mailto:jfoster@princelobel.com]
**Sent:** Monday, August 13, 2018 2:26 PM
**To:** Doug Winnard
**Cc:** Apple-uniloc; uniloc
**Subject:** RE: Uniloc v. Apple (HPE) - Patent Assignment and Standing to Sue

Uniloc Luxembourg, S.A. assigned the patents to Uniloc 2017 LLC. Although FRCP 25(c) provides the action may be continued by the original party, we plan to move to substitute Uniloc 2017 for Uniloc Luxembourg in the pending actions.


JJF

**From:** Doug Winnard [mailto:dwinnard@goldmanismail.com]
**Sent:** Monday, August 13, 2018 3:19 PM
**To:** uniloc
**Cc:** Apple-uniloc
**Subject:** Uniloc v. Apple (HPE) - Patent Assignment and Standing to Sue

Counsel,

The attached letter raises issues regarding the Uniloc Plaintiffs' standing and the Court's subject matter jurisdiction. Because these are issues that should be brought to the Court's attention as soon as possible, Apple requests a response by close of business on Wednesday, August 15.

Doug

Doug Winnard
**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
564 West Randolph Street· Suite 400· Chicago· IL· 60661
direct: 312.881.5944 cell: 913.638.1009
dwinnard@goldmanismail.com - www.goldmanismail.com

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of Goldman Ismail Tomaselli Brennan & Baum LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note that any distribution or copying of this message is prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under federal tax laws.

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or

information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.