# EXHIBIT X

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. 2:17-cv-470-JRG <br> **LEAD CASE** <br><br> Civil Action No. 2:17-cv-454-JRG <br> Civil Action No. 2:17-cv-455-JRG <br> Civil Action No. 2:17-cv-457-JRG <br> Civil Action No. 2:17-cv-469-JRG <br> Civil Action No. 2:17-cv-522-JRG <br> Civil Action No. 2:17-cv-534-JRG <br> Civil Action No. 2:17-cv-535-JRG <br> Civil Action No. 2:17-cv-571-JRG <br><br> JURY TRIAL DEMANDED |

## APPLE'S FIRST SET OF COMMON INTERROGATORIES TO UNILOC

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Apple Inc. ("Apple") requests that Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc" or "Plaintiffs") answer separately, fully, in writing, and under oath the following Interrogatories within thirty (30) days after service thereof. Pursuant to Federal Rule of Civil Procedure 26(e), these Interrogatories are continuing in nature and therefore require Plaintiffs to furnish supplemental answers whenever it obtains different or additional knowledge, information, or belief relating to these Interrogatories.

9.     To the extent that an Interrogatory requests annual data, supply such data on a calendar-year basis unless otherwise directed in the Interrogatory; if any basis other than a calendar-year basis is used, such as to accommodate a fiscal-year basis, state as part of the response the nature and type of the basis so used.

10.    If it is not possible to answer any of the following Interrogatories in full after exercising due diligence, provide such indication and answer to the extent possible, including whatever information You have concerning the unanswered portion(s), and clearly identify the portion(s) of the Interrogatory you are unable to answer.

11.    If any answer to an Interrogatory is qualified in any way, set forth the details of such qualification.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify Each product (including prototypes) made, used, sold, or imported by Uniloc, its licensees, or any prior owner of the Patents-in-Suit or Related Patents, that You contend embodies, was made by, or is used when practicing, the subject matter of any claim of the Patents-in-Suit or Related Patents, including the date on which the product was first conceived, reduced to practice, offered for sale, sold, or used, and Each Person having knowledge of such information, and provide a claim chart to support Your contentions.

### INTERROGATORY NO. 2:

Describe with particularity all occasions on which You or any prior owner, assignee, or exclusive licensee offered, were offered, or agreed to license, convey, or acquire any rights in or to any of the Patents-in-Suit and for each such instance, identify any Third Party involved in the offeree, the patents involved, the dates of any relevant communications, the proposed (and, if

applicable, actual) terms or conditions of the proposed or actual license or other acquisition (including monetary, temporal, geographic, and other terms), all individuals having knowledge regarding the instance, and all Documents comprising, referring or relating to, or reflecting the instance.

**INTERROGATORY NO. 3:**

Describe with particularity All Prior Art to the Patents-in-Suit or Related Patents known (or made known) at any time to You, the inventor(s) of the Patents-in-Suit or Related Patents, or any Person involved in the prosecution of the Patents-In-Suit or Related Patents and the circumstances under which You were made known of All Prior Art.

**INTERROGATORY NO. 4:**

Beginning with the alleged conception date of any claim of any Patent-in-Suit, Identify Each Person that has held or currently holds any ownership or other interest or right in Uniloc USA, Inc., Uniloc Luxembourg, S.A., Uniloc Corporation PTY Limited, the Patents-in-Suit, or any interest in the proceeds from the assertion of the Patents-in-Suit, whether by ownership, assignment, license, contingent fee, consulting agreement, or otherwise, and for Each such Person Identify the right(s) and interest(s) held and any Documents Related to any such right(s) and interest(s).

**INTERROGATORY NO. 5:**

State whether You contend that any objective indicia or secondary considerations (such as commercial success, long-felt need, failed attempts of others to solve a problem, initial skepticism, industry recognition and praise for patented products, unexpected results or properties, licenses, and copying and imitation by others) are relevant in determining the issue of obviousness of the subject matter claimed in the Patents-in-Suit under 35 U.S.C. § 103, and, if