**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Jennifer Greenblatt (*pro hac vice*)
Doug Winnard (CA Bar No. 275420)
Andrew J. Rima (*pro hac vice*)
Emma C. Neff (*pro hac vice*)
Lauren Abendshien (*pro hac vice*)
Shaun Zhang (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eross@goldmanismail.com
labendshien@goldmanismail.com
szhang@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

(Additional counsel listed in signature block)

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case Nos.   3:18-cv-00360-WHA<br>3:18-cv-00363-WHA<br>3:18-cv-00365-WHA<br>3:18-cv-00572-WHA<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>DATE: Thursday, January 10, 2019<br>TIME: 8:00 a.m.<br>COURTROOM: 12, 19th Floor<br>JUDGE: Hon. William Alsup |

*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

I.      INTRODUCTION................................................................................................1

II.     PLAINTIFFS LACKED ARTICLE iii STANDING AT THE TIME OF
        FILING ...............................................................................................................2

        A.      *Mann* Does Not Support Plaintiffs' Standing Argument ...............................3

        B.      Proper Application of the Law Establishes that Plaintiffs Lacked Standing ..............5

        C.      Plaintiffs Cannot and Do Not Challenge the Unambiguous Terms of Fortress'
                Agreements with Plaintiffs ...........................................................................7

                1)      Mr. Palmer's Declaration is Irrelevant............................................8

                2)      Plaintiffs' New Testimonial Evidence is Inadmissible Parol Evidence..........8

III.    PLAINTIFFS CANNOT CURE THEIR CURRENT STANDING
        PROBLEM NOW ..............................................................................................11

IV.     DISMISSAL WITH PREJUDICE IS APPROPRIATE.....................................12

V.      CONCLUSION ..................................................................................................15

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

# TABLE OF AUTHORITIES

**CASES**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
  2017 WL 3668597 (D. Del. Aug. 24, 2017) ................................................................5, 6

*Alfred E. Mann Foundation for Science v. Cochlear Corp.*,
  604 F.3d 1354 (Fed. Cir. 2010) ...........................................................................passim

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
  434 F.3d 1336 (Fed. Cir. 2006) ..................................................................................4, 5

*AssymetRx, Inc. v. Biocare Medical, Inc.*,
  582 F.3d 1314 (Fed. Cir. 2009) .....................................................................................5

*Janssen Pharmaceutica, N.V. v. Apotex, Inc.*,
  540 F.3d 1353 (Fed. Cir. 2008) ...................................................................................14

*Jarecki v. Shung Moo Louie*,
  745 N.E.2d 1006 (2001) .............................................................................................8, 9

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) .......................................................................................12

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
  814 F.3d 1343 (Fed. Cir. 2016) .............................................................................2, 3, 5

*MKB Constructors v. Am. Zurich Ins.*,
  49 F. Supp. 3d 814 (W.D. Wash. 2014) .........................................................................9

*Morrow v. Microsoft*,
  499 F.3d 1332 (Fed. Cir. 2007) .....................................................................................3

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*,
  676 F. App'x 967 (Fed. Cir. 2017) ..............................................................................12

*Prima Tek LLC v. A-Roo Co.*,
  222 F.3d 1372 (Fed. Cir. 2000) .....................................................................................5

*Raniere v. Microsoft Corp.*,
  2016 WL 4626584 (N.D. Tex. Sept. 2, 2016),
  *aff'd* 673 Fed. App'x 1008 (Fed. Cir. 2017) ..............................................................13

*Snapp v. United Trans. Union*,
  889 F.3d 1088 (9th Cir. 2018) .......................................................................................9

*Speedplay, Inc. v. Bebop, Inc.*,
  211 F.3d 1245 (Fed. Cir. 2000) .................................................................................5, 7

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010)..................................................................................................3, 5

*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED*

## I.    INTRODUCTION

Apple's Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion") established, based on the unambiguous language of Plaintiffs' licensing agreements, the following facts:

- ███████████████████████████████████████████████████████████
  ███████████████████████████████████████████████

- ███████████████████████████████████████████████████████████
  ████████████████████████

- ███████████████████████████████████████████████████████████
  ███████████████████████████████████████████████████████████

- ███████████████████████████████████████████████████████████
  ██████████████████████████████████████████████

- ███████████████████████████████████████████████████████████

Plaintiffs dispute **none** of these facts in their Opposition to Apple's Motion ("Opposition"). Taken together, these uncontroverted facts lead to an inescapable conclusion: ███████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
██████████████████████████████ As Plaintiffs lacked constitutional standing at the time of filing, Apple's Motion should be granted.

Plaintiffs' sole basis for asserting that they did have standing at the time of filing hinges on a misinterpretation of a single case, *Alfred E. Mann Foundation for Science v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010). (Uniloc's 11/12/18 Opposition to Apple's Motion to Dismiss, Dkt. No. 142 ("Opp.") 4–10.) In *Mann*, the Federal Circuit held that there cannot be **more than one** entity with the right to bring a patent-infringement case by itself. *Id.* at 1359–1360, 1359 n.2. The Federal Circuit did not hold, as Plaintiffs wrongly suggest, that there **must be** at least one entity that possesses that right. (Opp. 6.) This issue was not presented, much less decided as Plaintiffs wish, in

---

[1] Documents referenced herein are to case number 3:18-cv-00360-WHA.

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1  *Mann.* Plaintiffs' argument is not only based on a logical fallacy, but is contrary to *Mann* itself.

2  Plaintiffs lacked the right to exclude Apple at the time of filing, and their cases must be dismissed.

3  Apple's Motion also established that, even if Plaintiffs had standing at the time of filing,

4  they lacked standing when Apple filed its Motion. Plaintiffs have conceded as much. But rather

5  than attempt to show that they do have standing now, Plaintiffs have represented that they will be

6  restructuring their business and licensing arrangements to create standing in the future. (Opp. 10.)

7  These new contractual arrangements—which Plaintiffs did not submit as evidence supporting, or

8  describe in, their brief—are too little, too late. The Court's deadline to add new parties passed on

9  June 28, 2018. (5/1/18 Case Management Order, Dkt. No. 70 ¶ 3.) Plaintiffs knew, or should have

10  known, of their current standing problem no later than March 28, when they agreed to the

11  arrangements that existed at the time the Motion was filed. Yet Plaintiffs took no steps to correct

12  the resulting standing issue or disclose their division of rights to Apple and the Court. Instead,

13  Plaintiffs concealed and repeatedly misrepresented the facts underlying their licensing

14  arrangements. And it was only ***after*** Apple had uncovered those transactions that Plaintiffs

15  attempted to address their current lack of standing. Plaintiffs were deceitful, not diligent. They

16  cannot show good cause to amend their pleadings now; their cases should thus be dismissed.

17  This dismissal should be with prejudice. Plaintiffs repeatedly misrepresented to the Court

18  the rights and interests in the patents-in-suit. Plaintiffs concealed and wrongly denied the existence

19  of evidence reflecting the true division of those rights. Plaintiffs' only excuse for this behavior is

20  ████████████████████████████████████████████████████ and did not

21  understand the legal significance of the rights they had granted to that entity. (Opp. 11.) But

22  Plaintiffs' ignorance does not excuse their misconduct. Dismissal with prejudice is appropriate.

23  **II.    PLAINTIFFS LACKED ARTICLE III STANDING AT THE TIME OF FILING**

24  Plaintiffs do not—and cannot—substantively challenge the two fundamental principles

25  regarding Article III standing that underpin Apple's Motion. First, Plaintiffs do not contest that the

26  right to exclude is an absolute prerequisite for standing. *Luminara Worldwide, LLC v. Liown Elecs.*

27  *Co.*, 814 F.3d 1343, 1347 (Fed. Cir. 2016) ("Under our precedent, only parties with exclusionary

28  rights to a patent may bring suit for patent infringement." (citing *Morrow v. Microsoft*, 499 F.3d

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1332, 1339 (Fed. Cir. 2007))); *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010) ("[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury."). Second, Plaintiffs do not explain how a plaintiff can have the right to exclude an accused infringer if another party has an unfettered right to license the patent to that accused infringer. *See WiAV*, 631 F.3d at 1266. Taking these two principles together, a plaintiff lacks standing to sue an accused infringer if another party possesses an unfettered right to grant sublicenses to that accused infringer. *Luminara*, 814 F.3d at 1348.

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████ Plaintiffs offer virtually no rebuttal to these facts, which are dispositive of the standing inquiry. Instead, Plaintiffs' defense turns on a specious legal theory and inadmissible parol evidence.

## A.   *Mann* Does Not Support Plaintiffs' Standing Argument

Plaintiffs' Opposition throws the fundamental principles of standing out the window based on a misreading of a single Federal Circuit case, *Mann*. First and foremost, *Mann* is inapposite. In *Mann*, the issue presented was whether or not a patentee had transferred "all substantial rights" to an exclusive licensee. 604 F.3d at 1359–60. *Mann* only analyzed the division of exclusionary rights between two entities. *Id*. It never addressed the issue presented here: whether a **third** entity holding an **unfettered** right to sublicense an accused infringer vitiates a plaintiff-owner's right to exclude that infringer and thereby deprives the plaintiff of standing. Contrary to Plaintiffs' argument, nothing in *Mann* "clarif[ied]" or changed the requirement that a plaintiff must hold exclusionary rights to have constitutional standing, as stated in *Morrow* and in several Federal Circuit cases since. *See, e.g., Morrow*, 499 F.3d at 1340–41; *Luminara*, 814 F.3d at 1347; *WiAV*, 631 F.3d at 1265. Indeed, *Mann* does not cite *Morrow* a single time, let alone distinguish it.

Even if *Mann* were relevant here, it would not support Plaintiffs. Plaintiffs read *Mann* as

1  establishing an oxymoronic "default rule" that there "generally always" must exist one entity that is

2  a "CATEGORY ONE" plaintiff—that is, a plaintiff with standing to sue on its own. (Opp. 4–6.)

3  This "default" rule has no support in *Mann*. *Mann* held that there cannot be **more than one** entity

4  with the right to sue in its own name. 604 F.3d at 1359 ("[A] patent may not have multiple separate

5  owners for purposes of determining standing to sue."). But it does not follow logically, as Plaintiffs

6  suggest, that there **must be one** entity with that right. (Opp. 6.) *Mann* did not consider, much less

7  resolve, that issue.

8      Further, nothing in *Mann* supports Plaintiffs' "inertial" theory of standing, in which

9  "CATEGORY ONE status remains with whomever [sic] had it before the division" of "'all

10  substantial rights' . . . between two persons." (Opp. 6.) To the contrary, *Mann* stands for **the exact**

11  **opposite** proposition: when "all substantial rights" are divided between a patent owner and

12  exclusive licensee, it may be that **neither** has "CATEGORY ONE" status that would enable one to

13  sue in its name alone. In *Mann*, the Federal Circuit held that, where an agreement conveys some,

14  but not all, substantial rights to the patents-in-suit, it operates as an exclusive license rather than an

15  as assignment. *Mann*, 604 F.3d at 1363; *see also Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434

16  F.3d 1336, 1342–43 (Fed. Cir. 2006). And, importantly, the patent owner that conveys those rights

17  does **not** retain the right to sue, on its own. *See Aspex*, 434 F.3d at 1344 ("For the same policy

18  reasons that a patentee must be joined in any lawsuit involving his or her patent, there must be

19  joinder of any exclusive licensee."); *see also Mann*, 604 F.3d at 1363 (remanding for the district

20  court to consider whether the exclusive licensee was an indispensable party, and if so, whether the

21  case needed to be dismissed). To borrow Plaintiffs' parlance, *Mann* establishes that a patent owner

22  who no longer possesses "all substantial rights" is not a CATEGORY ONE plaintiff but—at most—

23  a CATEGORY TWO plaintiff who cannot sue in its name, alone. And Plaintiffs readily concede

24  that "CATEGORY TWO status requires exclusivity." (Opp. 7.) ████████████████████

25  ████████████████████████████████████████████

26      Nor does *Mann* or any of the other cases cited by Plaintiffs support their argument that "a

27  right to sublicense" cannot deprive a patent owner of standing. (Opp. 6–7.) To the contrary, *Mann*

28  recognized that an unfettered sublicensing right could vitiate a patent owner's exclusionary rights.

1  604 F.3d at 1362, citing *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000). The

2  particular sublicensing right at issue in *Mann*, however, was fettered: any sublicense was required

3  to include "the payment of specified pass-through royalties to" the owner. 604 F.3d at 1358, 1362;

4  *see also Aspex*, 434 F.3d at 1342–43 (licensee's sublicense rights limited in time); *AssymetRx, Inc.*

5  *v. Biocare Medical, Inc.*, 582 F.3d 1314, 1320 (Fed. Cir. 2009) (licensee's sublicense rights limited

6  by royalty-sharing requirement).[2] Neither *Mann* nor any of the other cases cited by Plaintiffs holds

7  that a licensee's sublicensing right can never deprive a patent owner of standing. And none allows

8  Plaintiffs to side-step the constitutional requirement of holding the right to exclude.

9      Lastly, Plaintiffs' argument is contradicted by their pleadings. In their Opposition, Plaintiffs

10  argue that Uniloc Lux had the ability to sue on its own because it had not transferred "all substantial

11  rights" in its patents to another entity. (Opp. 6.) Plaintiffs' entire theory of standing is predicated on

12  their contention that Uniloc Lux never lost "CATEGORY ONE" status because it never transferred

13  away all substantial rights. (*Id.* 3, 6, 9–10.) But Plaintiffs alleged in their Complaints that ***Uniloc***

14  ***USA***, not Uniloc Lux, held "all substantial rights" in the patents-in-suit. (*E.g.*, Plaintiffs' 5/26/17

15  Complaint, Dkt. No. 1 ¶ 9.) The factual underpinning of Plaintiffs' argument is belied by their own

16  allegations. Plaintiffs' argument should be rejected for this additional reason.

17  **B.     Proper Application of the Law Establishes that Plaintiffs Lacked Standing**

18      The Federal Circuit indicated in both *Luminara* and *WiAV* that a plaintiff lacks standing

19  when a third party has an unfettered right to grant sublicenses. *Luminara*, 814 F.3d at 1348; *WiAV*,

20  631 F.3d at 1266. At least one district court, presented with facts very similar to those here, has held

21  that such a right deprives the plaintiff of standing. *Acceleration Bay LLC v. Activision Blizzard,*

22  *Inc.*, 2017 WL 3668597, at \*3 (D. Del. Aug. 24, 2017). In *Acceleration Bay*, the plaintiff obtained

23  patents by assignment from the prior patent owner, Boeing. *Id.* at \*1; (Ex. BB, Case No. DED-1-16-

24  cv-00543 Dkt. No. 1). Boeing, however, had previously granted a non-exclusive license to a third

25  party, Sony, that included the right to grant sublicenses to Sony's publishers within a certain field of

26  use. *Acceleration Bay*, 2017 WL 36685897 at \*3. The defendants were Sony publishers who sold

27  ─────────────

28      [2] *Prima Tek LLC v. A-Roo Co.* is simply irrelevant: the court there dismissed the case for
    lack of standing because the licensee did not hold all substantial rights; the court did not hold that a
    party could sue absent exclusionary rights. 222 F.3d 1372, 1382 (Fed. Cir. 2000).

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1   products within that field of use. *Id.* at *1. Because third-party, Sony, had the right to license the

2   defendants in the relevant field, the court determined that the plaintiff "ha[d] not shown that it had

3   the right under the patents to exclude the Defendants from engaging in the alleged infringing

4   activity, and therefore held that the plaintiff "lack[ed] standing to sue Defendants with respect to

5   games covered by the Sony license." *Id.* at *3.

6   ██████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████████

14  ██████████████████████   *Acceleration Bay* directly rebukes Plaintiffs' theory that a patent owner is

15  immune from the requirement that it must possess the right to exclude the accused infringer.

16       Plaintiffs complain, as did the patentee in *Acceleration Bay*, that applying *WiAV* and

17  *Luminara* would render their patents unenforceable. (Opp. 8.) But this is a predicament of

18  Plaintiffs' own making. ██████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████████

21  █████████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████████████

26  ───────────────────

    3  ████████████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████████████████████

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15      **C.      Plaintiffs Cannot and Do Not Challenge the Unambiguous Terms of Fortress'**
16              **Agreements with Plaintiffs**

17

18

19              Tellingly, Plaintiffs do not dispute the clear language of their own
20      contracts, nor do they contest Apple's interpretation of that language.

21

22

23

24              But Plaintiffs provide no legal argument based on this
25      declaration, which can be ignored for this reason alone. In any event, Mr. Palmer's testimony
26      should be disregarded as both irrelevant and inadmissible.

27      _____

28      4

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1)  <u>Mr. Palmer's Declaration is Irrelevant</u>

2)  <u>Plaintiffs' New Testimonial Evidence is Inadmissible Parol Evidence</u>

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1 ███████████████████████████████████████████████████████████████

2 **III.   PLAINTIFFS CANNOT CURE THEIR CURRENT STANDING PROBLEM NOW**

3       Apple's Motion raised a second independent reason to dismiss Plaintiffs' suits: the named

4 Plaintiffs lacked standing from May 3 until Apple filed its Motion on October 25. (Mot. 15–22.)

5 Plaintiffs now concede that Apple is right: Plaintiffs agree that Uniloc Lux has no standing, and

6 they do not dispute that Uniloc USA lacks standing, as well. Plaintiffs' sole argument for Uniloc

7 2017's ability to sue as of May 3 is based on the same misinterpretation of *Mann* outlined above.

8 (Opp. 8–10.) Tellingly, even Plaintiffs do not seem to believe their own argument: after Apple filed

9 its Motion, Uniloc 2017 dismissed over 35 cases nationwide that it had filed after May 3 in which

10 Uniloc 2017 and/or Uniloc USA were plaintiffs. (Winnard Decl. ¶ 10.) There should be no dispute

11 that, between May 3 and when Apple filed its Motion, neither Uniloc 2017 nor the named Plaintiffs

12 had constitutional standing to sue.

13       Plaintiffs now represent that they are executing new agreements that would ostensibly cure

14 Uniloc 2017's current lack of standing. (Opp. 10.) But even though it is Plaintiffs' burden to

15 establish that they have standing, they did not attach or even describe the documents referenced in

16 their brief. Of course, these new documents can do nothing to cure Plaintiffs' lack of standing at the

17 time of filing. And Plaintiffs' belated efforts to fix their current standing problem should be

18 rejected.

19       As a threshold matter, Plaintiffs cannot show good cause, as Federal Rule of Civil Procedure

20 16(b) requires, to amend their pleadings to add Uniloc 2017 as plaintiff. This Court's Scheduling

21 Order set June 28, 2018, as the deadline to add new parties or amend the pleadings. (Dkt. No. 70.)

22 ███████████████████████████████████████████████████████████████

23 ███████████████████████████████████████████████████████████████

24 ███████████████████████████████████████████████████████████████

25 ██████████████████████████████████████████████████ Yet Plaintiffs said

26 nothing, and they disclosed nothing—not to Apple, and not to the Court. Worse, Plaintiffs

27 continued to misrepresent their rights and interests by falsely stating to the Court—in late August—

28 that Uniloc USA was an "exclusive license[e]" (Plaintiffs' 8/29/18 Detailed Account of Patent

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

Ownership History, Dkt. No. 120 at 1), and that Uniloc 2017 held "the right to all causes of action" (Plaintiffs' 8/23/18 Motion to Join, Dkt. No. 119 at 2). Plaintiffs offer no excuse or explanation for this conduct. And even if Plaintiffs did not understand the legal significance of their licensing machinations, their ignorance of the law cannot meet the "good cause" requirement. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

In any case, Plaintiffs have not met their burden to show that their new agreements do indeed cure their standing problem.



. In any event, Plaintiffs have not furnished evidence of these amendments to the Court and cannot rely on them in opposing Apple's Motion.

## IV.   DISMISSAL WITH PREJUDICE IS APPROPRIATE

Although dismissal for lack of jurisdiction is generally without prejudice, dismissal with prejudice is appropriate where, as here, the plaintiff has engaged in misconduct and made misrepresentations. *See Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967, 972 (Fed. Cir. 2017) (affirming dismissal with prejudice for lack of standing where patentee "did not present a consistent picture of ownership" and "at no point even made an attempt to

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1   explain the blatant inconsistences in its previous positions on standing"); *Raniere v. Microsoft*

2   *Corp.*, 2016 WL 4626584, at \*4 (N.D. Tex. Sept. 2, 2016) (dismissing with prejudice for lack of

3   standing based in part on plaintiffs' "clear history of delay and contumacious conduct"), *aff'd* 673

4   Fed. App'x 1008 (Fed. Cir. 2017). Plaintiffs' behavior—and their complete failure to explain or

5   justify it—warrants dismissal with prejudice.[7]

6          ***First***, in response to the Court's order to provide a complete and detailed statement of

7   ownership in the patents-in-suit, Plaintiffs misled the Court in several respects. Despite the Court's

8   clear directive to include licensing information (8/22/18 Order Setting Discovery Hearing, Dkt. No.

9   118 at 2), Plaintiffs did not disclose Fortress' rights in the patents-in-suit. (Dkt. 120 at 1.) ████

10  ████████████████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████████████████

12  ████████████████████████████████ Plaintiffs have also never explained why they falsely

13  represented to the Court that Uniloc USA possessed an "exclusive license" to the patents-in-suit as

14  of May 3, 2018. (Dkt. No. 120 at 1; Ex. HH, Hearing Tr. at 5:6–9.) ████████████████

15  ████████████████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████

21      ████████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████████████████

26  ████████████████████████████ Apple sought this discovery nearly a year ago, and but for

27  _____

28      [7] Apple also intends to seek attorneys' fees and costs if the Court grants relief with respect to this Motion.

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1    Plaintiffs' concealment and misrepresentations, Apple could have presented this standing problem

2    to the Court **before** the parties and the Court had expended substantial resources with the Court's

3    shootout procedure.

4         ***Third***, Plaintiffs have offered no justification for inducing the Court to enter final judgment

5    in the -358 action at a time when the Court lacked subject-matter jurisdiction. Plaintiffs concede

6    that Uniloc Lux had no standing after May 3, 2018, and they offer no argument that Uniloc USA

7    had standing, either. (Opp. 8–9.) Plaintiffs thus do not dispute that, when the Court entered final

8    judgment in the -358 action on May 18, 2018, the named Plaintiffs did not have standing to sue.

9    And, unlike in the other actions, Plaintiffs cannot even attempt to cure this defect in the -358 matter

10   because the Court has already entered final judgment. *See Janssen Pharmaceutica, N.V. v. Apotex,*

11   *Inc.*, 540 F.3d 1353, 1363 n.9 (Fed. Cir. 2008) ("As Apotex failed to cure the jurisdictional defect

12   by the time the district court entered final judgment, we need not reach the issue of whether this

13   case constitutes one of the limited circumstances in which temporary jurisdictional defects can be

14   cured."). As of at least March 28, 2018—less than two weeks after Apple filed its motion for

15   judgment on the pleadings—Plaintiffs knew that they intended to execute the May 3 licensing

16   transactions that would ultimately deprive the Court of subject-matter jurisdiction. But Plaintiffs

17   disclosed nothing about these transactions until the Court ordered them to do so in September,

18   months after the Court had entered final judgment in the -358 action.

19        Even now, Plaintiffs continue to mislead the Court. Plaintiffs argue that the transfer of rights

20   from Uniloc Lux to Uniloc 2017 was "reported to Apple." (Opp. 11.) This is dishonest. Plaintiffs

21   executed various patent assignments and licenses on May 3, 2018, but said nothing about those

22   arrangements for months. It was not until Apple learned from public records of a possible transfer

23   of the patents; those public records, however, included no information about Plaintiffs' licensing

24   arrangements. Apple then sent Plaintiffs a letter on August 9, which set in motion a series of events

25   culminating in this Court's issuing an order compelling Uniloc to produce documents about the

26   assignment and licensing of rights in the patents-in-suit. (Mot. 8–10.) Plaintiffs cannot claim, in

27   good faith, that they were forthcoming about these transactions. Plaintiffs' characterization of the

28   May 3 transactions as a mere "transfer" of rights is similarly misleading. (Opp. 11.) As Apple

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1  explained in its Motion, the assignment from Uniloc Lux to Uniloc 2017 was only a small piece of

2  the puzzle, and the only piece that Plaintiffs disclosed publicly and willingly. (Mot. 2–10.) Several

3  other agreements, ████████████████████████████████████████████████████████████

4  ██████████████, fundamentally altered the nature of the rights held in the patents at issue.

5  (Mot. 7–8.) Plaintiffs withheld those documents, producing them only after Apple and the Court

6  had expended resources addressing Plaintiffs' hide-the-ball tactics.

7          Dismissal with prejudice for lack of standing is not the ordinary result, but it is appropriate

8  where the plaintiff has engaged in a pattern of misconduct and deception. Here, Plaintiffs: (1) failed

9  to disclose ███████████████████ in contravention of the Court's August 22 order (Mot. 24); (2)

10  misrepresented Uniloc USA's status as an "exclusive licensee" and misstated the nature of Uniloc

11  USA's rights in the patents-in-suit (Mot. 23); (3) misrepresented Uniloc 2017 as holding all rights

12  in the causes of action despite it having alienated those rights to others (Mot. 18–21); (4) wrongly

13  concealed ███████████████ in response to Apple's request for production of licenses to the

14  patents-in-suit (Mot. 23); (5) falsely represented in response to interrogatories that they had no

15  information about licensing rights in the patents-in-suit (Mot. 22, 24.); and (6) failed to disclose that

16  the named Plaintiffs in the -358 action lacked standing at the time the Court entered final judgment

17  (Mot. 23–24). Plaintiffs have repeatedly deceived Apple and the Court, even in response to the

18  Court's order compelling them to be forthcoming about the division of rights and interests in the

19  patents-in-suit. Plaintiffs had plenty of opportunities to be forthcoming about their standing

20  problems, but they chose not to do so. Dismissal with prejudice is warranted in these circumstances.

21  **V.      CONCLUSION**

22          Plaintiffs cannot show they had standing to sue at the time of filing. ███████████████

23  ██████████████████████████████████████████████████████████████████████████

24  ██████████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████ Nothing in Plaintiffs' Opposition challenges

26  the factual or legal basis for this conclusion. Nor have Plaintiffs met their burden to show that they

27  presently have standing, or offered any explanation for their history of misrepresentations and

28  misconduct. The Court should grant Apple's Motion and dismiss Plaintiffs' cases with prejudice.

**\*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED\***

1  DATED:  November 27, 2018                   Respectfully submitted,

2

3                                                 */s/ Doug Winnard*
                                                 Michael T. Pieja (CA Bar No. 250351)
4                                                 Alan E. Littmann (*pro hac vice*)
                                                 Jennifer Greenblatt (*pro hac vice*)
5                                                 Doug Winnard (CA Bar No. 275420)
                                                 Andrew J. Rima (*pro hac vice*)
6                                                 Emma C. Neff (*pro hac vice*)
                                                 Lauren Abendshien (*pro hac vice*)
7                                                 Shaun Zhang (*pro hac vice*)
8                                                 GOLDMAN ISMAIL TOMASELLI
                                                 BRENNAN & BAUM LLP
9                                                 564 W. Randolph St., Suite 400
                                                 Chicago, IL 60661
10                                                Tel: (312) 681-6000
                                                 Fax: (312) 881-5191
11                                                mpieja@goldmanismail.com
                                                 alittmann@goldmanismail.com
12                                                jgreenblatt@goldmanismail.com
                                                 dwinnard@goldmanismail.com
13                                                arima@goldmanismail.com
                                                 eross@goldmanismail.com
14                                                labendshien@goldmanismail.com
                                                 szhang@goldmanismail.com
15

16                                                Kenneth Baum (CA Bar No. 250719)
17                                                GOLDMAN ISMAIL TOMASELLI
                                                 BRENNAN & BAUM LLP
18                                                429 Santa Monica Boulevard, Suite 710
                                                 Santa Monica, CA 90401
19                                                Tel: (310) 576-6900
                                                 Fax: (310) 382-9974
20                                                kbaum@goldmanismail.com

21

22                                                *Attorneys for Defendant Apple Inc.*

23

24

25

26

27

28

*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED*

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** has been served on November 27, 2018, to all counsel of record who are deemed to have consented to electronic service.


*/s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)