IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC USA, INC.; and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | No. C 18-00360 WHA <br> No. C 18-00363 WHA <br> No. C 18-00365 WHA <br> No. C 18-00572 WHA <br><br> **ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO INTERVENE** |

In connection with the motion to dismiss for lack of subject-matter jurisdiction, both sides filed administrative motions to file under seal (Dkt. Nos. 134, 141, 146).[*] Here, "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure" are required to justify sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

Each of the aforementioned administrative motions seeks to seal information based on plaintiffs' confidentiality designations. Plaintiffs' supporting declarations claim that the documents contain "confidential and proprietary information related to financial data, licensing terms and business plans with respect to various Uniloc entities" and that disclosure of such information "would create a substantial risk of serious harm to the Uniloc entities" (*e.g.*, Dkt. No. 137 ¶ 4). This, by itself, fails to show a compelling reason to justify sealing.

---

[*] The docket numbers referenced herein relate to Case No. C 18-00360 WHA.

*First*, the declarations provide no further explanation regarding why or how public disclosure of this information could cause commercial harm. Plaintiffs' generalized assertion of potential competitive harm fails to outweigh the public's right to learn of the ownership of the patents-in-suit — which grant said owner the right to *publicly* exclude others. This is especially true given that the law has developed regarding standing issues, which turns on machinations such as those at issue in the instant actions. *Second*, the scope of plaintiffs' requests is astonishing. Plaintiffs seek to seal the majority of exhibits and large swaths of briefing and declarations. Even a cursory review reveals that plaintiffs' requested redactions contain non-sealable material. As one non-exhaustive example, plaintiffs seek to redact portions of defendant Apple Inc.'s motion that simply quote Federal Circuit law (*e.g.*, Dkt. No. 134-4 at 15). The requests are thus far from "narrowly tailored" as required by Civil Local Rule 79-5(b).

In short, plaintiffs' supporting declarations fail to justify sealing of the aforementioned information. Accordingly, these administrative motions are **DENIED**. Plaintiffs have **TWO WEEKS** to seek appellate review of this order to obtain redactions, failing which each movant shall file unredacted versions of their documents on the public docket by **FEBRUARY 8 AT NOON**.

\*         \*         \*

In light of this order's ruling on the administrative motions to file under seal, proposed intervenor Electronic Frontier Foundation's motion to intervene (Dkt. No. 152) is **GRANTED** for the purpose of opposing plaintiffs at the United States Court of Appeals for the Federal Circuit in the event plaintiffs seek appellate review of this order. Proposed intervenor's motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: January 17, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE