James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Telephone: 617-456-8000
Facsimile: 617-456-8100

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651

ATTORNEYS FOR THE PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC; and UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | **Case Nos.  3:18-cv-00360-WHA**<br>**3:18-cv-00363-WHA**<br>**3:18-cv-00365-WHA**<br>**3:18-cv-00572-WHA**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019, ORDER RE SEALING OF ORDER ON MOTION TO DISMISS AND MOTION TO JOIN PARTY, AND ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO INTERVENE** |

**TABLE OF CONTENTS**

I.   BACKGROUND ...................................................................................................................1

II.  MOTIONS FOR RECONSIDERATION ...........................................................................1

III. LEGAL STANDARDS FOR SEALING DOCUMENTS....................................................2

IV.  REVISED REDACTIONS AND SEALED DOCUMENTS ...............................................5

    A.   Apple Inc.'s Motion to Dismiss .................................................................................7

    B.   Conformed Revenue Sharing and Note and Warrant Purchase Agreement. ...........8

    C.   Revenue Sharing and Note and Warrant Purchase Agreement Between Uniloc Fortress. ........................................................................................................10

    D.   Deposition transcript of Erez Levy. .........................................................................11

    E.   Deposition transcript of Drake Turner. ...................................................................11

    F.   Uniloc Luxembourg, S.A. and Uniloc USA, Inc.'s Disclosure Schedules ............11

    G.   License Agreement between Uniloc 2017 LLC and Uniloc Licensing USA .......12

    H.   Note Purchase and Security Agreement between Uniloc 2017 LLC and CF Uniloc Holdings LLC. ..............................................................................................12

    I.   Apple Reply in Support of Motion to Dismiss. .......................................................12

    J.   Declaration of Doug Winnard in Support of Defendant Apple Inc.'s Reply.........12

    K.   Settlement and License Agreement between Microsoft Corporation and Uniloc.........................................................................................................................13

    L.   Heads of Agreement between Fortress Credit Corp. and Crag S. Etchegoyen......13

V.   DISCUSSION......................................................................................................................13

VI.  CONCLUSION...................................................................................................................14

# TABLE OF AUTHORITIES

**CASES**

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
    727 F.3d 1214 (Fed. Cir. 2013)..................................................................................3, 4

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
    No. 11-CV-01846-LHK, 2012 WL 4933287 (N.D. Cal. Oct. 16, 2012)..................4, 9, 10

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 11-cv-01846-LHK, 2012 WL 694745 (N.D. Cal. Mar. 1, 2012)........................2

*Arista Networks, Inc. v. Cisco Sys., Inc.*,
    No. 16-cv-00923-BLF, 2018 WL 2010622 (N.D. Cal. Apr. 30, 2018) .......................... passim

*Clark v. Bunker*,
    453 F.2d 1006 (9th Cir. 1972) ...................................................................................4

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) .................................................................................10

*France Telecom S.A. v. Marvell Semiconductor, Inc.*,
    No. 12-cv-04967-WHO, 2014 WL 4965995 (N.D. Cal. Oct. 3, 2014) .................4, 8

*Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*,
    340 F. Supp. 3d 934 (N.D. Cal. 2018) ......................................................................9

*In re Casewell*,
    18 R.I. 835, 29 A. 259 (1893) ...................................................................................3

*In re Elec. Arts, Inc.*,
    298 Fed. Appx. 568 (9th Cir. 2008) ..........................................................................4

*Juicero, Inc. v. iTaste Co.*,
    No. 17-cv-01921-BLF, 2017 WL 8294276 (N.D. Cal. Jun. 28, 2017).....................3

*Kamakana v. City & Cty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ...............................................................................2, 4

*Nixon v. Warner Comm.'s, Inc.*,
    435 U.S. 589 (1978)................................................................................................2, 3

*Oracle America, Inc. v. Google Inc.*,
    No. 10-cv-03561-WHA (DMR) (C.D. Cal. Mar. 21, 2016) (ECF No. 1541) ..........2

*Transperfect Global, Inc. v. MotionPoint Corp.*,
    No. C 10-2590-CW, 2014 WL 4950082 (N.D. Cal. Sept. 25, 2014)........................3

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
    No. 10-cv-3724-CW, 2013 WL 4426507 (N.D. Cal. Aug. 14, 2013) .............4, 9, 10

*Van v. Language Line Servs., Inc.*,
    No. 14-CV-03791-LHK, 2016 WL 3566980 (N.D. Cal. Jun. 6, 2016) ....................3

**RULES**

Civ. L.R. 7-9(a)................................................................................................................1

Civ. L.R. 7-9(b)..............................................................................................................14

Civ. L.R. 7-9(b)(1)....................................................................................................1, 14

Civ. L.R. 7-9(b)(2)...........................................................................................................1

Civ. L.R. 79-5(e)(1) ..................................................................................................................14

**OTHER AUTHORITIES**

*Restatement (First) of Torts* § 757, cmt. b .................................................................................4

PLEASE TAKE NOTICE THAT, pursuant to Civil Local Rule 7-9(a), Plaintiffs, Uniloc 2017 LLC and Uniloc Luxembourg, S.A., (collectively, "Uniloc"), respectfully move for reconsideration of the Court's January 17, 2019, Order re Sealing of Order on Motion to Dismiss and Motion to Join Party, Dkt. No. 158, and Order Re Administrative Motions to File Under Seal and Motion to Intervene, Dkt. No. 159.[1]  The instant Motion applies to all of the above-captioned cases.

Defendant Apple Inc. ("Apple") informed Uniloc that Apple does not take a position as to this motion for reconsideration.

Third-party Electronic Frontier Foundation ("EFF") informed Uniloc that, "[b]ased on the [February 12, 2019] draft [shared with EFF], we will oppose the motion for reconsideration at least in part."

**I.  BACKGROUND**

The background related to Apple's motion to dismiss, the parties' motions to seal with relation thereto, and the Court's January 17, 2019, Orders, is detailed in Sections I-II of Uniloc's Motion for Leave.

**II.  MOTIONS FOR RECONSIDERATION**

The above-captioned cases between Uniloc and Apple are currently stayed, pending IPRs of several of the patents-in-suit.  As such, there has been no "entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case," and so the instant motion for leave is timely.  Civ. L.R. 7-9(a).

This motion for leave is made pursuant to Civil Local Rules 7-9(b)(1) and (2).  In particular, EFF's moved to intervene after all of the briefing was completed and just one day before oral arguments on the substantive motion.  The Court's Order on Motions to File Under Seal was issued before Uniloc even had the chance to respond to EFF's motion.  Further, this Court's Order on Motions to File Under Seal lead to a different result than seen in the District of Delaware, where the same documents were accepted under seal in support of the same motion.[2]  Uniloc recognizes that the law of Third Circuit and the practice of the District of Delaware are different than those of the

---

[1] For the sake of simplicity, all docket citation herein are to Case No. 3:18-cv-00360-WHA.

[2] Indeed, Motorola submitted nearly all of the same documents in the same order; made nearly identical arguments; and lifted whole-cloth parts of Apple's sealed motion to dismiss.

Ninth Circuit and this Court. As such, Uniloc recognizes that different results were possible between the two courts. But, still, the outcome came as a surprise.

In any event, the Court's Order prompted Uniloc and non-party Fortress Credit Co. LLC ("Fortress") to rereview the materials the parties sought to seal. Taking these into account, Uniloc and Fortress identified those portions of the matters submitted under seal that could be made public without (significant) damage to their trade secrets. Their proposed retrenchment is significant.

Beyond Uniloc and Fortress's confidential information, the most important aspect of the instant motion relates to the confidential information of *more than one-hundred third-parties* found in one of the Uniloc documents that Apple put into the record. Approximately forty third-parties responded—including up through the date of the filing of this motion for leave—and many asked that Uniloc provide declarations or statements to the Court regarding the harm that would be caused to them if certain information were made public. Reconsideration is therefore appropriate because the Court did not have the benefit of information from all of these non-parties and third parties. *See, e.g., Oracle America, Inc. v. Google Inc.*, No. 10-cv-03561-WHA (DMR), slip op. at 5 (C.D. Cal. Mar. 21, 2016) (ECF No. 1541) (granting reconsideration based on newly presented declaration and finding good cause to seal non-public information that could pose a risk of competitive harm); *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 694745, at *1-2 (N.D. Cal. Mar. 1, 2012) (granting motion for reconsideration of denial of sealing motion after further submissions demonstrated that information, if publically disclosed, would put party at competitive business disadvantage). Even if this Court does not agree to seal anything else, Uniloc implores the Court to reconsider its ruling on Docket No. 135-2, as will be discussed below.

## III. LEGAL STANDARDS FOR SEALING DOCUMENTS

Courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). When the sealed documents relate to a dispositive motion, the Ninth Circuit applies the "compelling reasons" standard to determine whether documents should be sealed. *Id.* at 1179. However, "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comm.'s, Inc.*, 435 U.S. 589, 598 (1978). Rather, "'the common-law right of inspection has bowed

before the power of a court to insure that its records' are not . . . sources of business information that might harm a litigant's competitive standing." *Id.* (quoting *In re Casewell*, 18 R.I. 835, 836, 29 A. 259 (1893). In the Ninth Circuit, confidential business information may be protected against disclosure to the public if the disclosure might cause competitive harm. *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1221-28 (Fed. Cir. 2013) (applying Ninth Circuit law) (reversing the district court; ordering sealed "market research reports [that] contain information that Apple's competitors could not obtain anywhere else"). For example, compelling reasons exist to protect "confidential financial" records. *Van v. Language Line Servs., Inc.*, No. 14-CV-03791-LHK, 2016 WL 3566980, at *2 (N.D. Cal. Jun. 6, 2016) (ordering sealed "the identities of Defendants' clients, billing rates, billing amounts, and the subject matter of calls"); *see also, e.g.*, *Apple v. Samsung*, 727 F.3d at 1228-29 ("[W]hile protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm the competitive interest.").[3]

Even under the compelling reasons standard, courts in this district have permitted documents containing valuable, competitive business information to be filed under seal. *See*, *e.g.*, *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing, *inter alia*, "highly confidential and sensitive information relating to Cisco's financial information and internal development strategies," "highly confidential and sensitive information relating to Arista's financial and customer information," and "confidential settlement terms between Cisco and third-party, Huawei Technologies"); *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 WL 8294276 at *1 (N.D. Cal. Jun. 28, 2017) (sealing, *inter alia*, "confidential financial and business information"); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590-CW, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014) (sealing, *inter alia*, "confidential financial and marketing information").

In patent cases, financial information such as royalty rates in patent licenses has been sealed "because disclosure could create an asymmetry of information in the negotiation of future licensing

---

[3] Interestingly, EFF attempted to have sealed business records made public in *Apple v. Samsung*. The court rejected this effort. *See Apple v. Samsung*, 727 F.3d at 1228-29.

deals." *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-CV-01846-LHK, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012); *see also, e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-cv-3724-CW, 2013 WL 4426507, at *4-5 (N.D. Cal. Aug. 14, 2013), (finding "compelling reasons to seal the lump sum and royalty amounts that [third-party] Broadcom agreed to pay 3Com in the agreement and the portions of the opposition brief that refer to these amounts").

Trade secrets also satisfy the "compelling reasons" standard for sealing court documents. *See Kamakana*, 447 F.3d at 1179. The Ninth Circuit has adopted the Restatement of Torts' definition of "trade secret." *See Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *see also Apple v. Samsung*, 727 F.3d at 1222. According to the Restatement, "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Apple v. Samsung*, 727 F.3d at 1222 (quoting *Restatement (First) of Torts* § 757, cmt. b). Thus, for example, "detailed plan[s] for the creation, promotion, financing, and sales of contracts" constitute trade secrets. *Clark*, 453 F.2d at 1009; *see also In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008).

Trade secrets may also relate to "other operations in [a] business." *Clark*, 453 F.2d at 1009. For example, in *In re Electronic Arts*, the Ninth Circuit reversed the district court's denial of a request to seal "pricing terms, royalty rates, and guaranteed minimum payment terms found in a license agreement which were plainly within the definition of 'trade secrets.'" *In re Elec. Arts, Inc.*, 298 Fed. Appx. at 569-70; *see also, e.g.*, *Apple v. Samsung*, 727 F.3d at 1222.[4] Other non-public information regarding pricing strategy, business decision-making and financial records constitute trade secrets that may be sealed. *Rodman v. Safeway, Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014). So too, the terms of licenses, including financial terms, constitute trade secrets and warrant sealing the agreements. *See*, *e.g.*, *France Telecom S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967-WHO, 2014 WL 4965995, at *3 (N.D. Cal. Oct. 3, 2014).

---

[4] The procedure for filing documents under seal in civil cases in this District is set forth in Local Rule 79-5. Uniloc submitted declarations in support of the requests to seal. *See* Dkt. Nos. 137, 141-1, 148.

## IV. REVISED REDACTIONS AND SEALED DOCUMENTS

Following the Court's January 17 Orders, non-party Fortress retained counsel to address its concerns regarding publication of information contained in some of the materials the parties previously sought to seal. In light of EFF's motion to intervene and the Court's January 17 Orders, counsel for Fortress and Uniloc thereafter reviewed all of the materials that were the subject of the parties' motions to seal, with the intent of identifying those portions of the documents that could be made public without vitiating their—and over one-hundred other third parties'—trade secrets.

The following table lists every one of the documents filed under seal by the parties in the course of the motion to dismiss. Fortress and Uniloc propose to put most of them directly into the public record. The remaining documents will be discussed in detail further below.

| Dkt. No. | Description | Proposed Result |
|---|---|---|
| 135 | Apple Inc.'s Motion to Dismiss | Discrete redactions. *See infra* § IV.A. |
| 135-1 | Declaration of Doug Winnard in Support of Defendant Apple Inc.'s Motion to Dismiss | Public in its entirety. |
| 135-2 | Conformed Revenue Sharing and Note and Warrant Purchase Agreement between Uniloc USA, Inc., Uniloc Luxembourg S.A., Uniloc Corporation PTY Limited, D/A Investment Holdings LLC, and Fortress Credit Co LLC, dated December 30, 2014, as amended February 24, 2015, May 27, 2016 and May 15, 2017. | Discrete redactions. *See infra* § IV.B. |
| 135-3 | Patent License Agreement between Uniloc Luxembourg, S.A., Uniloc USA, Inc., and Fortress Credit Co LLC, dated December 30, 2014. | Public in its entirety. |
| 135-4 | Revenue Sharing and Note and Warrant Purchase Agreement Between Uniloc USA, Inc., Uniloc Luxembourg S.A., Uniloc Corporation PTY Limited, D/A Investment Holdings LLC, and Fortress Credit Co LLC, dated December 30, 2014, as amended February 24, 2015, May 27, 2016 and May 15, 2017. | Discrete redactions. *See infra* § IV.C. |
| 135-5 | Deposition transcript of Erez Levy. | Discrete redactions. *See infra* § IV.D. |
| 135-6 | Deposition transcript of Drake Turner. | Discrete redactions. *See infra* § IV.E. |
| 135-7 | Security Agreement between Uniloc Luxembourg, S.A., Uniloc Corporation PTY Limited, Uniloc USA, Inc., and Fortress Credit Co LLC, dated December 30, 2014. | Public in its entirety. |

| Dkt. No. | Description | Proposed Result |
|---|---|---|
| 135-8 | Uniloc Luxembourg, S.A. and Uniloc USA, Inc.'s Disclosure Schedules for the fourth-quarter period ending March 31, 2017. | Discrete redactions. *See infra* § IV.F. |
| 135-11 | Termination Agreement between Uniloc USA, Inc. and Uniloc Luxembourg S.A., dated May 3, 2018 | Public in its entirety. |
| 135-12 | Excerpts of Patent Sale Agreement between Hewlett Packard Enterprise Development LP, Hewlett Packard Enterprise Company, and Uniloc Luxembourg S.A., fully executed May 16, 2017. | Public in its entirety.[5] |
| 135-13 | License Agreement between Uniloc USA, Inc. and Uniloc Luxembourg S.A., dated May 26, 2017. | Public in its entirety. |
| 135-14 | Asset Purchase Agreement between Uniloc 2017 LLC and Uniloc Luxembourg S.A., dated March 28, 2018. | Public in its entirety. |
| 135-16 | License Agreement between Uniloc 2017 LLC and Uniloc USA, Inc., dated May 3, 2018 | Public in its entirety. |
| 135-17 | License Agreement between Uniloc 2017 LLC and Uniloc Licensing USA LLC, dated May 3, 2018 | Discrete redactions. *See infra* § IV.G. |
| 135-18 | Amendment No. 1, dated August 28, 2018, to the License Agreement between Uniloc 2017 LLC and Uniloc USA, Inc. | Public in its entirety. |
| 135-19 | Amendment No. 1, dated August 28, 2018, to the License Agreement between Uniloc 2017 LLC and Uniloc Licensing USA LLC. | Public in its entirety. |
| 135-20 | Note Purchase and Security Agreement between Uniloc 2017 LLC and CF Uniloc Holdings LLC, dated May 3, 2018. | Discrete redactions. *See infra* § IV.H. |
| 135-24 | Amended and Restated Operating Agreement of Uniloc 2017 LLC, dated May 3, 2018. | Public in its entirety. |
| 135-29 | Timeline and summary Apple's counsel created of the division of rights amongst the various Uniloc entities. | Public in its entirety. |
| 142 | Uniloc's Opposition to Apple's Motion to Dismiss. | Public in its entirety. |
| 142-1 | Palmer Declaration. | Public in its entirety. |
| 142-2 | Exhibit to Palmer Declaration. | Public in its entirety. |
| 147 | Apple Reply in Support of Motion to Dismiss. | Discrete redactions. *See infra* § IV.I. |

---

[5] The complete Patent Sale Agreement, which was not submitted, includes a confidentiality provision. Counsel for Uniloc reached out to counsel for HPE, and HPE indicated that it would not oppose publication of the specific excerpts submitted by Apple as Dkt. No. 135-12. Jacobs Decl. ¶ 23.

| Dkt. No. | Description | Proposed Result |
|---|---|---|
| 147-1 | Declaration of Doug Winnard in Support of Defendant Apple Inc.'s Reply. | Discrete redactions. *See infra* § IV.J. |
| 147-3 | The Conformed Revenue Sharing and Note and Warrant Purchase Agreement between Uniloc USA, Inc., Uniloc Luxembourg S.A., Uniloc Corporation PTY Limited, D/A Investment Holdings LLC, and Fortress Credit Co LLC, dated December 30, 2014, as amended February 24, 2015, May 27, 2016 and May 15, 2017. | Public in its entirety. |
| 147-4 | The Settlement and License Agreement between Microsoft Corporation and Uniloc Australia Pty. Ltd., Uniloc U.S.A., Inc., Uniloc Singapore Private Limited and Uniloc Luxembourg S.A., dated March 3, 2012. | Sealed.  *See infra* § IV.K. |
| 147-7 | The Heads of Agreement between Fortress Credit Corp. and Crag S. Etchegoyen, dated May 3, 2018. | Sealed.  *See infra* § IV.L. |

Of the twenty-eight documents filed under seal, or with redactions, Fortress and Uniloc propose to disclose sixteen in their entirety.  Ten of the others would have targeted, discrete redactions of just a few words each.  Just two documents would remain entirely under seal.

**A.     Apple Inc.'s Motion to Dismiss**

Apple redacted approximately two-thirds of its Motion to Dismiss.  The highlighting in Exhibit A[6] identifies those portions that had been redacted by Apple.  Uniloc now proposes to redact only eight phrases, each between one to three words long.  *See* Ex. A at 4:19, 4:23, 4:26, 11:19-20, 11:24-26.[7]  Each phrase includes highly confidential and sensitive financial information of Uniloc, the disclosure of which would cause competitive harm to Uniloc.  Jacobs Decl. ¶¶ 2-2.e; *see, e.g.*, *Arista Networks*, 2018 WL 2010622, at *2-3.  The context around these eight phrases is sufficient to permit the public to understand the import of the redacted terms, even if not the specific amounts.  What matters to Apple's motion is that a given value is higher or lower than some other value.  The specific amounts are irrelevant.

---

[6] Lettered exhibits cited herein are attached to the Jacobs Declaration submitted herewith.

[7] Pursuant to this Court's practice, Uniloc filed an Administrative Motion to Seal immediately prior to the instant filings.  Versions of the redacted documents without the redactions—and copies of the otherwise sealed documents—accompany that Administrative Motion to Seal.

### B. Conformed Revenue Sharing and Note and Warrant Purchase Agreement.

This document relates to the financial relationship between Uniloc and non-party Fortress. Uniloc and Fortress propose a total of seven redactions across the first twenty-three pages. *See Ex. B* at Uniloc_Apple_2017_18283, 18291, 18298, 18301. Each such redaction is a single dollar figure or percentage. This information is highly confidential and sensitive financial information of Uniloc and Fortress, the disclosure of which would prove to be a competitive harm to them. Jacobs Decl. ¶¶ 3-3.f; *see, e.g.*, *Arista Networks*, 2018 WL 2010622, at *2-3. Again, the specific amounts are irrelevant to the substance of Apple's motion, but their confidentiality is vital to the operation of Uniloc and Fortress.

The greater complexity and concern associated with this document is found over the last three pages. In particular, Uniloc_Apple_2017_18337 through 18339 include in table format certain details of 109 licenses which Uniloc had entered from 2010 through mid-2017. For each license, the table discloses the third-party licensees' name, the date of the license and the amount paid for the license. Each such set of information is covered by a separate license agreement with the named licensee. And, each license agreement includes a confidentiality provision, wherein both Uniloc and the licensee—a third-party to the current litigation—declare that the information contained therein is proprietary and confidential. Jacobs Decl. ¶¶ 4-5.[8]

The above bears repeating: Disclosure of these three pages would make public the confidential financial and business information of *more than one-hundred third-parties to this litigation*. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 Fed. Appx. at 569-70 (ordering sealed "pricing terms, royalty rates, and guaranteed minimum payment terms found in a license agreement"); *Arista Networks*, 2018 WL 2010622, at *3 (sealing third-party information); *France Telecom*, 2014 WL 4965995, at *3 (N.D. Cal. Oct. 3, 2014) (sealing documents that "contain[] trade secrets, including terms of confidential licensing agreements and negotiations, confidential sales and pricing data, and proprietary source code and other technical information").

---

[8] Two of the 109 settlements were finalized by email, without formal settlement agreements. Although the emails do not include explicit confidentiality provisions, those settlements were entered into in the course of litigation, and the related cases included protective orders.

This is similar to the situation Apple itself faced in its litigation with Samsung. There, Apple sought "to redact contain specific information about the royalty rates in Apple's license agreements with various third parties." *Apple v. Samsung*, 2012 WL 4933287, at *2. Judge Koh granted that request: "As this Court has previously explained, royalty rates are sealable under the 'compelling reasons' standard because disclosure could create an asymmetry of information in the negotiation of future licensing deals." *Id.* So too, in *U.S. Ethernet Innovations*, third-party Broadcom sought to seal a license between it and 3Com. Judge Wilken agreed that there were "compelling reasons to seal the lump sum and royalty amounts that Broadcom agreed to pay 3Com in the agreement and the portions of the opposition brief that refer to these amounts." *U.S. Ethernet Innovations*, 2013 WL 4426507, at *4-5.

As such, Uniloc's counsel reviewed the licenses going back to 2010; identified the contact person(s) for each third-party; and sent letters to each, asking for their input as to whether they object to their information being made public. Approximately forty have responded thus far. Jacobs Decl. ¶¶ 5.

Two of the third-parties have indicated that they do not object to the information being disclosed. *See id.* ¶¶ 7-7.b.

Some of the third-parties object to the license amounts being disclosed. *See* Jacobs Decl. ¶ 8-8.h; *see also* Exs. C (Declaration from Allscripts Healthcare Solutions, Inc.), D (Declaration from Avid Technology, Inc), E (Declaration from Cerner Health Services, Inc.), F (Declaration from NEC Corporation of America), X (Declaration from Microsoft Corp.).

The vast majority of the third-parties that responded object to even their names being disclosed. *See* Jacobs Decl. ¶ 9-9.w.i; *see also* Exs. G (confidential declaration), H (confidential declaration), I (redacted declaration), J (confidential declaration), K (confidential letter), L (confidential declaration), M (confidential declaration), N (confidential declaration); *see, e.g.*, *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 1004 (N.D. Cal. 2018) (Orrick, J.) (providing guidance to parties that "resulting licensing agreements may remain under seal at this juncture, if those terms are not otherwise publicly known . . . includ[ing] references to the identities of third-parties to those agreements, assuming the existence of the agreement itself is

not otherwise publicly known."). These entities noted that confidentiality, including of their identities, was important to the negotiations. They further asserted that the disclosure of their identities and the existence and terms of the licenses, should they become publicly known to competitors or potential license partners, would cause competitive harm insofar as those other entities would have an information advantage over Uniloc's licensees in such in future negotiations. *See* Jacobs Decl. ¶¶ 9.a-9.w.i. In light of the above, Uniloc is obliged to ask that any entities that have not thus far responded have their information redacted entirely. Similarly, for some, the responses were preliminary or unclear, and so Uniloc is obliged to ask that their information also remain redacted. *Id.* ¶ 6.

Further, because the identity of the third party and the terms of it license agreement are not relevant to the issues considered by the Court—specifically, Apple's motion to dismiss—the public's interest in the third party's confidential information is substantially outweighed by the third-party's interest in maintaining its confidentiality. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (courts should balance the competing interests of the public versus the confidentiality interests of parties).

Beyond these third parties' interests in maintaining their own confidentiality, information about the licenses into which Uniloc enters is perhaps the most valuable information maintained by Uniloc. *Id.* ¶ 10. For Uniloc, it is akin to Apple's source code. Disclosure of this information to the world—including, *inter alia*, entities with which it is currently engaged in litigation—would indelibly harm Uniloc and its ability to negotiate future licenses. *See, e.g.*, Apple *v.* Samsung, 2012 WL 4933287, at *2; *U.S. Ethernet Innovations*, 2013 WL 4426507, at *4-5. As such, beyond the rights and requests made by the third-parties, Uniloc also requests that the licensing information remain redacted.

  **C.**  **Revenue Sharing and Note and Warrant Purchase Agreement Between Uniloc Fortress.**

This document relates to the financial relationship between Uniloc and non-party Fortress. They propose seventeen redactions across three pages. *See* Ex. O at Uniloc_Apple_2017_18265, 18267, 18272. Each such redaction is a single dollar figure, percentage or multiplier, or the name of a non-party. This information is highly confidential and sensitive financial information of

Uniloc and Fortress, the disclosure of which would prove to be a competitive harm to them.  Jacobs Decl. ¶¶ 11-11.b; *see, e.g.*, *Arista Networks*, 2018 WL 2010622, at *2-3.  Again, the specific values are irrelevant to the substance of Apple's motion, but are vital to the operation of Fortress and Uniloc, and represent terms that, if disclosed, would result in a competitive disadvantage to Uniloc and/or Fortress.

### D. Deposition transcript of Erez Levy.

Mr. Levy is an employee of Fortress.  During his deposition, he testified about non-party entities, as well as financial terms relating to the agreements between Uniloc and Fortress.  Uniloc and Fortress propose to redact just the names of non-parties and financial terms.  *See* Ex. P at 73:20, 73:23, 73:25, 74:3, 74:6, 74:10-11, 74:16, 74:20, 74:23, 75:1, 75:7, 77:13, 77:15, 77:19, 78:24, 79:7, 79:10, 80:6, 80:10, 80:14, 80:20.  This information is highly confidential and sensitive financial information of Uniloc and Fortress, the disclosure of which would prove to be a competitive harm to them.  Jacobs Decl. ¶¶ 12-12.i; *see, e.g.*, *Arista Networks*, 2018 WL 2010622, at *2-3.

### E. Deposition transcript of Drake Turner.

Mr. Turner is an employee of Uniloc.  During his deposition, he testified about non-party entities, as well as financial terms relating to the agreements between Uniloc and Fortress.  Uniloc and Fortress propose to redact just the names of non-parties and financial terms.  *See* Ex. Q at 23:14, 24:5, 24:14, 25:7, 26:5, 27:1-2, 32:20, 66:5, 66:10, 67:13, 68:6.  This information is highly confidential and sensitive financial information of Uniloc and Fortress, the disclosure of which would prove to be a competitive harm to them.  Jacobs Decl. ¶¶ 13-13.i; *see, e.g.*, *Arista Networks*, 2018 WL 2010622, at *2-3.

### F. Uniloc Luxembourg, S.A. and Uniloc USA, Inc.'s Disclosure Schedules

This document discloses Uniloc Luxembourg's income over several years.  *See* Ex. R.  The individual amounts are financial records, the disclosure of which could cause competitive harm to Uniloc.  Jacobs Decl. ¶ 14; *see, e.g.*, *Rodman*, 2014 WL 12787874, at *2.  What matters to Apple's motion—and the Court's ultimate ruling—is that a given value is higher or lower than some other value.  The specific amounts are irrelevant.

### G. License Agreement between Uniloc 2017 LLC and Uniloc Licensing USA

This document is a license agreement between Uniloc 2017 and Uniloc Licensing USA. The only proposed redactions relate to a confidential, proprietary software platform that is not mentioned anywhere in Apple's motion, the disclosure of which would be a competitive harm for Uniloc. Jacobs Decl. ¶¶ 15-15.b; Ex. S at Uniloc_Apple_2017_17757, 17758; *see Apple v. Samsung*, 727 F.3d at 1222.

### H. Note Purchase and Security Agreement between Uniloc 2017 LLC and CF Uniloc Holdings LLC.

This document is a note purchase and security agreement between two Uniloc entities. The only proposed redaction is of the aggregate principal amount paid for the note purchase. *See* Ex. T at Uniloc_Apple_2017_16852. This information is highly confidential and sensitive financial information, the disclosure of which would prove to be a competitive harm for Uniloc. Jacobs Decl. ¶¶ 16; *see, e.g.*, *Arista Networks*, 2018 WL 2010622, at *2-3.

### I. Apple Reply in Support of Motion to Dismiss.

Apple redacted somewhere on the order of half of its Reply. The highlighting in Exhibit U identifies those portions that had been redacted by Apple. Uniloc now proposes to redact just nine phrases, each between one to four words long. *See* Ex. U at 1:8, 1:9, 1:10, 9:3, 10:15, 10:16, 10:17, 10:24, 10:25. Each such phrase includes highly confidential and sensitive financial information, the disclosure of which would prove to be a competitive harm to Uniloc and/or Fortress. Jacobs Decl. ¶¶ 17-17.e; *see, e.g.*, *Arista Networks*, 2018 WL 2010622, at *2-3. The context around these phrases is sufficient to permit the public to understand the impact of the financial terms, even if not the specific amounts.

### J. Declaration of Doug Winnard in Support of Defendant Apple Inc.'s Reply.

This attorney declaration accompanied Apple's Reply. The only proposed redaction discloses a calculation of Uniloc's licensing revenue through December 31, 2014. *See* Ex. V at 2:9. This is highly confidential and sensitive financial information, the disclosure of which would prove to be a competitive harm for Uniloc. Jacobs Decl. ¶ 18; *see, e.g.*, *Arista Networks*, 2018 WL 2010622, at *2-3.

**K.     Settlement and License Agreement between Microsoft Corporation and Uniloc**

This document is two pages of excerpts from a settlement and license agreement between third-party Microsoft and Uniloc. *See* Ex. W. Uniloc and Microsoft ask that these pages remain sealed in their entirety. Although not included with the excerpts, the complete document includes a confidentiality provision that precludes disclosure of the agreement and its terms. Uniloc's counsel contacted Microsoft to discern Microsoft's preferences with respect to these specific pages. Microsoft responded that it did not want any of the agreement disclosed, including in particular these pages, as they disclose the specific financial terms of an agreement between Microsoft and Uniloc. Indeed, Microsoft's Assistant General Counsel, David E. Killough, signed a declaration to this effect. *See* Ex. X. Uniloc agrees. This information is highly confidential and sensitive financial information, the disclosure of which would prove to be a competitive harm for Microsoft and Uniloc. As such, Uniloc and Microsoft propose that it remain sealed in its entirety. Jacobs Decl. ¶¶ 19-21; *see, e.g.*, *Arista Networks*, 2018 WL 2010622, at *3.

**L.     Heads of Agreement between Fortress Credit Corp. and Crag S. Etchegoyen**

This document is four pages of excerpts from the Heads of Agreement, a document that was part of the May 2018 transactions. *See* Ex. Y. This document describes, *inter alia*, Mr. Etchegoyen's responsibilities as the chief executive officer of several of the Uniloc entities, and is in this respect akin to an employment agreement. As such, Uniloc proposes that it remain sealed in its entirety. Jacobs Decl. ¶ 22; *see, e.g.*, *Rodman*, 2014 WL 12787874, at *2.

**V.     DISCUSSION**

As discussed above, highly confidential and sensitive financial information of more than one-hundred third-parties, as well as that of non-party Fortress and the Uniloc plaintiffs, will be made public by the Court's Orders.

Uniloc did not have the chance to address EFF's motion before the Court issued its Orders. Nonetheless, after those Orders, Uniloc reached out to the third-parties and Fortress, to address these impending disclosures. Many third parties responded. And, Fortress retained counsel and sought to protect its proprietary information. Finally, Uniloc coordinated with EFF and Apple to identify what documents may be disclosed on the record without significant harm—even if their

1  disclosure will still be harmful—and what other bits of information would be incredibly damaging
2  if disclosed.  This process led to Uniloc and Fortress agreeing to make public upwards of 95% of
3  the previously sealed materials, with just the above-identified materials still to be considered.
4  These are materials differences and new facts pursuant to Civil Local Rule 7-9(b)(1) and (2).

5  It is also worth noting that Civil Local Rule 79-5(e)(1) allowed Uniloc only four days—two
6  of which were over the weekend—within which to review the documents Apple submitted with its
7  motion.  And yet, now, even with four weeks to attempt to address the Court's concerns since
8  January 17, 2019, it has been a stretch to attempt to work with Fortress and the third-parties to
9  identify exactly what should or should not remain under seal.

10  Should the Court grant the motion for reconsideration, the parties will be able to avoid
11  interlocutory appeal with respect to their motions to seal.  It will also result in the prompt
12  publication of the vast majority of materials that had been redacted or under seal.  Indeed, Uniloc
13  notes that by the very filing of the instant papers, some of the materials this Court instructed to be
14  placed in the public record are now available to the public.

## VI. CONCLUSION

For the reasons set forth above, Uniloc respectfully requests that the Court grant Uniloc's motion for reconsideration.

Date: February 15, 2019

Respectfully submitted,

*/s/ Aaron S. Jacobs*
James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651

ATTORNEYS FOR THE PLAINTIFFS