IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNILOC 2017 LLC, *et al.*,

    Plaintiffs,

  v.

APPLE INC.,

    Defendant.

                                           /

No. C 18-00360 WHA
No. C 18-00363 WHA
No. C 18-00365 WHA
No. C 18-00572 WHA

**ORDER DENYING MOTION FOR RECONSIDERATION**

      In deciding motions, a judge often bases his or her ruling on a point that is not precisely briefed by either side. Counsel should always be aware of this judicial necessity and should not only brief the precise points expressly raised by the other side (or themselves), but should also brief those points reasonably in play as a result of the overall dispute. Defendant Apple, Inc. has no one but itself to blame for failing to brief the point it now raises on reconsideration. The Court's ruling was a foreseeable variation on the points in play. As a concession to the shortness of life, we cannot relitigate every order.

      The Court has reviewed the voluminous materials submitted on Apple's motion for reconsideration (Case No. 18-360, Dkt. No. 173). The judge did the best he could to make sense out of the original motion and its record, including the Fortress agreement. The undersigned is not persuaded that he got it wrong, so the order will stand with only this caveat: at the final pretrial conference (and not before), Apple will be allowed to ask that the issue of default and cure be tried to the jury (or possibly the judge). Such a trial issue may or may not

be revisited and included.  Plaintiffs may oppose the request at that time.  In the meantime, discovery will be allowed from plaintiffs and Fortress on the issues of default and cure and those parties' understandings of the agreement, including its drafting history.  Except to this limited extent, Apple's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:  August 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE