# United States Court of Appeals for the Federal Circuit

_____

**UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.,**
*Plaintiffs-Appellants*

**v.**

**APPLE, INC.,**
*Defendant-Appellee*

**ELECTRONIC FRONTIER FOUNDATION,**
*Intervenor-Appellee*

_____

2019-1922, 2019-1923, 2019-1925, 2019-1926
_____

Appeals from the United States District Court for the Northern District of California in Nos. 3:18-cv-00360-WHA, 3:18-cv-00363-WHA, 3:18-cv-00365-WHA, 3:18-cv-00572-WHA, United States District Judge William H. Alsup.

_____

Decided: July 9, 2020
_____

AARON JACOBS, Prince Lobel Tye LLP, Boston, MA, argued for plaintiffs-appellants.

DOUG J. WINNARD, Goldman Ismail Tomaselli Brennan & Baum LLP, Chicago, IL, argued for defendant-appellee. Also represented by MICHAEL T. PIEJA, ALAN ERNST

UNILOC 2017 LLC v. APPLE, INC.

LITTMANN.

ALEXANDRA HELEN MOSS, Electronic Frontier Foundation, San Francisco, CA, argued for intervenor-appellee.

_____

Before PROST, *Chief Judge*, MAYER and TARANTO,
*Circuit Judges*.

MAYER, *Circuit Judge*.

Uniloc 2017 LLC, Uniloc USA, Inc., and Uniloc Luxembourg, S.A. (collectively "Uniloc") appeal orders issued by the United States District Court for the Northern District of California denying, in full, their motions to seal. *See Uniloc USA, Inc. v. Apple Inc.*, Nos. 3:18-cv-00360-WHA, 3:18-cv-00363-WHA, 3:18-cv-00365-WHA, 3:18-cv-00572-WHA (N.D. Cal. Jan. 17, 2019) ("*Sealing Order*"), *revised motion to seal and motion for leave to file for reconsideration denied by Uniloc 2017 LLC v. Apple Inc.*, Nos. 3:18-cv-00360-WHA, 3:18-cv-00363-WHA, 3:18-cv-00365-WHA, 3:18-cv-00572-WHA, 2019 WL 2009318 (N.D. Cal. May 7, 2019) ("*Reconsideration Order*"). For the reasons discussed below, we affirm in part, vacate in part, and remand.

## I. BACKGROUND

Uniloc filed four separate patent infringement actions against Apple Inc. ("Apple").[1] J.A. 42–44. On October 25, 2018, Apple moved to dismiss for lack of subject matter jurisdiction. J.A. 262–93. It argued that Uniloc had granted its creditor, Fortress Credit Co. LLC ("Fortress"), a license with the right to sublicense in the event of a Uniloc default. J.A. 267–88. According to Apple, because Uniloc had

_____

[1] The infringement actions were originally brought by Uniloc USA, Inc. and Uniloc Luxembourg, S.A., but these entities subsequently moved to add Uniloc 2017 LLC as a party. J.A. 50.

defaulted on its loan with Fortress, Fortress had the right to license the asserted patents and Uniloc therefore "lacked the right to exclude Apple from using the patents and could not claim an injury-in-fact." J.A. 267.

Apple's motion to dismiss referenced material that Uniloc had designated as highly confidential under a protective order entered by the district court, *see* J.A. 1–28, and it therefore filed an administrative motion to seal this material, *see* J.A. 255–57.[2] The parties filed similar sealing motions when Uniloc filed its opposition to Apple's motion to dismiss and Apple filed its reply. *See* J.A. 417–19, 458–61.

In its sealing motions, Uniloc asked the district court to seal most of the materials in the parties' underlying briefs, including citations to case law and quotations from published opinions. J.A. 414–15; *see* J.A. 279–87. It also requested that the court seal twenty-three exhibits in their entireties. J.A. 414–15; *see* J.A. 299–412, 422, 503. These exhibits included matters of public record, such as a list of Uniloc's active patent cases. *See* J.A. 388.

In support of its sealing requests, Uniloc filed three short declarations. *See* J.A. 413–16, 420–22, 502–04. These declarations listed the exhibits Uniloc sought to seal and stated that these exhibits "contain[ed] sensitive, confidential and proprietary information related to financial data, licensing terms and business plans with respect to various Uniloc entities" and that "disclosure of this extremely sensitive information would create a substantial risk of serious harm to the Uniloc entities." J.A. 503; *see also* J.A. 414–15, 422.

---

[2]    Apple's motion took no position on how much of Uniloc's designated material should be sealed or redacted. J.A. 256.

4                                    UNILOC 2017 LLC v. APPLE, INC.

On November 28, 2018, the Electronic Frontier Foundation ("EFF") contacted counsel for Uniloc, asserting that its proposed redactions were excessive. J.A. 768.[3] EFF stated, moreover, that if the documents at issue were not "re-filed consistent with the public's right of access," it would move to formally intervene in the case and "ask the court to . . . unseal improperly withheld material." J.A. 768. After Uniloc declined to revise its sealing requests, EFF filed a motion to intervene for the purpose of opposing Uniloc's sealing motions. J.A. 53.

On January 17, 2019, the district court denied, in full, the administrative motions to seal, stating that Uniloc had failed to provide "a compelling reason to justify sealing."[4] *Sealing Order*, slip op. at 1. According to the court, Uniloc's "generalized assertion of potential competitive harm fail[ed] to outweigh the public's right to learn of the ownership of the patents-in-suit—which grant said owner the right to *publicly* exclude others." *Id*. at 2.

The court stated, moreover, that Uniloc's request to seal covered an "astonishing" amount of material. *Id*. In support, it noted that Uniloc sought "to seal the majority of exhibits and large swaths of briefing and declarations," including portions of Apple's motion to dismiss "that simply quote[d] Federal Circuit law." *Id*. In the court's view,

---

[3] When contacted by EFF, counsel for Apple stated that it was "not making any independent claim" that the material at issue was "entitled to be sealed, and [took] no position on whether Uniloc's requests to seal . . . [were] proper." J.A. 768.

[4] The district court granted EFF's motion to intervene, but only for the purpose of appellate review. *See Sealing Order*, slip op. at 2. The court determined, moreover, that the materials referenced in the parties' motions to seal would remain under seal until the conclusion of the appellate process. *See* J.A. 30, 518–19.

Uniloc's motion to seal was "far from narrowly tailored as required by" Northern District of California Civil Local Rule 79-5 ("Local Rule 79-5"). *Id.* (internal quotation marks omitted).

On February 15, 2019, after obtaining an extension of time, Uniloc filed a motion for leave to seek reconsideration.[5]   J.A. 548–55.   Uniloc stated that it was willing to make public more than ninety percent of the material it had originally sought to shield from disclosure.  J.A. 552. In support of its motion, it submitted a declaration setting forth the individual grounds for redacting or sealing the remaining materials.  *See* J.A. 574–88.  Uniloc also submitted declarations from several of its third-party licensees, who stated that disclosure of their confidential and/or proprietary information, including the terms of their licenses with Uniloc, would cause them significant competitive harm. *See, e.g.*, J.A. 552, 576–88, 662–86.

Uniloc asserted that the court should seal a table showing the licenses it had entered into between 2010 and mid-2017, explaining that this table disclosed the names of its third-party licensees, the dates of their licenses, and the amounts paid for the licenses.  J.A. 561, 567; *see* J.A. 646–48.  Uniloc also sought to seal or redact: (1) certain information related to its relationship with Fortress; (2) materials about a purportedly proprietary software platform; and (3) certain financial information pertaining to Uniloc and its related entities.  *See* J.A. 548–88; *see also* J.A. 591–648, 689–785.

On May 7, 2019, the district court denied both Uniloc's motion for leave to file for reconsideration and its

---

[5]    Under Northern District of California Civil Local Rule 7-9 ("Local Rule 7-9"), litigants are required to obtain leave before filing a motion for reconsideration.  *See* N.D. Cal. Civ. Local R. 7-9(a).

accompanying revised motion to seal. *Reconsideration Order*, 2019 WL 2009318, at *3. According to the court, Uniloc should have submitted a narrowly tailored request for sealing "right from the outset rather than over-classifying and then trying to get away with whatever [it could] on a motion to reconsider." *Id.* at *2.

The court asserted, moreover, that although Uniloc "grumble[d]" that it had insufficient time to properly narrow and support its original sealing request, it "could have easily requested additional time to file [its] supporting declaration." *Id.* at *2 n.2. Additionally, the court concluded that Uniloc had failed to provide "sufficient justification" for redacting or sealing the information identified in its revised sealing request, stating that its "supposed risk of . . . generalized competitive harm in future negotiations from disclosure did not . . . compellingly outweigh the public's interest in accessing this information." *Id.* at *2. The court explained that "the public has an especially strong interest in learning the machinations that bear on the issue of standing in the patent context" and that "[b]ecause Uniloc's rights flow directly from th[e] government-conferred power to exclude, the public . . . has a strong interest in knowing the full extent of the terms and conditions involved in Uniloc's exercise of its patent rights and in seeing the extent to which Uniloc's exercise of the government grant affects commerce." *Id.* at *1.

The district court recognized that Uniloc's third-party licensees had "some interest in redacting licensing information (including their identit[ies])" and that some of these licensees had filed declarations stating that they would suffer competitive harm from the disclosure of such licensing information. *Id.* at *3. In the court's view, however, the concerns of the third-party licensees did "not surmount the hurdle of showing a compelling reason to seal." *Id.* Uniloc then filed a timely appeal with this court.

## II. DISCUSSION

### A. Standard of Review

"Where, as here, an appeal does not involve substantive issues of patent law, we apply the law of the regional circuit in which the district court sits." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013) ("*Apple I*"). In the Ninth Circuit, a district court's decision to seal or unseal court records is reviewed for abuse of discretion. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("*Midland*"). The question of whether a district court applied the correct legal standard when ruling on a motion to seal is reviewed de novo. *See Ctr. for Auto Safety*, 809 F.3d at 1096.

### B. The Collateral Order Doctrine

Although the parties do not challenge our authority to consider this appeal, we have an independent duty to assure ourselves of jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (emphasizing that "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press"). As a general rule, the jurisdictional reach of the federal appellate courts extends only to "final decisions of the district courts of the United States." 28 U.S.C. § 1291. The collateral order doctrine, however, provides a "narrow exception" to the final judgment rule, permitting appellate review of "trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31 (1985) (citation and internal quotation marks omitted); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (explaining that there is a right to appeal a

"small class" of orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated").

To fall within the collateral order doctrine, "an order must at a minimum satisfy three conditions: It must [1] 'conclusively determine the disputed question,' [2] 'resolve an important issue completely separate from the merits of the action,' and [3] 'be effectively unreviewable on appeal from a final judgment.'" *Richardson-Merrell*, 472 U.S. at 431 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)); *see Apple I*, 727 F.3d at 1220. These requirements are met here.

There is no question that the district court's orders conclusively determined that Uniloc's purportedly confidential filings should be made public; there is likewise no dispute that they present an important issue—separate from the merits of the underlying action—because they address the scope of a court's discretion to deny, in full, a litigant's sealing motion based upon its failure to comply with procedural rules. *See Apple I*, 727 F.3d at 1220. Finally, the orders are "effectively unreviewable on appeal from a final judgment because once the parties' confidential information is made publicly available, it cannot be made secret again." *Id.*; *see Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (explaining that "an order denying a motion to unseal or seal documents is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order" (citation and internal quotation marks omitted)); *Al Odah ex rel. Al Odah v. United States*, 559 F.3d 539, 544 (D.C. Cir. 2009) (invoking the collateral order doctrine to exercise jurisdiction over an appeal of an order compelling the government to share classified information and explaining that "[o]nce the information is disclosed, the 'cat is out of the bag' and appellate review is futile" (citation omitted)).

## C. Public Access to Judicial Records and Documents

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted); *see Ex parte Uppercu*, 239 U.S. 435, 439–41 (1915). This right of access supports "the citizen's desire to keep a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598; *see also Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) ("Like the First Amendment . . . the right of inspection serves to produce an informed and enlightened public opinion." (citation and internal quotation marks omitted)).

There is a strong presumption in favor of access to documents filed with a court. *See Ctr. for Auto Safety*, 809 F.3d at 1096; *see also In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety*, 809 F.3d at 1096 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)); *see also Valley Broad. Co. v. U.S. Dist. Ct. for the Dist. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (emphasizing that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

In the Ninth Circuit, the strength of the presumption of access varies depending on the type of document at issue. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Where, as here, materials are attached to a motion that is "more than tangentially related to the underlying cause of action," a litigant must supply compelling reasons to shield them from public view. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see Kamakana*, 447 F.3d at 1179 (emphasizing that "compelling reasons must be

shown to seal judicial records attached to a dispositive mo-
tion" and that this "compelling reasons standard is invoked
even if the dispositive motion, or its attachments, were pre-
viously filed under . . . [a] protective order" (citation and
internal quotation marks omitted)).

### D. The Sealing Orders

At the outset, we note that Uniloc seeks to shield two
broad classes of materials from public disclosure: (1) its
own purportedly confidential and/or sensitive information
and that of its related entities; and (2) the purportedly con-
fidential and/or sensitive information of third parties. We
address each class of materials in turn.

### E. Materials of Uniloc and Related Entities

"Broad deference is given to a district court's interpre-
tation of its local rules." *Bias v. Moynihan*, 508 F.3d 1212,
1223 (9th Cir. 2007); *see also Grove v. Wells Fargo Fin. Ca.,
Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) ("Only in rare cases
will we question [a district court's] exercise of discretion in
connection with the application of local rules." (citations
and internal quotation marks omitted)); *Christian v. Mat-
tel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (emphasizing
that the "district court has considerable latitude in manag-
ing the parties' motion practice"). Here, because Uniloc
failed to comply with either Local Rule 79-5, which sets out
the standards for filing documents under seal, or Local
Rule 7-9, which sets out the standards for reconsideration,
the district court did not abuse its discretion in denying
Uniloc's motions to seal its purportedly confidential infor-
mation and that of its related entities.

Pursuant to Local Rule 79-5, any motion to seal "must
be narrowly tailored to seek sealing only of sealable mate-
rial." N.D. Cal. Civ. Local R. 79-5(b). As the district court
correctly determined, Uniloc's original attempt to comply
with this requirement fell woefully short. *See Sealing Or-
der*, slip op. at 2 (stating that the scope of Uniloc's original

sealing request was "astonishing"). Uniloc asked the district court to seal most of the briefing related to Apple's motion to dismiss, including citations to case law and quotations from published opinions of this court. J.A. 414–15; *see* J.A. 279–87. It also sought to seal large chunks of its attorney declarations and twenty-three exhibits in their entireties, J.A. 414–15; *see* J.A. 295–412, 422, 503, notwithstanding the fact that these exhibits included many matters of public record, such as a list of Uniloc's active patent cases, J.A. 388, and a list of its patents, J.A. 366.

Significantly, moreover, Local Rule 79-5 specifically provides that any party who seeks to seal material "must file a declaration . . . establishing that all of the designated material is sealable." N.D. Cal. Civ. Local R. 79-5(e)(1); *see Kamakana*, 447 F.3d at 1181–83 (explaining that a party seeking to keep materials confidential must show the specific injury that would result if a document were made public). Uniloc, however, sought sealing of entire documents based on no more than perfunctory assertions that the documents in question "contain[ed] sensitive, confidential and proprietary information related to financial data, licensing terms and business plans with respect to various Uniloc entities" and that "disclosure of this extremely sensitive information would create a substantial risk of serious harm to the Uniloc entities." J.A. 414; *see also* J.A. 422. Under such circumstances, the district court had ample support for its determinations that Uniloc's declarations were insufficient to support its motion to seal and that its sealing request was "far from narrowly tailored as required by [Local Rule 79-5]." *Sealing Order*, slip op. at 2 (internal quotation marks omitted); *see Kamakana*, 447 F.3d at 1182 (explaining that a party's "conclusory" statements about the confidential nature of certain documents did "not rise to the level of compelling reasons sufficiently specific to bar the public access to the documents" (internal quotation marks omitted)).

UNILOC 2017 LLC v. APPLE, INC.

On appeal, Uniloc does not meaningfully dispute that its original motion to seal was overbroad. Instead, it argues that since it agreed, in connection with its motion for leave to file for reconsideration, to make public more than ninety percent of the materials it originally sought to seal, J.A. 552, the district court abused its discretion in refusing to grant its new, narrower request to seal.

We do not find this argument persuasive. Under Local Rule 7-9, a litigant, in order to obtain leave to file a motion for reconsideration, must establish:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. Local R. 7-9(b).

Uniloc failed to meet any of these requirements. In moving for leave to file for reconsideration, it identified no intervening change in the law and failed to show that, at the time of its original sealing request, it did not know, or in the exercise of reasonable diligence could not have discovered, any of the facts that it relied upon in support of its motion. To the contrary, although it was cloaked in the guise of a motion for leave to file for reconsideration, Uniloc's filing was, in reality, an attempt to gain a "second

shot" at complying with Local Rule 79-5's prerequisites for filing documents under seal. As the district court correctly concluded, Uniloc should have submitted a narrowly tailored sealing request "right from the outset rather than over-classifying and then trying to get away with whatever [it could] on a motion to reconsider." *Reconsideration Order*, 2019 WL 2009318, at *2; *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (explaining that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (citation and internal quotation marks omitted)); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasizing that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"); *Turner v. City & Cty. of S.F.*, 892 F. Supp. 2d 1188, 1224 (N.D. Cal. 2012) (emphasizing that a motion for reconsideration under Local Rule 7-9 "cannot be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier").

## F. Uniloc's Contentions

Uniloc argues that "[c]ourts within the Ninth Circuit regularly find compelling reasons to seal documents containing valuable, competitive business information" because such information qualifies as a trade secret, and that the district court here abused its discretion in deviating from this practice. Br. of Appellants 32. This argument falls flat. As a threshold matter, this is not a case where a party submitted a slightly overbroad sealing request and later admitted that some of the redactions it initially proposed were not required. To the contrary, Uniloc's original sealing request was grossly excessive and its flouting of Local Rule 79-5 particularly flagrant. *See Sealing Order*, slip op. at 2; *see also In re Violation of Rule 28(D)*, 635 F.3d at 1360 (decrying a litigant's "blatant[ly] . . . improper

14                    UNILOC 2017 LLC v. APPLE, INC.

confidentiality markings," which extended to case citations and quotations from published opinions).

Even assuming *arguendo*, moreover, that some of the materials Uniloc currently seeks to shield might qualify as trade secrets, the issue on appeal is not whether trial courts are, in general, obligated to grant a narrow motion to seal trade secret information. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("*Apple II*") ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings.). Instead, the dispositive question is whether the district court abused its discretion in denying a motion to reconsider a motion to seal, where the motion to reconsider failed to meet the requirements of Local Rule 7-9, and where the motion to seal was, indisputably, neither narrowly tailored nor adequately supported. *See Sealing Order*, slip op. at 2 (explaining that while Uniloc's supporting declarations stated that disclosure of its purportedly confidential information would cause competitive injury, they "provide[d] no further explanation regarding why or how public disclosure of this information could cause commercial harm").

Our decision in *Apple I* is not to the contrary. There, we concluded that the district court abused its discretion in refusing to redact certain product-specific financial information, such as profit, cost, and margin data, as well as certain proprietary market research reports. *Apple I*, 727 F.3d at 1222–23. Importantly, however, the parties in that case supported the need for such redactions with detailed declarations describing both the competitive injury that would result if such information were disclosed and the significant efforts they had made to keep their product-specific financial information confidential. *Id.* at 1218–19, 1223–25. Furthermore, because the documents in question were not "introduced into evidence . . . the financial information at issue was not considered by the jury and [was]

not essential to the public's understanding of the jury's damages award." *Id*. at 1226.

More fundamentally, the primary issue in *Apple I* was whether the district court erred in concluding that "the parties' strong interest in keeping their detailed financial information sealed" failed to override "the public's relatively minimal interest in this particular information." *Id*. We had no occasion to address the central issues presented here, which are whether a district court abuses its discretion by applying local procedural rules to deny an overbroad and unsupported motion to seal and a subsequent motion for reconsideration.

Uniloc further maintains that the district court erred in refusing to redact the specific dollar amounts and financial terms in certain agreements because Apple's motion to dismiss for lack of subject matter jurisdiction "'did not directly depend'" on this information. Br. of Appellants 26 (quoting *Reconsideration Order*, 2019 WL 2009318, at *2). In support, it argues that although Apple alleged that "Uniloc was . . . required to license its patents for at least a certain amount of money by a certain deadline," it was irrelevant "whether the threshold was $10,000,000 or $10." *Id*.

This argument has it backwards. *See Kamakana*, 447 F.3d at 1181–82. The district court was not required to seal any information that was not "directly relevant" to its ruling on Apple's motion to dismiss; instead, all filings were presumptively accessible, and it was Uniloc's duty to provide compelling reasons for shielding particular materials from public view. *See, e.g.*, *Ctr. for Auto Safety*, 809 F.3d at 1098 ("[O]ur precedent . . . presumes that the compelling reasons standard applies to *most* judicial records." (citations and internal quotation marks omitted)); *Kamakana*, 447 F.3d at 1182 ("The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing."). As the Ninth

Circuit has made clear, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana*, 447 F.3d at 1180. Here, Uniloc had the opportunity to present compelling reasons for sealing or redacting its purportedly confidential information when it submitted its original motion to file under seal. *See id*. at 1181 ("But, in fact, the [City of Honolulu] did have a chance to show 'compelling reasons' and squandered it.").

We likewise reject Uniloc's argument that it should have been given the opportunity to submit a revised, more narrowly tailored motion to seal because "[g]iving litigants a second (and third) chance to address the court's concerns regarding motions to seal is the usual practice of the Northern District of California." Br. of Appellants 49 n.22.[6] We do not dispute that, at least in some circumstances, a district court may appropriately give parties additional

---

[6]    We need not, and therefore do not, address the question of whether the district court, in denying Uniloc's motion for reconsideration, properly weighed factors such as the public's "interest in learning the machinations that bear on the issue of standing in the patent context" and its "interest in knowing the full extent of the terms and conditions involved in Uniloc's exercise of its patent rights." *Reconsideration Order*, 2019 WL 2009318, at *1. Regardless of whether it properly weighed such factors in determining that Uniloc had not established sufficiently compelling reasons to support its revised sealing request, the fact that there had been no "emergence of new material facts or . . . change of law," N.D. Cal. Civ. Local R. 7-9(b)(2), since the court's original sealing order provides an independent basis for affirming the court's decision to deny reconsideration. *See, e.g.*, *Dittman v. California*, 191 F.3d 1020, 1027 n.3 (9th Cir. 1999) (emphasizing that an appellate "court may affirm on any ground supported by the record").

UNILOC 2017 LLC v. APPLE, INC.                                  17

opportunities to more narrowly tailor their requests to seal. But the fact that other courts, under other circumstances, have permitted litigants to submit revised sealing requests does not mean that the district court was required to do so here. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation and internal quotation marks omitted)); *Nixon*, 435 U.S. at 599 (explaining that the decision regarding access to judicial records is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case" (footnote omitted)); *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016) (denying a litigant's second, narrower motion to seal, notwithstanding the fact that it was unopposed, and stating that parties should not be allowed "to stipulate away the public's right of access without an adequate basis for doing so").

In this regard, Local Rule 79-5 clearly put Uniloc on notice that its motion to seal could be "denied in its entirety" and that "[a] sealing order [would] issue only upon a request that establishe[d] that the document, or portions thereof, [were] privileged, protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. Local R. 79-5(b), (f)(2); *see Nevro Corp. v. Bos. Sci. Corp.*, 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018) (denying an overbroad motion to seal as well as a motion for reconsideration of that denial and imposing sanctions on a law firm for filing these "frivolous" motions).[7] A district court does not abuse its discretion simply because it elects to strictly enforce its local procedural rules. *See, e.g., Grove*,

---

[7]    We recently issued a decision on the merits of the underlying infringement action in this case. *See Nevro Corp. v. Bos. Sci. Corp.*, 955 F.3d 35 (Fed. Cir. 2020).

UNILOC 2017 LLC v. APPLE, INC.

606 F.3d at 582 (affirming a district court's decision to deny a party's request for taxable costs because the party "failed to comply with the local rules governing motions for [such] costs"); *Christian*, 286 F.3d at 1129 (concluding that a district court did not abuse its discretion in refusing to consider any of a litigant's supplemental filings given that he "failed to comply with local rules regarding page limitations and typefaces").

Trial court judges, heavily burdened with the task of resolving complex legal and factual disputes, must also serve as the gatekeepers for vast quantities of information. They should not be forced to spend large swaths of their time struggling to rein in overzealous efforts to seal. *See Reconsideration Order*, 2019 WL 2009318, at *2 n.2 ("Because of the frequently overbroad requests to seal arising in patent litigation today, the Court . . . must now deal with these burdensome motions to seal on a regular basis."); *see also Takeda Pharm. U.S.A., Inc. v. Mylan Pharm., Inc.*, No. cv-19-2216-RGA, 2019 WL 6910264, at *1 (D. Del. Dec. 19, 2019) ("In my experience, corporate parties in complex litigation generally prefer to litigate in secret. To that end, discovery is over-designated as being confidential, pleadings and briefs are filed under seal, redacted versions of sealed documents are over-redacted, requests are made to seal portions of transcripts of judicial proceedings, and parties want to close the courtroom during testimony."); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No. 1:96-cv-1718-DFH-TAB, 2007 WL 141923, at *2 (S.D. Ind. Jan. 16, 2007) ("[A]ll too frequently this Court finds itself reviewing overbroad and unsupported requests to file documents under seal. Lest practitioners suspect the Court is overstating its case, counsel in one case recently filed a motion seeking to file excerpts from the Federal Register under seal.").

In denying Uniloc's sweeping motion to seal, the district court sent a strong message that litigants should submit narrow, well-supported sealing requests in the first

instance, thereby obviating the need for judicial intervention. Because the court "took seriously the presumption of public access and did so in accord with precedent from the Supreme Court and [the Ninth Circuit]," *Kamakana*, 447 F.3d at 1187, we conclude that there was no abuse of discretion in its decision to deny Uniloc's requests to seal its purportedly confidential information and that of its related entities.

## G. Information of Third Parties

We now turn to the purportedly confidential information belonging to Uniloc's licensees and other third parties.[8] Such third parties were not responsible for Uniloc's filing of an overbroad sealing request. Their information calls for an analysis not dependent on the overbreadth rationale just discussed.

The district court rejected Uniloc's attempt to prevent disclosure of information related to its third-party licensees, including the licensees' names, the duration of their licenses, and the specific royalty rate each licensee paid. *See, e.g.*, J.A. 322–24, 646–48. Uniloc asserts that almost all of its third-party license agreements included a

---

[8]    In addition to information regarding its third-party licensees, Uniloc seeks to shield certain information related to its financial relationship with Fortress. *See, e.g.*, Br. of Appellants 38, 42–43, 45. We leave to the district court's sound discretion the question of whether the interests of Fortress are so closely aligned with those of Uniloc that it should be deemed a Uniloc-related entity for purposes of determining whether its purportedly confidential materials should be sealed or redacted. *See, e.g.*, *Barsten v. Dep't of Interior*, 896 F.2d 422, 424 (9th Cir. 1990) ("We decline to consider the issue here, believing that the wiser course is to allow the district court to rule on it in the first instance.").

confidentiality provision, indicating that the information in the agreements was "proprietary and confidential," and that "the vast majority of these agreements were entered into under the auspices of protective orders signed by district court judges." Br. of Appellants 13. Significantly, moreover, many of Uniloc's licensees have submitted declarations stating that they wish their licensing information to remain confidential and that the disclosure of such information would cause them material competitive injury. J.A. 577–84; *see also* J.A. 649–86, 760–61, 780–82.

As to these third-party materials, we conclude that the district court failed to make findings sufficient to allow us to adequately assess whether it properly balanced the public's right of access against the interests of the third parties in shielding their financial and licensing information from public view. *See Midland*, 686 F.3d at 1119 (explaining that "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (emphasizing that a district court must explain its reasoning when making a decision on sealing in order to permit "meaningful appellate review of whether relevant factors were considered and given appropriate weight" (citations and internal quotation marks omitted)). In this regard, there is no indication in the record that the court assessed whether any of the third-party information was "protectable as a trade secret or otherwise entitled to protection under the law," N.D. Cal. Civ. Local R. 79-5(f)(2); *see Apple II*, 658 F.3d at 1162. We therefore vacate those portions of the district court's orders which denied sealing or redaction of the purportedly confidential information of third parties and remand so that the court may make particularized determinations as to whether and, if so, to what extent, the materials of each of these parties should be

made public.[9]  *See Apple II*, 658 F.3d at 1162; *see also Foltz*, 331 F.3d at 1137 (concluding that "third-party medical and personnel records [should] be redacted . . . to protect third-party privacy interests").

### III. CONCLUSION

Accordingly, the orders of the United States District Court for the Northern District of California are affirmed in part, vacated in part, and the case is remanded for further consideration in accordance with this opinion.

## AFFIRMED IN PART, VACATED IN PART, AND REMANDED

### COSTS

Each party will bear its own costs.

---

[9]  Apple contends that the district court properly denied Uniloc's motion for reconsideration on procedural grounds, but states that "pricing terms, royalty rates, and minimum payment terms of licensing agreements" generally qualify as "trade secrets, and thus are sealable." Br. of Appellee 16 (citation and internal quotation marks omitted).  At oral argument, it stated that it would not object if the district court, on remand, decided to seal a table, J.A. 322–24, 646–48, which provides the names of Uniloc's third-party licensees, the duration of their licenses, and the specific royalty rate each licensee paid.  *See* Oral Arg. at 31:52–32:40.