Alexandra Moss (SBN 302641)
alex@eff.org
Aaron Mackey (SBN 286647)
amackey@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
Tel.: (415) 436-9333
Fax.: (415) 436-9993

Attorneys for Intervenor
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case Nos.: 3:18-cv-00360 (WHA)<br>3:18-cv-00358 (WHA)<br>3:18-cv-00363 (WHA)<br>3:18-cv-00365 (WHA)<br>3:18-cv-00572 (WHA)<br><br>**DECLARATION OF ALEXANDRA H. MOSS IN SUPPORT OF THIRD MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING UNILOC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Date:  December 17, 2020<br>Time:  8:00 AM<br>Courtroom 12, 19th Floor<br>Honorable William Alsup |

# DECLARATION OF ALEXANDRA H. MOSS

1. I am attorney of record for Plaintiff Electronic Frontier Foundation ("EFF") in this matter. I am a member in good standing of the California State Bar and am admitted to practice in this Court. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

2. Attached hereto as Exhibit A is a true and correct copy of correspondence between counsel for the EFF and counsel for the parties in this case. Page numbers have been added for citation purposes. The exhibit is an email chain that is summarized as follows:

- August 17, 2020 email from Apple attorney Doug Winnard to counsel for Uniloc and EFF. Mr. Winnard acknowledged that the Federal Circuit had returned the mandate in the -360 case, and remanded for the district court to determine the following:

    1. "[W]hether and, if so, to what extent, the materials of each of these [third] parties should be made public. (Slip Op. at 20–21.)

    2. "[W]hether the interests of Fortress are so closely aligned with those of Uniloc that it should be deemed a Uniloc-related entity for purposes of determining whether its purportedly confidential materials should be sealed or redacted." (Slip Op. at 19, fn. 8)

    (Ex. A at 10.)

    On question 1, Mr. Winnard asked Uniloc "please identify all materials that Uniloc contends contain the confidential information of third parties." (Ex. A at 10.)

    On question 2, Mr. Winnard wrote that "there should be no dispute that the interests of Fortress are so closely aligned with those of Uniloc that its materials should be treated the same as Uniloc's, i.e., no longer under seal," and identified confirmatory public filings. (Ex. A at 10.)

    He requested notice if Uniloc intended to dispute this point: "If Uniloc/Fortress intend to argue that . . . Fortress should instead be treated as a 'third party,' let us know as soon as possible so that the parties can meet and confer on a proposed schedule for discovery and briefing on that issue." (Ex. A at 10-11.)

- August 19, 2020 email from Uniloc attorney Aaron Jacobs to Apple and EFF. Mr. Jacobs replied: "We're looking over this and will get back to you." (Ex. A at 10.)

- August 26, 2020 email from Apple attorney Doug Winnard to Uniloc and EFF. Mr. Winnard followed up, asking: "can you let me know when Uniloc intends to provide its positions on the two issues for remand?" (Ex. A at 9.)

- August 26, 2020 email from Uniloc attorney Aaron Jacobs to Apple and EFF. Mr. Jacobs wrote: "Regarding the first issue, Uniloc intends to abide by its contractual obligation to keep all

1

Uniloc/third party information sealed. Regarding the second issue, we're working with Fortress to determine which, if any, of the Fortress/Uniloc information will remain under seal." (Ex. A at 9.)

- <u>August 28, 2020 email from Apple attorney Doug Winnard to Uniloc and EFF</u>. Mr. Winnard explained that "the response does not fully answer the questions," and asked "for a response by September 4 to the two questions posed in my email of August 17." (Ex. A at 8.)

- <u>September 3, 2020 email from Uniloc attorney Aaron Jacobs to Apple and EFF</u>. Mr. Jacobs stated that "Uniloc and Fortress reviewed the information that remains sealed in the documents that relate to them and decided that, at this point, it makes the most sense to unseal everything that relates solely to them," but "[a]ll third-party information that is sealed should remain under seal." (Ex. A at 1–2.)

  Mr. Jacobs also included what he believed to be "a complete list of the documents that were filed under seal or redacted, and Uniloc's proposal" for unsealing or redacting each one. (Ex. A at 2.) Uniloc's list of proposals is on pages 2–8 of Exhibit A.

- <u>September 23, 2020 email from Apple attorney Doug Winnard to Uniloc and EFF</u>. Mr. Winnard asked Uniloc's counsel to "confirm that [its] proposal to unseal all material that relates solely to Uniloc and Fortress also extends to previously sealed or redacted versions of Judge Alsup's Orders," and "prepare a filing that reflects this proposal so that the appropriate material can be unsealed." (Ex. A at 1.)

- <u>September 30, 2020 email from Uniloc attorney Aaron Jacobs to Apple and EFF.</u> Mr. Jacobs wrote: "Yes, we plan to completely unseal the order. We are working on the paperwork for two separate administrative motions, which we hope to get to you by the end of this week." (Ex. A at 1.)

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed on this 12th day of November, 2020.

/s/ *Alexandra Moss*
Alexandra Moss