# EXHIBIT A

From: **Jacobs, Aaron** ajacobs@princelobel.com  📎
Subject: RE: Uniloc v. Apple (-360) - Remand on Sealing
Date: September 30, 2020 at 8:23 AM
To: Doug Winnard dwinnard@goldmanismail.com, **Alex Moss** alex@eff.org, **uniloc** uniloc@princelobel.com
Cc: Apple-uniloc Apple-uniloc@goldmanismail.com

Doug,

Yes, we plan to completely unseal the order.

We are working on the paperwork for two separate administrative motions, which we hope to get to you by the end of this week.

Aaron

**From:** Doug Winnard [mailto:dwinnard@goldmanismail.com]
**Sent:** Wednesday, September 23, 2020 5:39 PM
**To:** Jacobs, Aaron <ajacobs@princelobel.com>; Alex Moss <alex@eff.org>; uniloc <uniloc@princelobel.com>
**Cc:** Apple-uniloc <Apple-uniloc@goldmanismail.com>
**Subject:** RE: Uniloc v. Apple (-360) - Remand on Sealing

Thank you, Aaron.

Can you confirm that Uniloc's proposal to unseal all material that relates solely to Uniloc and Fortress also extends to previously sealed or redacted versions of Judge Alsup's Orders? I believe that's what your Dkt No. 164 refers to below, but I would appreciate if you could confirm that understanding. Subject to that confirmation, Apple agrees with Uniloc's proposal on the unsealing of Uniloc/Fortress material and the continued sealing of third-party material.

Please prepare a filing that reflects this proposal so that the appropriate material can be unsealed.

Thanks,
Doug

**From:** Jacobs, Aaron <ajacobs@princelobel.com>
**Sent:** Thursday, September 3, 2020 12:46 PM
**To:** Doug Winnard <dwinnard@goldmanismail.com>; Alex Moss <alex@eff.org>; uniloc <uniloc@princelobel.com>
**Cc:** Apple-uniloc <Apple-uniloc@goldmanismail.com>
**Subject:** RE: Uniloc v. Apple (-360) - Remand on Sealing

Doug,

Uniloc and Fortress reviewed the information that remains sealed in the documents that relate to them and decided that, at this point, it makes the most sense to unseal everything that relates solely to them.  Note that they are doing so due to the procedural posture of the case and documents, rather than agreeing that any of this information is not protectable and

that similar (albeit not identical) information should not be protected in the future.

All third-party information that is sealed should remain under seal.

With that in mind, the following is (I believe) a complete list of the documents that were filed under seal or redacted, and Uniloc's proposal:

| Docket Item | Uniloc's Proposal |
|---|---|
| Dkt. No. 135 Apple Memorandum | Unseal. |
| Dkt. No. 135-1 Winnard decl. | Unseal. |
| Dkt. No. 135-2 Exhibit A: Conformed Revenue Sharing and Note and Warrant Purchase Agreement.  The complete document is Bates-stamped UNILOC_APPLE_2017_18265 to UNILOC_APPLE_2017_18365. | Unseal other than the table at the end, from UNILOC_APPLE_2017_18337 to UNILOC_APPLE_2017_18339, because it includes third-party licensing information. |
| Dkt. No. 135-3 Exhibit B:  Patent License Agreement between Uniloc Luxembourg, S.A., Uniloc USA, Inc., and Fortress Credit Co LLC, dated December 30, 2014. The complete document is Bates-stamped UNILOC_APPLE_2017_18366 to UNILOC_APPLE_2017_18373. | Unseal. |
| Dkt. No. 135-4 Exhibit C: Revenue Sharing and Note and Warrant Purchase Agreement. The complete document is Bates-stamped UNILOC_APPLE_2017_18265 to UNILOC_APPLE_2017_18365. | Unseal. |
| Dkt. No. 135-5 Exhibit D: Excerpts of deposition of Erez Levy, taken September 21, 2018. | Unseal. |
| Dkt. No. 135-6 Exhibit E: Excerpts of deposition of Drake Turner, taken October 8, 2018. | Unseal. |
| Dkt. No. 135-7 Exhibit F is an excerpted true and correct copy of the Security Agreement between Uniloc Luxembourg, | Unseal. |

| | |
|---|---|
| S.A., Uniloc Corporation PTY Limited, Uniloc USA, Inc., and Fortress Credit Co LLC, dated December 30, 2014. The complete document is Bates stamped UNILOC_APPLE_2017_18208 to UNILOC_APPLE_2017_18264. | |
| Dkt. No. 135-8 Exhibit G: Uniloc Luxembourg and Uniloc USA's Disclosure Schedules.  The complete document is Bates-stamped UNILOC_APPLE_2017_16650 to UNILOC_APPLE_2017_16851. | Unseal. |
| Dkt. No. 135-11 Exhibit J: Termination Agreement between Uniloc USA, Inc. and Uniloc Luxembourg S.A., dated May 3, 2018. The complete document is Bates-stamped UNILOC_APPLE_2017_17386 to UNILOC_APPLE_2017_17389. | Unseal. |
| Dkt. No. 135-12 Exhibit K: Patent Sale Agreement between Hewlett Packard Enterprise Development LP, Hewlett Packard Enterprise Company, and Uniloc Luxembourg S.A., fully executed May 16, 2017. The complete document is Bates-stamped UNILOC_APPLE_2017_016076 to UNILOC_APPLE_2017_016090. | Unseal. |
| Dkt. No. 135-13 Exhibit L: License Agreement between Uniloc USA, Inc. and Uniloc Luxembourg S.A., dated May 26, 2017, Bates-stamped UNILOC_APPLE_2017_016054 to UNILOC_APPLE_2017_016057. | Unseal. |
| Dkt. No. 135-14 Exhibit M: | Unseal. |

| | |
|---|---|
| Asset Purchase Agreement between Uniloc 2017 LLC and Uniloc Luxembourg S.A., dated March 28, 2018. The complete document is Bates-stamped UNILOC_APPLE_2017_16349 to UNILOC_APPLE_2017_16649. | |
| Dkt. No. 135-16 Exhibit O is an excerpted true and correct copy of the License Agreement between Uniloc 2017 LLC and Uniloc USA, Inc., dated May 3, 2018. The complete document is Bates-stamped UNILOC_APPLE_2017_17738 to UNILOC_APPLE_2017_17746. | Unseal. |
| Dkt. No. 135-17 Exhibit P is an excerpted true and correct copy of the License Agreement between Uniloc 2017 LLC and Uniloc Licensing USA LLC, dated May 3, 2018. The complete document is Bates-stamped UNILOC_APPLE_2017_17757 to UNILOC_APPLE_2017_17766. | Unseal. |
| Dkt. No. 135-18 Exhibit Q is an excerpted true and correct copy of Amendment No. 1, dated August 28, 2018, to the License Agreement between Uniloc 2017 LLC and Uniloc USA, Inc. The complete document is Bates-stamped UNILOC_APPLE_2017_17904 to UNILOC_APPLE_2017_17913. | Unseal. |
| Dkt. No. 135-19 Exhibit R is an excerpted true and correct copy of Amendment No. 1, dated August 28, 2018, to the License Agreement between Uniloc 2017 LLC and Uniloc Licensing USA LLC. The complete document is Bates-stamped UNILOC_APPLE_2017_17890 | Unseal. |

| | |
|---|---|
| UNILOC_APPLE_2017_17890 to UNILOC_APPLE_2017_17899. | |
| Dkt. No. 135-20 Exhibit S is an excerpted true and correct copy of the Note Purchase and Security Agreement between Uniloc 2017 LLC and CF Uniloc Holdings LLC, dated May 3, 2018. The complete document is Bates-stamped UNILOC_APPLE_2017_16852 to UNILOC_APPLE_2017_16958. | Unseal. |
| Dkt. No. 135-24 Exhibit W is an excerpted true and correct copy of the Amended and Restated Operating Agreement of Uniloc 2017 LLC, dated May 3, 2018. The complete document is Bates-stamped UNILOC_APPLE_2017_17168 to UNILOC_APPLE_2017_17234. | Unseal. |
| Dkt. No. 135-29 Appendix A is a timeline. | Unseal. |
| Dkt. No. 142 Uniloc Opp. | Unseal. |
| Dkt. No. 142-1 Palmer Declaration (unsealed) | Unseal. |
| Dkt. No. 142-2 Ex. A: Schedule 1(a) list attached to the 2014 Agreement included 71 United States patents | Unseal. |
| Dkt. 147 Apple Reply | Unseal other than the dollar values and percentages related to the Microsoft agreement, as seen in Joint Appx744, which is at the bottom of page 11 of the brief. |
| Dkt. 147-1 Apple decl | Unseal. |
| Dkt. 147-3 Exhibit CC: Conformed Revenue Sharing and Note and Warrant Purchase Agreement between Uniloc USA, Inc., Uniloc Luxembourg S.A., Uniloc Corporation PTY Limited, D/A Investment Holdings LLC, and Fortress Credit Co LLC | Unseal |

| | |
|---|---|
| and Fortress Credit Co LLC, dated December 30, 2014, as amended February 24, 2015, May 27, 2016 and May 15, 2017. | |
| Dkt. 147-4 Exhibit DD: Settlement and License Agreement between Microsoft and Uniloc | Redact to cover the financial terms of this agreement with Microsoft. |
| Dkt. 147-7 Exhibit GG is an excerpted true and correct copy of the Heads of Agreement between Fortress Credit Corp. and Crag S. Etchegoyen, dated May 3, 2018. The complete document is Bates-stamped UNILOC_APPLE_2017_17005 to UNILOC_APPLE_2017_17167. | Unseal. |
| Dkt. No. 164-2: Revised redactions for Order on Motion to Dismiss and Join Party | Unseal. |
| Dkt No. 168-2: Decl. of Aaron S. Jacobs ("Jacobs Revised Redactions Decl.") in Support of Plaintiff's Motion for Reconsideration of the Court's January 17, 2019, Order re Sealing of Order on Motion to Dismiss and Motion to Join Party, and Order re Administrative Motions to File Under Seal and Motion to Intervene | The only information that is sealed relates to third parties, and so this document should remain as redacted. |
| Dkt No. 168-3: Jacobs Decl. re Revised Redactions Ex. A: Revised redactions for Apple Inc.'s Motion to Dismiss | Unseal. |
| Dkt. No. 168-4: Jacobs Decl. re Revised Redactions Ex. B: Revised redactions for Conformed Revenue Sharing and Note and Warrant Purchase Agreement | Unseal other than the table at the end, from UNILOC_APPLE_2017_18337 to UNILOC_APPLE_2017_18339, which contains third-party licensing information. |
| Dkt. No. 168-9: Jacobs Decl. re Revised Redactions Ex. G: [Sealed] Decl. | Third party information to remain sealed. |

| | |
|---|---|
| Dkt. No. 168-10: Jacobs Decl. re Revised Redactions Ex. H: [Sealed] Decl. | Third party information to remain sealed. |
| Dkt. No. 168-11: Jacobs Decl. re Revised Redactions Ex. I: [Redacted] Decl. | Third party information to remain sealed. |
| Dkt. No. 168-12: Jacobs Decl. re Revised Redactions Ex. J: [Sealed] Decl. | Third party information to remain sealed. |
| Dkt. No. 168-13: Jacobs Decl. re Revised Redactions Ex. K: [Sealed] Decl. | Third party information to remain sealed. |
| Dkt. No. 168-14: Jacobs Decl. re Revised Redactions Ex. L: [Sealed] Decl. | Third party information to remain sealed. |
| Dkt. No. 168-15: Jacobs Decl. re Revised Redactions Ex. M: [Sealed] Decl. | Third party information to remain sealed. |
| Dkt. No. 168-16: Jacobs Decl. re Revised Redactions Ex. N: [Sealed] Decl. | Third party information to remain sealed. |
| Dkt. No. 168-17: Jacobs Decl. re Revised Redactions Ex. O: Revised redactions for Revenue Sharing and Note and Warrant Purchase Agreement Between Uniloc Fortress | Unseal. |
| Dkt. No. 168-18: Jacobs Decl. re Revised Redactions Ex. P: Revised redactions for Excerpts of the deposition transcript of Erez Levy | Unseal. |
| Dkt. No. 168-19: Jacobs Decl. re Revised Redactions Ex. Q: Revised redactions for Excerpts of the deposition transcript of Drake Turner | Unseal. |
| Dkt. No. 168-20: Jacobs Decl. re Revised Redactions Ex. R: Revised redactions for Uniloc Luxembourg, S.A. and Uniloc USA, Inc.'s Disclosure Schedules | Unseal. |
| Dkt. No. 168-21: Jacobs Decl. re Revised Redactions Ex. S: Revised redactions for License Agreement between Uniloc 2017 LLC and Uniloc Licensing USA | Unseal. |

| Dkt. No. 168-22: Jacobs Decl. re Revised Redactions Ex. T: Revised redactions for Note Purchase and Security Agreement between Uniloc 2017 LLC and CF Uniloc Holdings LLC | Unseal. |
| --- | --- |
| Dkt. No. 168-23: Jacobs Decl. re Revised Redactions Ex. U: Revised redactions for Apple Reply in Support of Motion to Dismiss | Unseal other than the dollar values and percentages related to the Microsoft agreement, as seen at Joint Appx744, which is at the bottom of page 11 of the brief. |
| Dkt. No. 168-24: Jacobs Decl. re Revised Redactions Ex. V: Revised redactions for Decl. of Winnard in Support of Defendant Apple Inc.'s Reply | Unseal |
| Dkt. No. 168-25: Jacobs Decl. re Revised Redactions Ex. W: [Sealed] Settlement and License Agreement between Microsoft Corporation and Uniloc | Redact to cover the financial terms of this license with third-party Microsoft. |
| Dkt. No. 168-27: Jacobs Decl. re Revised Redactions Ex. Y: [Sealed] Heads of Agreement between Fortress Credit Corp. and Craig S. Etchegoyen | Unseal. |

Please let me know if Apple has any questions, comments, concerns and etc.

Sincerely yours,
        Aaron

---

**From:** Doug Winnard [mailto:dwinnard@goldmansmail.com]
**Sent:** Friday, August 28, 2020 11:27 AM
**To:** Jacobs, Aaron <ajacobs@princelobel.com>; Alex Moss <alex@eff.org>; uniloc <uniloc@princelobel.com>
**Cc:** Apple-uniloc <Apple-uniloc@goldmansmail.com>
**Subject:** RE: Uniloc v. Apple (-360) - Remand on Sealing

Aaron,

Thanks for the response. While a helpful starting point, the response does not fully answer the questions below. In order to resolve the issues for remand promptly, Apple asks for a response by September 4 to the two questions posed in my email of August 17 for the reasons stated below.

For question 1, Uniloc needs to identify all materials that Uniloc contends contain the

For question 1, Uniloc needs to identify all materials that Uniloc contends contain the confidential information of third parties so that the parties can determine to what extent, if any, they disagree over sealing those materials. As Apple stated at oral argument before the Federal Circuit, Apple would not oppose a request to seal, for example, the table of third-party licensees.

For question 2, Uniloc needs to confirm whether it will seek to seal any Fortress information at all. If Uniloc does not intend to request to seal any Fortress information, then this issue should be moot. But if Uniloc intends to request to seal any Fortress information at all, the parties will need to discuss how to present the issue of "whether the interests of Fortress are so closely aligned with those of Uniloc" to Judge Alsup for resolution.

Thanks,
Doug

---

**From:** Jacobs, Aaron <ajacobs@princelobel.com>
**Sent:** Wednesday, August 26, 2020 3:14 PM
**To:** Doug Winnard <dwinnard@goldmanismail.com>; uniloc <uniloc@princelobel.com>; Alex Moss (alex@eff.org) <alex@eff.org>
**Cc:** Apple-uniloc <Apple-uniloc@goldmanismail.com>
**Subject:** RE: Uniloc v. Apple (-360) - Remand on Sealing

Doug,

Regarding the first issue, Uniloc intends to abide by its contractual obligation to keep all Uniloc/third-party information sealed.

Regarding the second issue, we're working with Fortress to determine which, if any, of the Fortress/Uniloc information will remain under seal.

Sincerely yours,
    Aaron

---

**From:** Doug Winnard [mailto:dwinnard@goldmanismail.com]
**Sent:** Wednesday, August 26, 2020 4:03 PM
**To:** Jacobs, Aaron <ajacobs@princelobel.com>; uniloc <uniloc@princelobel.com>; Alex Moss (alex@eff.org) <alex@eff.org>
**Cc:** Apple-uniloc <Apple-uniloc@goldmanismail.com>
**Subject:** RE: Uniloc v. Apple (-360) - Remand on Sealing

Aaron – following up on the below, can you let me know when Uniloc intends to provide its positions on the two issues for remand?

Thanks,
Doug

---

**From:** Jacobs, Aaron <ajacobs@princelobel.com>
**Sent:** Wednesday, August 19, 2020 8:47 AM

**To:** Doug Winnard <dwinnard@goldmanismail.com>; uniloc <uniloc@princelobel.com>;
Alex Moss (alex@eff.org) <alex@eff.org>
**Cc:** Apple-uniloc <Apple-uniloc@goldmanismail.com>
**Subject:** RE: Uniloc v. Apple (-360) - Remand on Sealing

Doug,

We're looking over this and will get back to you.

Aaron

---

**From:** Doug Winnard [mailto:dwinnard@goldmanismail.com]
**Sent:** Monday, August 17, 2020 6:24 PM
**To:** uniloc <uniloc@princelobel.com>; Alex Moss (alex@eff.org) <alex@eff.org>
**Cc:** Apple-uniloc <Apple-uniloc@goldmanismail.com>
**Subject:** Uniloc v. Apple (-360) - Remand on Sealing

Counsel,

Earlier today, the Federal Circuit returned the mandate to Judge Alsup in the -360 case.
The Federal Circuit remanded for the district court to determine:

1. "[W]hether and, if so, to what extent, the materials of each of these [third] parties
   should be made public. (Slip Op. at 20–21.)

2. "[W]hether the interests of Fortress are so closely aligned with those of Uniloc that
   it should be deemed a Uniloc-related entity for purposes of determining whether its
   purportedly confidential materials should be sealed or redacted." (Slip Op. at 19, fn.
   8)

On question 1, please identify all materials that Uniloc contends contain the confidential
information of third parties.

On question 2, there should be no dispute that the interests of Fortress are so closely
aligned with those of Uniloc that its materials should be treated the same as Uniloc's, i.e.,
no longer under seal.  Public filings alone make this clear.  As one example, Uniloc 2017
listed Fortress's office, located at 1345 Avenue of the Americas, 46th Floor, New York, as
its own principal office in public filings.  As another example, Fortress's co-chief
investment officer, Constantine Dakolias, served as the President of Uniloc 2017 and
signed agreements on Uniloc 2017's behalf, including the May 2017 assignment of the
patents-in-suit from Uniloc Luxembourg to Uniloc 2017.  And on the parties' dispute
regarding Uniloc's standing, which precipitated Uniloc's appeal on sealing, Fortress
provided Uniloc with a declaration from employee James Palmer in order to further
Uniloc's and Fortress's shared interest in opposing Apple's motion to dismiss.  Fortress
should thus be deemed a "Uniloc-related entity" and its materials should be made public
pursuant to the Federal Circuit's decision on Uniloc's sealing requests.

If Uniloc/Fortress intend to argue that their interests are not closely aligned and that
Fortress should instead be treated as a "third party," let us know as soon as possible so
that the parties can meet and confer on a proposed schedule for discovery and briefing

that the parties can meet and confer on a proposed schedule for discovery and briefing on that issue.

Thanks,
Doug

**Doug Winnard**

200 South Wacker Dr., 22nd Floor, Chicago, IL 60606
**P** 312-881-5944   **C** 913-638-1009 **F** 312-380-7018
goldmanismail.com

# GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of Goldman Ismail Tomaselli Brennan & Baum LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note that any distribution or copying of this message is prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under federal tax laws.

---

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.