James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Telephone: 617-456-8000
Facsimile: 617-456-8100

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC 2017 LLC, UNILOC USA, INC., and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant, <br><br> and <br><br> ELECTRONIC FRONTIER FOUNDATION, <br><br> Intervenor. | Case Nos.   3:18-cv-00358-WHA <br> 3:18-cv-00360-WHA <br> 3:18-cv-00363-WHA <br> 3:18-cv-00365-WHA <br> 3:18-cv-00572-WHA <br><br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO UNSEAL PARTS OF ORDER RE MOTION TO SEAL AND AMEND DEADLINES WITH RESPECT THERETO** |

Pursuant to Civil L.R. 7-11, Plaintiffs Uniloc 2017 LLC, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc")[1] hereby submit this Administrative Motion to Unseal Parts of Order re Motion to Seal and Amend Deadlines with Respect Thereto.  Defendant Apple Inc. ("Apple") does not oppose.

## I.    REQUEST

On August 22, 2022, this Court issued the sealed Order re Motion to Seal ("Order"), Docket Number 263 in the -360 Case.  That Order granted-in-part and denied-in-part the omnibus motion to seal certain licensing information and set deadlines by which the parties were to take certain actions.  Uniloc hereby respectfully requests the following amendments:

- The Court unseal the Order, *other than* with respect to two of the specific dollar figures identified in footnote 3, which Uniloc respectfully requests that the Court redact (or order Uniloc to redact) until resolution of these matters.

- The Court move back the deadline for Uniloc and Apple to provide proposed redactions to Exhibits 5-12 from fourteen days of the date of the Order—which would be September 6, 2022, due to Labor Day—to coincide with the deadline to appeal.

## II.    DISCUSSION

Uniloc appreciates the Court's continued efforts with respect to the issues underlying the Motion to Seal and hopes that the instant Administrative Motion will be the last of it.  Indeed, this Administrative Motion is filed with that in mind.

*First*, the Order is currently under seal and so only counsel for Uniloc and Apple are permitted to see it.  Counsel for EFF have not reviewed it and declined to review a redacted version prepared by Uniloc.  *See* Ex. A at 2.  Counsel for EFF also declined to discuss the Order with the parties, at least unless it is made public with redactions.  *Id.* at 1 ("Based upon your [Uniloc's counsel's] previous email, the order seems amenable to redaction, so we [EFF's counsel] hope the parties will propose a redacted version to the Court and request its release soon.").  As such, to provide the public with access to the Order, and to facilitate meaningful communications between the parties and EFF, Uniloc asks the Court to unseal the Order *other than* with respect to redactions to the monetary figures in footnote 3 of the Order that disclose (a) the total amount of licensing

---

[1]    Uniloc 2017 LLC was added as a plaintiff to the -360, -363, -365 and -572 cases ("the -360 *et seq.* cases"), but not to the -358 Case.

1    payments of the thirty licensees who submitted statements, at page 9, line 25; and (b) the license

2    payments for the twelve licensees who provided statements and who entered into agreements with

3    Uniloc during the critical period, at page 9, line 28.  Disclosure of those monetary figures would

4    lead to information asymmetry and potential competitive harm to the licensees, which the Court has

5    recognized are valid bases upon which to seal licensing information.  In short, disclosure of that

6    information, together with other unsealed information, could result in effective disclosure of the

7    individual amounts paid by the licensees.  Uniloc is willing to prepare and file a redacted version of

8    the Order—and would certainly do so at the Court's direction—but for Uniloc to do so

9    affirmatively without direction would require *yet another* administrative motion to seal.

10           *Second*, Uniloc and Apple are currently required to comply with the Order and file redacted

11   versions of Exhibits 5-12 by September 6, 2022.  If they do so, it would effectively vitiate their

12   ability to appeal; after all, the cat would be out of the proverbial bag.  Their only alternative is to

13   appeal by September 6, 2022, in which instance the to-be-disclosed materials will remain under seal

14   through the appellate process.

15           Conversely, EFF has until September 21, 2022, to appeal the Court's Order.[2]  In fact, even if

16   Uniloc and Apple comply with the Order and unseal the identified information, EFF could still

17   appeal.  So, Uniloc and Apple must decide whether they intend to appeal in less than half of the

18   time as EFF, and they must do so without a meaningful chance to meet and confer with EFF with

19   respect to the matter.  And, as noted above, EFF has declined to discuss anything without being able

20   to see the Order.  This, in turn, might result in an appeal by September 6, 2022, that could otherwise

21   have been avoided if the parties and EFF were able to meet and confer.

22

23

24

25   _____
      [2]      This Court granted EFF's third Motion to Intervene—which was not limited to the motions
26   to seal then at issue—without any reservation or limitation as to scope; indeed, EFF's motion to
      intervene was filed before Uniloc even filed the motion to file under seal after the first remand.  *See*
27   -360 Case, Dkt. No. 217 (Third Motion to Intervene); Dkt. No. 233 (Order re Sealing) at 7 ("EFF's
      motion to intervene is GRANTED.").  So, it is unclear whether EFF has the *de jure* right to appeal
28   as to the current Order, but EFF has not denied as much.  At the least, EFF has not stated that it will
      not file a fourth such motion to intervene between September 6 and September 21, 2022.

## III.     CONCLUSION

For the foregoing reasons, Uniloc respectfully requests that the Court issue a version of the Order with just the dollar figures at page 9, lines 25 and 28, redacted from footnote 3, or direct Uniloc to file such a version; and align all deadlines to coincide with the deadline to appeal.

Date: August 30, 2022                          Respectfully submitted,

                                               /s/ Aaron S. Jacobs
                                               James J. Foster
                                               jfoster@princelobel.com
                                               Aaron S. Jacobs (CA No. 214953)
                                               ajacobs@princelobel.com
                                               PRINCE LOBEL TYE LLP
                                               One International Place, Suite 3700
                                               Boston, MA 02110
                                               617-456-8000

                                               Matthew D. Vella (CA No. 314548)
                                               mvella@princelobel.com
                                               PRINCE LOBEL TYE LLP
                                               410 Broadway Avenue, Suite 180
                                               Laguna Beach, CA 92651

                                               ATTORNEYS FOR THE PLAINTIFFS