# EXHIBIT 1

3:18-cv-00360-WHA
Docket Number 168-2
REDACTED

James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Telephone: 617-456-8000
Facsimile: 617-456-8100

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
PRINCE LOBEL TYE LLP
410 Broadway Avenue, Suite 180
Laguna Beach, CA 92651

ATTORNEYS FOR THE PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>              Plaintiffs,<br><br>       v.<br><br>APPLE INC.,<br><br>              Defendant. | Case Nos.   3:18-cv-00365-WHA<br>                   3:18-cv-00572-WHA<br><br><br>**DECLARATION OF AARON S. JACOBS IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 17, 2019, ORDER RE SEALING OF ORDER ON MOTION TO DISMISS AND MOTION TO JOIN PARTY, AND ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO INTERVENE** |

I, Aaron S. Jacobs, hereby declare as follows:

1.      I am counsel for Plaintiffs, Uniloc 2017 LLC and Uniloc Luxembourg, S.A., (collectively, "Uniloc").

2.      Attached hereto as Exhibit A is a redacted version of Apple Inc.'s Motion to Dismiss.  This document includes eight words or phrases that Uniloc proposes to redact, of between one to three words each, which disclose highly confidential and sensitive financial information of Uniloc, the disclosure of which would cause competitive harm Uniloc.  For example, it would cause information asymmetry between Uniloc and potential licensees.  It would also disclose information regarding Uniloc's confidential loans and Fortress's business practices.  In particular, the redactions are:

    a.      4:19:  Financial terms relating to minimum income required by Uniloc to avoid default.

    b.      4:23:  Total income by Uniloc from confidential licensing agreements.

    c.      4:26:  Total income by Uniloc from confidential licensing agreements.

    d.      11:19-20:  Financial terms relating to minimum income required by Uniloc to avoid default; and total income by Uniloc from confidential licensing agreements.

    e.      11:24-26:  Financial terms relating to minimum income required by Uniloc to avoid default; and total income by Uniloc from confidential licensing agreements.

3.      Attached hereto as Exhibit B is a redacted version of the Conformed Revenue Sharing and Note and Warrant Purchase Agreement.  The Conformed Revenue Sharing and Note and Warrant Purchase Agreement includes two types of proprietary information.  The first type is found across the first twenty-three pages.  Uniloc proposes to redact seven dollar figures and percentages that disclose highly confidential and sensitive financial information of Uniloc and Fortress, the disclosure of which would prove to be a competitive harm to them.  For example, it would cause information asymmetry between Uniloc and potential licensees.  It would also disclose information regarding Uniloc's confidential loans and Fortress's business practices.  In particular, the redactions are:

    a.      Page Uniloc_Apple_2017_18283, first Recital: Financial and revenue terms.

      b.     Page Uniloc_Apple_2017_18283, second Recital: Financial and loan terms.

      c.     Page Uniloc_Apple_2017_18291, Section 2.6: Loan terms.

      d.     Page Uniloc_Apple_2017_18298, Section 6.2.2: Defines minimum actual monetization revenues.

      e.     Page Uniloc_Apple_2017_18301, Section 6.10: Loan terms related to minimum liquidity.

      f.     Page Uniloc_Apple_2017_18337-39 (Summary of Uniloc License Agreements, updated May 10, 2017): Actual licensing terms, including amounts paid, between Uniloc and licensees. The underlying licenses are themselves confidential between Uniloc and the licensees.

4.     The second type of proprietary information found in the Conformed Revenue Sharing and Note and Warrant Purchase Agreement is found over the last three pages, Uniloc_Apple_2017_18337 through 18339. These pages include a table which lists every license into which Uniloc had entered from 2010 through mid-2017. This list discloses the third-party licensees' names, the dates of the licenses and the amounts paid for each license. Each such set of information is covered by a separate license with the named licensee. And, each license agreement (other than the two agreements which were made by email) includes a confidentiality provision, wherein both Uniloc and the licensee—a third-party to the current litigation—declare that the information contained therein is proprietary and confidential.

5.     I reached out to all of the licensees disclosed on the list of 109 licenses. In particular, I and individuals working with me reviewed the licenses and identified the contact person(s) for each third-party. I then sent a separate letter to each, explaining that this Court had ordered the disclosure of the above-identified information relating to the licensee's license with Uniloc and asking for input as to its preferences. I received responses, of one form or another, from approximately forty of the licensees.

6.     Some of the responses I received from the third-party licensees were preliminary or not sufficiently definite to discern their exact preferences, and so I am not able to report to the Court a definitive statement from those licensees as to their preferences.

7.     Two of the third-party licensees who responded indicated that they agreed to disclose the information as to their licenses. This said, Uniloc still views the amounts these

licensees paid for their licenses as highly confidential and sensitive financial information of Uniloc, and so requests that it remain under seal. These third-party licensees include:

      a.     BinaryNow, Inc.

      b.     Brooks Internet Software, Inc.

8.     Some third-party licensees who responded indicated that they view the amounts they paid for their licenses as confidential, financial and business information, the disclosure of which would cause them competitive harm. These entities asked that Uniloc make every effort to maintain the confidentiality of the amounts paid for their licenses. These third-party licensees include:

      a.     Allscripts Healthcare Solutions, Inc.: Attached hereto as Exhibit C is the Declaration of Josh Reed, of Allscripts. This Declaration states, *inter alia*:

            i.     The settlement agreement between Uniloc and Allscripts includes a confidentiality clause prohibiting the parties from disclosing the terms of the agreement to others, except for in certain limited circumstances described in the confidentiality clause. In general, Allscripts does not publicly disclose the terms, and in particular the payment terms, of its patent licenses or patent settlement agreements. To the best of my knowledge, the amount Allscripts has paid to Uniloc in the settlement has not been publicly disclosed.

            ii.     Among the harms to Allscripts, should its settlement payment to Uniloc be disclosed, would be the use of that information by other patent owners asking Allscripts to license other patents, even where the license with Uniloc is not relevant to the allegations of the other patent owners. Even if the Uniloc license terms were relevant, such disclosure would put Allscripts at a disadvantage in a negotiation because the other patent owner would not have to reciprocate by disclosing the terms of the licenses it has entered into.

            iii.     Allscripts goes to great measures to maintain and protect the secrecy of its financial information. The settlement amount Allscripts paid to Uniloc is a confidential business and financial term that, as with all financial records, Allscripts considers a trade secret. As a trade secret this information is entitled to the highest measure of privacy.

      b.     Avid Technology, Inc.: Attached hereto as Exhibit D is the Declaration of Dana Ruzicka, of Avid. This Declaration states, *inter alia*:

            i.     Avid considers the specific license terms it negotiates for third-party intellectual property licenses, including but not limited to the terms of the Settlement and License Agreement dated September 30, 2011 by and

among Uniloc USA, Inc., Uniloc (Singapore) Private Limited, Uniloc Luxembourg, S.A., and Avid Technology, Inc. (the "License Agreement"), to be confidential information of Avid.

ii.    Additionally, Avid considers the terms on which it resolves litigation-related matters to be its confidential information, including but not limited to the settlement and release terms set forth in the License Agreement.

c.    Cerner Health Services, Inc.:  Attached hereto as Exhibit E is the Declaration of Daniel P. Devers, of Cerner.  This Declaration states, *inter alia*:

i.    From Cerner's perspective, the amount Cerner paid Uniloc under the *Uniloc v. Cerner* settlement agreement should remain confidential given the potential commercial harm associated with public disclosure of those settlement details. Cerner routinely engages in patent licensing discussions, both in the course of litigation and outside of the litigation context. If the *Uniloc v. Cerner* settlement amount is publically disclosed, other patentees may leverage that information to their benefit—and to Cerner's detriment—in negotiating future licensing deals or patent settlements with Cerner.

d.    Envato PTY Ltd.:  Counsel for Envato informed me that "Envato has no objection to its identity and/or the date of the settlement agreement becoming confidential.  However, Envato does consider the amount of the payment to be confidential, and would like that specific information to remain out of the public record."

e.    Microsoft Corporation:  Attached hereto as Exhibit X is the Declaration of David E. Killough.  This Declaration states, *inter alia*:

i.    Each written settlement agreement between Uniloc entities and Microsoft includes a confidentiality clause prohibiting the parties from disclosing the terms of the agreement to others, except for in certain limited circumstances described in the confidentiality clause. In general, Microsoft does not publicly disclose the terms, and in particular the payment terms, of its patent license or patent settlement agreements. To the best of my recollection, the amount(s) Microsoft has paid to Uniloc in settlement of patent litigation has not been publicly disclosed.

ii.    Among the harms to Microsoft, should its settlement payment(s) to Uniloc be disclosed, would be the use of that information by other patent owners asking Microsoft to license other patents, even where the license with Uniloc is not relevant to the allegations of the other patent owners. Even if the Uniloc license terms were relevant, such disclosure would put Microsoft at a disadvantage in a negotiation because the other patent owner would not have to reciprocate by disclosing the terms of licenses it has entered into.

    f.    <u>NEC Corporation of America</u>: Attached hereto as Exhibit F is the Declaration of Shigeki Wada.  This Declaration states, *inter alia*:

        i.    The financial information (payment amount) taken from the Settlement, Release and Patent License Agreement between Uniloc and NEC, dated March 13, 2017, described in Uniloc's confidential document provided through Apple as an Exhibit in the *Uniloc USA, Inc., et al. v. Apple Inc.* litigation (Case Nos. 3:18-cv-360-WHA, -363 WHA, -365 WHA and -572 WHA) in the Northern District of California, is confidential and proprietary information of NEC, and sensitive business information that would cause harm to NEC's business if disclosed to its competitors.

    g.    <u>Symantec Corporation</u>:  Counsel for Symantec wrote to inform me that it considers the amount it paid for its license to be confidential.

    h.    <u>Valve Corporation</u>: A representative of Valve wrote to inform me that Valve supports the effort to keep the agreement confidential, and that in particular it would prefer for the amount to remain confidential.

9.    The majority of the third-party licensees who responded indicated that they view all of the information disclosed about them in the Uniloc document as confidential, financial and business information, the disclosure of which would cause them competitive harm.  These entities asked that Uniloc make every effort to maintain the confidentiality of all of this information:

    a.    ██████   Counsel for ██████informed me that it views all of the disclosed information about it as proprietary and confidential, the disclosure of which would harm its ability to compete, and so it would prefer for all information about it to remain under seal.

    b.    ██████:  Attached hereto as Exhibit G is the Declaration of ██████ ██████.  This Declaration states, *inter alia*:

        i.    The Agreement contains information regarding how ██████conducts its business in the course of patent litigation. Public disclose of this information, including in particular ██████identity and the payment made for the license, would be damaging to ██████ financial interests.  As such, ██████considers this information a trade secret and does not want it disclosed. ██████have great respect for Judge Alsup whose name is known even on this side of ██████for his  wisdom in IP cases and we understand that our concerns are a small part of a much wider picture,  but our concerns are these. ██████are a small ██████company which represents ██████ and which has a long track record of doing good works with our limited profits. We have donated over $6 million to charitable causes, including DNA and cancer research and have  pledged to give 10% of our ongoing

5

operating profit to charity. We agreed to settle this case and enter this Agreement not because of its merits but because of the high cost of defense and the risk of a trial to our small company. Further legal attacks of this sort are an existential threat to our business and we do not wish to become the target of other Non-practicing entities. We believe that publicising our name and the settlement amount make that more likely to happen and when we agreed to a settlement the confidentiality was vital to us and should be honored. We would not have entered the Agreement without this and are disappointed that our details have been released in advertently in this way. We therefore respectfully request that our name and the settlement amount be kept sealed if possible.

c. ████████████████: Counsel for ████████████ wrote to me to inform me that ████ "does not consent to any public disclosure of the confidential terms of the Agreement. I further confirm that ████ considers the amount paid under the Agreement to be highly confidential, competitively sensitive information. We therefore request you ensure that at least the amount paid remains under seal or redacted."

d. ████████████████ Counsel for ████████████ informed me that it views all of the disclosed information about it as proprietary and confidential, the disclosure of which would harm its ability to compete, and so it would prefer for all information about it to remain under seal.

e. ████████████ Counsel for ████████ informed wrote to me to inform me that "████████ wants all of its information kept secret and, at a minimum, the settlement amount with Uniloc."

f. ████████████████: Counsel for ████████████ wrote to inform me that "Our client is of the view that the Court should not cause the disclosure of any information about its identity or the license amount."

g. ████████████████: Attached hereto as Exhibit H is the Declaration of ████████████████. This Declaration states, *inter alia*:

i. The details in the Uniloc document disclose ████████ name, the date of its license agreement with Uniloc and the amount paid. Under the terms of the license agreement, ████ ████████████ and Uniloc agreed that all material terms of the agreement would be kept confidential. Disclosing this financial and business information would cause ████ competitive harm and introduce risk relating to the security of our software products. For example, disclosure of the amount paid would create difficulties for ████████████ in future license negotiations with third parties. Disclosure of ████████████ name as a Uniloc licensee would indicate to other persons or entities that ████████████ internal intellectual property protection schemes use published, Uniloc related technology, designs or algorithms thereby

making the unauthorized decoding, reverse engineering or hacking of ██████████ protection schemes more vulnerable.

h. ██████████: Counsel for ██████████ informed me that it views all of the disclosed information about it as proprietary and confidential, the disclosure of which would harm its ability to compete, and so it would prefer for all information about it to remain under seal.

i. ██████████ Counsel for ██████████ wrote to me to inform me that ████ does "not want any of the terms of their agreement with Uniloc to be publicly disclosed, including the settlement amount.   They negotiated the confidentiality term in the agreement to provide for no public disclosure, and considered and still consider that as a material term to the settlement.   Absent the agreement to confidentiality, they would not have agreed to the settlement.  They believe the public disclosure will cause them competitive harm because, at the least, it might encourage other patent holders to bring claims against them in the hope of obtaining similar settlements, regardless of the merit to the claim.  We ask that you convey their position to the court and take all reasonable steps to prevent that disclosure."

j. ██████████ Counsel for ██████████ informed me that it views all of the disclosed information about it as proprietary and confidential, the disclosure of which would harm its ability to compete, and so it would prefer for all information about it to remain under seal.  Counsel further emphasized that, in all events, ████ believes the amount paid for the license should remain under seal.

k. ██████████: Counsel for ██████████ wrote to inform me that it views all of the disclosed information about it as proprietary and confidential.

l. ██████████: A representative of ████ wrote to inform me that "Our company has controlled the information regarding the license agreement as a trade secret. [¶] We want to remain our company identity, the date of the license, and the amount paid for the license confidential, pursuant to the confidentiality of the license agreement."  Counsel for ████ also wrote to inform me: "Please note that ████ very much objects to its name being disclosed.  Redacting only the amount paid is not sufficient to ████  The fact that ████ is a licensee is not publicly known and keeping that confidential was a critical aspect of agreeing to the license agreement.  Uniloc dismissed its lawsuit with prejudice without mentioning the settlement agreement.  That was something bargained-for between the parties and is critical to ████"

i. A representative of ████ also provided a Third Party Declaration in Support of Uniloc's Motion for Reconsideration of Apple's Administrative Motion to Seal, stating that disclosure of its confidential business information would cause it competitive harm.

Attached hereto as Exhibit I is the ███ declaration.  The declaration states that the confidentiality of the existence and terms of the license agreement, including the identity of ███ was specifically negotiated for and public disclosure would deprive them of its bargained-for benefit.  Third-Party Decl., at ¶ 9.  The declaration also states that ███ will suffer irreparable competitive harm if its identity and the existence and terms of the license become publicly known because a competitor or potential licensee or licensor would use the confidential information to undercut or disadvantage the third party in future negotiations.  *Id.* at ¶ 14.  The declaration further states that public disclosure of the license and their identity would encourage other non-practicing entities to seek nuisance licenses.  *Id.*

m.     ███: A representative of ███ wrote to me to inform me that "We would oppose any information to be published."

n.     ███: Attached hereto as Exhibit J is the Declaration of ███. This Declaration states, *inter alia*:

    i.     The Agreement contains information regarding how ███ conducts its business in the course of patent litigation. Public disclose of this information, including in particular the payment made for the license as well as the identity of ███, would be damaging to ███ financial interest, and ███ believes the public disclosure would impact future litigation.

o.     ███: Attached hereto as Exhibit K is the Declaration of ███. This Declaration states, *inter alia*:

    i.     ███ considers all of the information disclosed in the Uniloc document about ███ to be confidential financial and business information.  Disclosing this information would cause ███ competitive harm.

    ii.     For example, disclosure of our name would indicate to other entities that ███ had paid to purchase a license from Uniloc.

    iii.     Disclosure of the amount paid, in particular, would put ███ at a competitive disadvantage.  For example, it would cause information disparity that could harm ███ in future license negotiations.

p.     ███: A representative of ███ informed me that it objected to the disclosure of information about it and the agreement with Uniloc into which it had entered.

q.     ███: Counsel for ███ informed me that it would prefer that all of the information about it remain confidential.

r. ████████████: Attached hereto as Exhibit L is a letter from ████████████. This Declaration states, *inter alia*:

    i. ████ strongly prefers that the information remains confidential

s. ████████: Counsel for ████████ informed me that it is ████████ "strong preference and expectation that the settlement & license agreement between Uniloc and ████████ and its existence remain confidential (in its entirety) and out of the public record. We are especially concerned about maintaining the confidentiality of the settlement & license fee. A significant factor driving our assessment when entering such agreements is the expectation that such arrangements would be confidential and not made public."

t. ████████████ A representative of ████████ wrote to inform me that they request that "the settlement amount should be redacted; and additionally request that reference to ████████████ be redacted (as our identification does not appear relevant to this dispute, i.e., the ownership of the patent rights enforced)."

u. ████████████: Attached hereto as Exhibit M is the Declaration of ████████████. This Declaration states, *inter alia*:

    i. Based on what I have been told about the Uniloc Document, the Uniloc Document contains information not publicly available. Specifically, ████████ is a privately held company and the Uniloc Document contains sensitive, confidential, proprietary information related to financial data and licensing terms, the disclosure of which would cause ████████ competitive harm. For example, disclosure of the amount paid under the Uniloc Document would create difficulties for ████████ in future license negotiations. In addition, even being identified as a party to the Uniloc Document may result in ████████ being a target of future patent litigation.

v. ████████████████████ A representative of ████████████ wrote to inform me that "████████ position is that information contained in the Agreement may only be disclosed in the course of a litigation under the Attorney's Eyes Only ('AEO') designation, consistent with Sect 9.3 [of the Agreement]. Absent the AEO designation and related protection being applied to the Agreement in the context of the Uniloc v. Apple litigation, ████ does not agree to the disclosure of either its name or the amount paid pursuant to the Agreement."

w. ████████: Attached hereto as Exhibit N is the Declaration of ████████████████. This Declaration states, *inter alia*:

    i. ████████ considers each of: 1) the identity of ████████ as a licensee of certain Uniloc patents; 2) the date of the Confidential License; and 3) the amount paid by ████████ to Uniloc under the terms of the Confidential License confidential financial and business information,

the disclosure of which would cause ██████competitive harm.  For example, ██████believes the disclosure of the above-identified pieces of information would cause ██████competitive and financial harm by making it a target in future patent litigation campaigns by non-practicing entities.  Additionally, ██████believes the disclosure of the amount paid by ██████to Uniloc under the terms of the Confidential License would both disadvantage and create difficulties for ██████in future patent license negotiations.  For at least these reasons, ██████believes each of the above-identified pieces of information qualifies for protection under Federal Rule of Civil Procedure 26(c) because the disclosure of this extremely sensitive information would create a substantial risk of serious harm to ██████

10.    Information about Uniloc's license agreements with third parties—including, in particular, the amounts paid by those licensees and their identities—is among the most confidential information about Uniloc.  Disclosure of this information would create a significant, unavoidable and potentially insurmountable information disparity between Uniloc and future licenses.  As such, its disclosure would cause Uniloc significant competitive harm.

11.    Attached hereto as Exhibit O is a redacted version of the Revenue Sharing and Note and Warrant Purchase Agreement Between Uniloc Fortress.  This document includes seventeen words or phrases that Uniloc proposes to redact, each of which is a single dollar figure, percentage or multiplier, or the name of a non-party.  This information is highly confidential and sensitive financial information of Uniloc and Fortress, the disclosure of which would prove to be a competitive harm to them.  The dollar figures, percentages and multipliers are business terms that were negotiated between them.  Knowledge of these dollar figures, percentages and multipliers would cause them competitive harm in negotiations with third parties as to similar transactions.  In particular, the redactions are:

    a.    Page Uniloc_Apple_2017_18265: Whereas clauses.  Loan terms and payments.

    b.    Page Uniloc_Apple_2017_18267:  Assorted definitions.  Loan terms, fees and payments.

12.    Attached hereto as Exhibit P is a redacted version of excerpts of the deposition transcript of Erez Levy.  Mr. Levy is an employee of Fortress.  During his deposition, he testified about non-party entities, as well as financial terms relating to the agreements between Uniloc and

Fortress.  Uniloc and Fortress propose to redact just the names of non-parties and financial terms. This information is highly confidential and sensitive financial information of Uniloc, Fortress and non-parties, the disclosure of which would prove to be a competitive harm to them.  The financial terms are business terms that were negotiated between them.  Knowledge of these terms would cause them competitive harm in negotiations with third parties as to similar transactions.  In particular, the redactions are:

      a.      73:20, 23, 25:  References to third-party entities.

      b.      74:3, 6, 10-11, 16, 20, 23: References to third-party entities.

      c.      75:1, 7: References to third-party entities.

      d.      77:13, 15, 19:  Defines minimum actual monetization revenues.

      e.      78:24:  Defines minimum actual monetization revenues.

      f.      79:7:  Minimum actual monetization revenues.

      g.      79:10:  Minimum actual monetization revenues.

      h.      79:16:  Minimum actual monetization revenues.

      i.      80:6, 10, 14, 20:  Minimum actual monetization revenues.

13.      Attached hereto as Exhibit Q is a redacted version of excerpts of the deposition transcript of Drake Turner.  Mr. Turner is an employee of Uniloc.  During his deposition, he testified about non-party entities, as well as financial terms relating to the agreements between Uniloc and Fortress.  Uniloc and Fortress propose to redact just the names of non-parties and financial terms.  This information is highly confidential and sensitive financial information of Uniloc, Fortress and non-parties, the disclosure of which would prove to be a competitive harm to them.  The financial terms are business terms that were negotiated between them.  Knowledge of these terms would cause them competitive harm in negotiations with third parties as to similar transactions.  In particular, the redactions are:

      a.      23:14:  Reference to third-party entities.

      b.      24:5, 14:  Reference to third-party entities.

      c.      25:7:  Reference to third-party entities.

    d.     26:5:  Reference to third-party entities.

    e.     27:1-2:  Loan amount.

    f.     32:20:  Reference to third-party entities.

    g.     66:5, 10:  Licensing and income amount.

    h.     67:13:  Licensing and income amount.

    i.     68:6:  Licensing and income amount.

14.    Attached hereto as Exhibit R is a redacted version of Uniloc Luxembourg, S.A. and Uniloc USA, Inc.'s Disclosure Schedules.  This document discloses Uniloc Luxembourg's income and related monetary numbers over several years.  The disclosure of these financial records could cause competitive harm to Uniloc.  For example, knowledge of Uniloc's financial state would cause information asymmetry in future negotiations with third parties.

15.    Attached hereto as Exhibit S is a redacted version of the License Agreement between Uniloc 2017 LLC and Uniloc Licensing USA.  This document includes information regarding a confidential, proprietary software platform that is not mentioned anywhere in Apple's motion, the disclosure of which would be a competitive harm for Uniloc.  In particular, the redactions are:

    a.     Uniloc_Apple_2017_17757 (.pdf file page 2): Definition:  Definition of confidential and proprietary Uniloc 2017 software platform.

    b.     Uniloc_Apple_2017_17758 (.pdf file page 3):  Reference to confidential and proprietary information regarding Uniloc 2017 software platform.

16.    Attached hereto as Exhibit T is a true and correct copy of the Note Purchase and Security Agreement between Uniloc 2017 LLC and CF Uniloc Holdings LLC.  In particular, the redactions only proposed redaction is on Uniloc_Apple_2017_16852 (.pdf file page 2): Whereas clause: aggregate principal amount paid for note purchase.  This information is highly confidential and sensitive financial information of Uniloc.  Knowledge of the amount paid would cause them competitive harm in negotiations with third parties as to similar transactions.

17.    Attached hereto as Exhibit U is a redacted version of Apple Reply in Support of Motion to Dismiss.  Uniloc proposes to redact just nine phrases, each between one to four words long.  Each such phrase includes highly confidential and sensitive financial information, the

1  disclosure of which would prove to be a competitive harm to Uniloc and/or Fortress.  For example,

2  it would cause information asymmetry between Uniloc and potential licensees.  It would also

3  disclose information regarding Uniloc's confidential loans and Fortress's business practices.  In

4  particular, the redactions are:

a.   1:8:  Financial terms relating to minimum income required by Uniloc to
     avoid default.

b.   1:9-10:  Financial terms relating to minimum income required by Uniloc to
     avoid default.

c.   9:3:  Financial terms relating to minimum income required by Uniloc to
     avoid default.

d.   10:15-17:  Confidential settlement and licensing amounts.

e.   10:24-25:  Confidential settlement and licensing amounts.

18.   Attached hereto as Exhibit V is a redacted version of the Declaration of Doug

Winnard in Support of Defendant Apple Inc.'s Reply.  This attorney declaration included, at 2:8, a

calculation of Uniloc's licensing revenue through December 31, 2014.  This is highly confidential

and sensitive financial information, the disclosure of which would prove to be a competitive harm

for Uniloc.  For example, it would cause information asymmetry between Uniloc and potential

licensees.

19.   Attached hereto as Exhibit W is a sealed copy of excerpts of the Settlement and

License Agreement between Microsoft Corporation and Uniloc.  The complete document includes a

confidentiality provision that precludes disclosure of the agreement.  I contacted Microsoft to

discern Microsoft's preferences with respect to the pages on the record.  Microsoft responded that it

did not want any of the agreement disclosed, including in particular these pages as they disclose the

specific financial terms of an agreement between Microsoft and Uniloc.  Indeed, Microsoft's

Assistant General Counsel, David E. Killough, signed a declaration to this effect.

20.   Attached hereto as Exhibit X is the Declaration of David E. Killough.

21.   Uniloc agrees with Microsoft:  This information is highly confidential and sensitive

financial information, the disclosure of which would prove to be a competitive harm for Microsoft

and Uniloc.  For example, it would cause information asymmetry between Uniloc and Microsoft on

1   the one hand, and potential licensees or licensors on the other hand.  As such, Uniloc and Microsoft

2   propose that it remain sealed in its entirety.

3        22.     Attached hereto as Exhibit Y is a sealed copy of the Heads of Agreement between

4   Fortress Credit Corp. and Craig S. Etchegoyen.  The document defines Mr. Etchegoyen's

5   employment and obligations.  It is therefore private as to him.

6        23.     I reached out to counsel for Hewlett-Packard Enterprises ("HPE"), which entity

7   assigned the patents-in-suit to Uniloc, about the Patent Sale Agreement.  Apple had submitted

8   excerpts of the Patent Sale Agreement as Dkt. No. 135-12.  Although not included amongst the

9   excerpts submitted by Apple, the Patent Sale Agreement does include a confidentiality provision.

10  However, upon reconsideration, counsel for HPE and Uniloc agreed that the excerpts may be placed

11  on the record.

12

13       I declare under penalty of perjury under the laws of the United States that the foregoing is

14  true and correct.

15       Executed on February 15, 2019.

16                               */s/ Aaron S. Jacobs*

17                               Aaron S. Jacobs

18

19

20

21

22

23

24

25

26

27

28